1 | WILLIAM L. STERN (CA SBN 96105)
WStern@mofo.com
2 | MORRISON & FOERSTER LLP
425 Market Street
3 | San Francisco, California 94105
Telephone: 415.268.7000
4 |
ERIN M. BOSMAN (CA SBN 204987)
5 | EBosman@mofo.com
JULIE Y. PARK (CA SBN 259929)
6 | JuliePark@mofo.com
KAI S. BARTOLOMEO (CA SB 264033)
7 | KBartolomeo@mofo.com
MORRISON & FOERSTER LLP
8 | 12531 High Bluff Drive
San Diego, California 92130-2040
9 | Telephone: 858.720.5100
Facsimile: 858.720.5125
10 |
Attorneys for Defendant
11 | FITBIT, INC.

12           UNITED STATES DISTRICT COURT

13           NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATE MCLELLAN, TERESA BLACK, DAVID URBAN, ROB DUNN, RACHEL SAITO, TODD RUBINSTEIN, RHONDA CALLAN, JAMES SCHORR, and BRUCE MORGAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FITBIT, INC.,<br><br>Defendant. | Case No. 16-cv-00036-JD<br><br>**DEFENDANT FITBIT, INC.'S BRIEF ON THE APPLICATION OF *BRENNAN v. OPUS BANK* AND "NEXT STEPS"**<br><br>Date: To be decided<br>Time: To be decided<br>Ctrm: 11, 19th Floor<br><br>The Honorable James Donato |
| JUDITH LANDERS, LISA MARIE BURKE, and JOHN MOLENSTRA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FITBIT, INC.,<br><br>Defendant. | Case No. 16-cv-00777-JD |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. RELEVANT FACTS ..................................................................................................... 1

    A. The Court May Assume Three Facts. ................................................................ 1

    B. The Relevant Provisions of the Arbitration Clause............................................ 1

    C. The AAA Rules.................................................................................................. 2

III. ARGUMENT ................................................................................................................. 3

    A. Issue #1: Brennan Requires that an Arbitrator, and Not this Court, Decide the Threshold Issues of Arbitrability................................................................. 3

    B. Issue #2: Fitbit's Position on "Next Steps."...................................................... 5

        1. Overview of Phase I Outcomes................................................................ 5

        2. The Claims of All Plaintiffs Should Be Stayed Pending the Arbitrator's (or the Court's) Decision on Arbitrability.............................. 6

IV. CONCLUSION ............................................................................................................... 8

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Accentcare, Inc. v. Jacobs*,
  No. C 15-03668 JSW, 2015 WL 6847909 (N.D. Cal. Nov. 9, 2015) ....................................... 5

*Baysand Inc. v. Toshiba Corp.*,
  Case No. 15-cv-02425-BLF, 2015 WL 7293651 (N.D. Cal. Nov. 19, 2015) ........................... 4

*Brennan v. Opus Bank*,
  796 F.3d 1125 (9th Cir. 2015) ...................................................................................... passim

*Dream Theater, Inc. v. Dream Theater*,
  124 Cal. App. 4th 547 (2004) ................................................................................................ 3

*Fruth v. AGCS Marine Ins. Co.*,
  No. 3:15-cv-03311-JD, ECF No. 48 (N.D. Cal. Mar. 31, 2016) .................................. 3, 4, 5, 8

*Galen v. Redfin Corp.*,
  Case Nos. 14-cv-05229-TEH, 14-cv-05234-TEH, 2015 WL 7734137 (N.D. Cal. Dec.
  1, 2015) ................................................................................................................................ 4

*Greenspan v. LADT, LLC*,
  185 Cal. App. 4th 1413 (2010) .............................................................................................. 3

*Hill v. GE Power Sys., Inc.*,
  282 F.3d 343 (5th Cir. 2002) ............................................................................................. 7, 8

*In re: Lithium Ion Batteries Antitrust Litig.*,
  No. 13-MD-2420 YGR, 2015 WL 8293728 (N.D. Cal. Dec. 9, 2015) .................................... 4

*Interdigital Tech. Corp. v. Pegatron Corp.*,
  Case No. 15-CV-02584-LHK, 2016 WL 234433 (N.D. Cal. Jan. 20, 2016) ........................... 4

*Khraibut v. Chahal*,
  No. C15-04463 CRB, 2016 WL 1070662 (N.D. Cal. Mar. 18, 2016) .................................... 4

*Kroll v. Doctor's Assocs., Inc.*,
  3 F.3d 1167 (7th Cir. 1993) .................................................................................................. 7

*Lake Commc'ns, Inc. v. ICC Corp.*,
  738 F.2d 1473 (9th Cir. 1984) .............................................................................................. 7

*Lewis v. UBS Fin. Servs., Inc.*,
  818 F. Supp. 2d 1161 (N.D. Cal. 2011) ................................................................................ 8

DEFENDANT FITBIT'S BRIEF RE *BRENNAN V. OPUS BANK* AND "NEXT STEPS"
Case Nos. 3:15-cv-2077-JD; 16-cv-00036-JD; 16-cv-00777-JD
sd-685288

ii

*Leyva v. Certified Grocers of Cal., Ltd.*,
   593 F.2d 857 (9th Cir. 1979) .................................................................................................. 7

*Mediterranean Enters., Inc. v. Ssangyong Corp.*,
   708 F.2d 1458 (9th Cir. 1983) ................................................................................................ 7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*,
   460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) ..................................................... 6, 7, 8

*Oracle Am., Inc. v. Myriad Grp., A.G.*,
   724 F.3d 1069 (9th Cir. 2013) ................................................................................................ 3

*Rodriguez v. Am. Techs., Inc.*,
   136 Cal. App. 4th 1110 (2006) .............................................................................................. 3

*Roszak v. U.S. Foodservice, Inc.*,
   628 F. App'x 513 (9th Cir. Jan. 6, 2016) ............................................................................... 3

*Shierkatz RLLP v. Square, Inc.*,
   Case No. 15-cv-02202-JST, 2015 WL 9258082 (N.D. Cal. Dec. 17, 2015) ........................... 4

*Stacy v. H&R Block Tax Services, Inc.*,
   No. 07-13327, 2008 WL 321300 (E.D. Mich. Feb. 4, 2008) ................................................. 8

*United States v. Neumann Caribbean Int'l., Ltd.*,
   750 F.2d 1422 (9th Cir. 1985) ................................................................................................ 7

*Zelkind v. Flywheel Networks, Inc.*,
   Case No. 15-cv-03375-WHO, 2015 WL 9994623 (N.D. Cal. Oct. 16, 2015) ........................ 5

**STATUTES**

9 U.S.C. § 3 ................................................................................................................... 1, 6, 7, 8

9 U.S.C. § 16 ........................................................................................................................ 5, 6

DEFENDANT FITBIT'S BRIEF RE *BRENNAN V. OPUS BANK* AND "NEXT STEPS"
Case Nos. 3:15-cv-2077-JD; 16-cv-00036-JD; 16-cv-00777-JD
sd-685288

iii

The Court ordered the arbitration issues bifurcated. Phase I will address "Who decides?" At the August 3, 2016 case management conference, the Court asked the parties to discuss (i) the applicability of *Brennan v. Opus Bank*, 796 F.3d 1125 (9th Cir. 2015); (ii) the claims of Plaintiff Robert Dunn, who opted out of arbitration; and (iii) what happens next depending on how the Court rules on Phase I.[1]

## I. INTRODUCTION

*Brennan* controls: The arbitrator decides arbitrability. This is not even a close question. As *Brennan* holds, the "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." 796 F.3d at 1130. Here, Fitbit's arbitration clause calls for application of the rules of the American Arbitration Association ("AAA"). Recently, this Court applied *Brennan* to an arbitration clause indistinguishable from Fitbit's. And later, in denying that plaintiff's motion for reconsideration, the Court described this as a "straightforward application of *Brennan*." The same is true here.

## II. RELEVANT FACTS

### A. The Court May Assume Three Facts.

For purposes of Phase I, the Court may assume that: (i) Fitbit seeks to enforce arbitration as to all named Plaintiffs except Mr. Dunn;[2] (ii) Mr. Dunn opted out of arbitration; and (iii) the language of Fitbit's "Dispute Resolution" clause is correctly set forth in Exhibit A.[3]

### B. The Relevant Provisions of the Arbitration Clause.

Fitbit's arbitration clause contains two relevant provisions. First, there is the "Scope Clause":

> - You agree that ***any dispute*** between you and Fitbit arising out of or relating to these Terms of Service, the Fitbit Service, or any other

---

[1] If the Court decides that *Brennan* does not apply, Phase II would deal with formation, validity, and enforceability of Fitbit's arbitration clause.

[2] If the Court (and not the arbitrator) were to preside over Phase II, Fitbit would file a motion to stay Mr. Dunn's claims under 9 U.S.C. § 3, as discussed in Part III.B.2, below.

[3] The clause is part of the Terms of Service, the current version of which can be found at https://www.fitbit.com/legal/terms-of-service.

DEFENDANT FITBIT'S BRIEF RE *BRENNAN v. OPUS BANK* AND "NEXT STEPS"
Case Nos. 3:15-cv-2077-JD; 16-cv-00036-JD; 16-cv-00777-JD
sd-685288

1

Fitbit products or services (collectively, "Disputes") will be governed by the arbitration procedure outlined below.

- We Both Agree To Arbitrate: You and Fitbit agree to resolve ***any Disputes*** through final and binding arbitration, except as set forth under Exceptions to Agreement to Arbitrate below.

Second, there is the "Delegation Clause":

- Arbitration Procedures: The American Arbitration Association (AAA) will administer the arbitration under its Commercial Arbitration Rules and the Supplementary Procedures for Consumer Related Disputes.

### C.     The AAA Rules.

The AAA's "Commercial Arbitration Rules" address the arbitrator's authority to decide threshold questions.  In particular, Commercial Rule R-7 provides, in relevant part:

> ***The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim.***
>
> ***The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part***. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract.  A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.[4]

The AAA has special rules for consumer disputes.  (*See* AAA, Supplementary Procedures for Consumer-Related Disputes.)[5]  However, they do not affect the Phase I issue of "Who decides?"

---

[4] Commercial Arbitration Rules and Mediation Procedures ("AAA Commercial Rules"), https://www.adr.org/aaa/ShowProperty?nodeId=/UCM/ADRSTG_004103&revision=latestreleased (emphasis added).

[5] Available at https://www.adr.org/cs/idcplg?IdcService=GET_FILE&dDocName=ADRSTAGE2009997&RevisionSelectionMethod=LatestReleased.

DEFENDANT FITBIT'S BRIEF RE *BRENNAN v. OPUS BANK* AND "NEXT STEPS"
Case Nos. 3:15-cv-2077-JD; 16-cv-00036-JD; 16-cv-00777-JD
sd-685288

2

### III. ARGUMENT

#### A. Issue #1: *Brennan* Requires that an Arbitrator, and Not this Court, Decide the Threshold Issues of Arbitrability.

In *Brennan*, the Ninth Circuit was faced with the same "Who decides?" question. There, as here, the parties agreed to incorporate AAA rules. The answer: "[W]e hold that incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Brennan*, 796 F.3d at 1130. Under *Brennan*, the arbitrability of Plaintiffs' claims in this case must be decided by an arbitrator.

The Ninth Circuit is not alone. It cited seven other Courts of Appeals—the First, Second, Fifth, Eighth, Eleventh, District of Columbia, and Federal—all holding "that incorporation of the AAA rules constitutes clear and unmistakable evidence of the parties' intent" to "arbitrate arbitrability." *Brennan*, 796 F.3d at 1130-31 (citing cases); *see also Oracle Am., Inc. v. Myriad Grp., A.G.*, 724 F.3d 1069, 1072, 1074-75 (9th Cir. 2013); *Roszak v. U.S. Foodservice, Inc.*, 628 F. App'x 513, 513 (9th Cir. Jan. 6, 2016) ("[T]he parties incorporated the [AAA] rules into their agreement and therefore agreed to arbitrate the question of arbitrability.").

California law is to the same effect. By incorporating AAA rules, "the parties clearly evidenced their intention to accord the arbitrator the authority to determine issues of arbitrability." *Rodriguez v. Am. Techs., Inc.*, 136 Cal. App. 4th 1110, 1123 (2006); *accord Dream Theater, Inc. v. Dream Theater*, 124 Cal. App. 4th 547, 557 (2004) (incorporation of AAA rules deemed "clear and unmistakable evidence of the intent that the arbitrator will decide whether a Contested Claim is arbitrable"); *Greenspan v. LADT, LLC*, 185 Cal. App. 4th 1413, 1442 (2010) ("Thus, 'when . . . parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator.'" (citations omitted)).

This Court has evaluated the question of who decides arbitrability in a case whose facts are indistinguishable from ours. It determined that the arbitrator, not the court, decides. In *Fruth v. AGCS Marine Ins. Co.*, No. 3:15-cv-03311-JD, ECF No. 48 (N.D. Cal. Mar. 31, 2016), plaintiff sued his insurance carrier after it declined to reimburse him for damages to his sailing yacht. *Id.*

DEFENDANT FITBIT'S BRIEF RE *BRENNAN v. OPUS BANK* AND "NEXT STEPS"
Case Nos. 3:15-cv-2077-JD; 16-cv-00036-JD; 16-cv-00777-JD
sd-685288

3

1  at *1.  After reviewing the parties' supplemental briefs, the Court observed that the language is

2  "indistinguishable from the one found in *Brennan*, and so the same result follows here." *Id*. at *2,

3  *4.  It referred the case "to the AAA for determination of arbitrability and possible arbitration"

4  and stayed the action "pending resolution of arbitrability." *Id*. at *5.

5        Mr. Fruth didn't give up.  He asked the Court to certify the question for interlocutory

6  appeal or, in the alternative, for reconsideration.  The Court again said no, and characterized the

7  earlier order as "a straightforward application of *Brennan*."  Order Denying Certification of

8  Interlocutory Appeal, at *1, *Fruth, supra*, (N.D. Cal. Apr. 22, 2016), ECF No. 51.

9        Fitbit's Delegation Clause is indistinguishable in substance from the clauses at issue in

10  *Brennan* and *Fruth*.  Here they are, side by side:

| **The *Brennan* Clause** | **The *Fruth* Clause** | **The Fitbit Clause** |
|---|---|---|
| "… shall be settled by binding arbitration in accordance with the Rules of the American Arbitration Association." | "… shall be resolved exclusively by binding arbitration … to be conducted pursuant to the Rules of the American Arbitration Association." | "The American Arbitration Association (AAA) will administer the arbitration under its Commercial Arbitration Rules and the Supplementary Procedures for Consumer Related Disputes." |

17        Eight different judges in this District have reached the same conclusion in a wide variety

18  of contexts when faced with a similar arbitration clause calling for AAA rules.  *See, e.g.*,

19  *Khraibut v. Chahal*, No. C15-04463 CRB, 2016 WL 1070662, at *5 (N.D. Cal. Mar. 18, 2016)

20  (Breyer, J.) (employment case); *Interdigital Tech. Corp. v. Pegatron Corp.*, Case No. 15-CV-

21  02584-LHK, 2016 WL 234433, at *4-6 (N.D. Cal. Jan. 20, 2016) (Koh, J.) (licensing agreement);

22  *Shierkatz RLLP v. Square, Inc.*, Case No. 15-cv-02202-JST, 2015 WL 9258082, at *6 (N.D. Cal.

23  Dec. 17, 2015) (Tigar, J.) (Unruh Civil Rights Act/class action); *In re: Lithium Ion Batteries*

24  *Antitrust Litig.*, No. 13-MD-2420 YGR, 2015 WL 8293728, at *2 (N.D. Cal. Dec. 9, 2015)

25  (Gonzalez Rogers, J.) (antitrust action); *Galen v. Redfin Corp.*, Case Nos. 14-cv-05229-TEH,

26  14-cv-05234-TEH, 2015 WL 7734137, at *6-7 (N.D. Cal. Dec. 1, 2015) (Henderson, J.)

27  (employment class action); *Baysand Inc. v. Toshiba Corp.*, Case No. 15-cv-02425-BLF, 2015 WL

28

DEFENDANT FITBIT'S BRIEF RE *BRENNAN V. OPUS BANK* AND "NEXT STEPS"
Case Nos. 3:15-cv-2077-JD; 16-cv-00036-JD; 16-cv-00777-JD
sd-685288

4

7293651, at *4 (N.D. Cal. Nov. 19, 2015) (Freeman, J.) (licensing agreement); *Accentcare, Inc. v. Jacobs*, No. C 15-03668 JSW, 2015 WL 6847909, at *3-4 (N.D. Cal. Nov. 9, 2015) (White, J.) (employment class action); *Zelkind v. Flywheel Networks, Inc.*, Case No. 15-cv-03375-WHO, 2015 WL 9994623, at *3 (N.D. Cal. Oct. 16, 2015) (Orrick, J.) (employment case).

Plaintiffs may contend that *Brennan* applies only to "sophisticated" parties. Not so. The Ninth Circuit noted that the "vast majority" of circuits that have applied the *Brennan* rule did so "without explicitly limiting that holding to sophisticated parties." *Brennan*, 796 F.3d at 1130-31. And in *Fruth*, this Court explained that the Ninth Circuit was "crystal clear" that *Brennan* should not be restricted in that manner. *Fruth*, *supra*, at *4.

Fitbit's "Delegation Clause" is clear. As in *Fruth*, the Court should refer the case "to the AAA for determination of arbitrability and possible arbitration" and stay the action "pending resolution of arbitrability."

### B. Issue #2: Fitbit's Position on "Next Steps."

The Court also asked the parties to set forth what would happen next, depending on how the Court rules on Phase I. (R.T. 20:9-18.)

#### 1. Overview of Phase I Outcomes.

On Phase I, the Court will decide if "arbitrability" is for the arbitrator to decide. There are two possible outcomes:

- ***Brennan* held applicable**. If the Court decides that *Brennan* applies, it should stay the entire case—including the claims of Mr. Dunn—at least until the arbitrator decides arbitrability.
  - **Clause enforceable → arbitration**. If the arbitrator decides that the arbitration clause is valid and enforceable, the parties would proceed to individual arbitration as to the eight named Plaintiffs.
    
    If this happens, Phase II would be limited to Fitbit's motion to stay Mr. Dunn's claims pending the outcome of arbitration.
  - **Clause unenforceable → appeal**. If the arbitrator decides the clause is not enforceable, Fitbit would file an appeal under 9 U.S.C. § 16, and would ask this Court to stay the entire case pending appeal.
- ***Brennan* held inapplicable**. If the Court decides *Brennan* is inapplicable, the parties would proceed to Phase II:
  - **Motion to compel arbitration/stay**. Fitbit would file its motion to (i) compel individual arbitrations of the claims of the named Plaintiffs who are subject to

DEFENDANT FITBIT'S BRIEF RE *BRENNAN v. OPUS BANK* AND "NEXT STEPS"
Case Nos. 3:15-cv-2077-JD; 16-cv-00036-JD; 16-cv-00777-JD
sd-685288

5

arbitration and (ii) stay the claims of Mr. Dunn pending the outcome of the individual arbitrations.

- o **Appeal**.  If the Court were to deny either request for relief, Fitbit would file its appeal under 9 U.S.C. § 16, and would ask the Court to stay the case pending appeal.

### 2. The Claims of All Plaintiffs Should Be Stayed Pending the Arbitrator's (or the Court's) Decision on Arbitrability.

Regardless of how Phase I proceeds, the Court should stay the claims of all Plaintiffs, including Mr. Dunn.  At a minimum, that stay should continue until there is a decision on Phase I.  This is compelled by the Federal Arbitration Act ("FAA").

The FAA specifically provides that courts involved with suits that are referable to arbitration "shall on application of one of the parties stay the trial *of the action* until such arbitration has been had in accordance with the terms of the agreement . . . ."  9 U.S.C. § 3 (emphasis added.)  As the United States Supreme Court has held, "[u]nder the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 20, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983).  Furthermore, once the arbitrable claims are referred to arbitration, "it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration."  *Id*. at 20 n.23.

The reason to stay even Mr. Dunn's claim is the FAA.  As *Moses H. Cone* recognizes, the FAA expresses an "arbitration first" rule:  Where a single case encompasses arbitrable and non-arbitrable claims, as here, the former proceed to arbitration while the latter get stayed.  Having the arbitrator decide common issues avoids inconsistent outcomes and informs the court's disposition of the non-arbitrable claims.

That the FAA contemplates stays of non-arbitrable claims is not remarkable.  In fact, courts stay claims of parties in Mr. Dunn's situation all the time.

*Moses H. Cone* was such a case.  There, a hospital had a dispute with two parties, one

DEFENDANT FITBIT'S BRIEF RE *BRENNAN v. OPUS BANK* AND "NEXT STEPS"
Case Nos. 3:15-cv-2077-JD; 16-cv-00036-JD; 16-cv-00777-JD
sd-685288

6

(against the contractor) arbitrable and the other (against the architect) not.  Plaintiff's claims against both were stayed pending resolution by the arbitrator.  460 U.S. at 20.  Likewise, in *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 (9th Cir. 1979), the district court was confronted with 35 plaintiffs who alleged both arbitrable and non-arbitrable claims.  It stayed both pending the outcome of the arbitration.  On appeal, the Ninth Circuit held that "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. . . .  In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it."  *Id.* at 863-64; *see also Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (affirming stay as to claims that were not subject to arbitration); *Lake Commc'ns, Inc. v. ICC Corp.*, 738 F.2d 1473, 1482-83 (9th Cir. 1984) (same, breach of contract claims would be arbitrated while non-arbitrable antitrust claims would be stayed) (overruled on other grounds as stated in *Martin v. Yasuda*, --- F.3d ----, No. 15-55696, 2016 WL 392438126, at *6 (9th Cir. Jul. 21, 2016)).

The Ninth Circuit has explained why this is so:  "Consideration of economy and efficiency."  *United States v. Neumann Caribbean Int'l., Ltd.*, 750 F.2d 1422, 1427 (9th Cir. 1985).  Thus, the non-arbitrable "third party claim . . . must await the final determination made in connection with the arbitration."  *Id.*

The FAA expresses a strong federal policy favoring arbitration.  In deciding whether to stay the claims of non-arbitrable claimants, courts should take into account whether proceeding with litigation might impair an arbitrator's consideration of the arbitrable claims.  *Hill v. GE Power Sys., Inc.*, 282 F.3d 343, 347 (5th Cir. 2002); *see also Kroll v. Doctor's Assocs., Inc.*, 3 F.3d 1167, 1171 (7th Cir. 1993).  Indeed, the primacy of the arbitrable claims means that in deciding whether to stay the non-arbitrable claims under Section 3, courts must give preference to preserving the arbitration rights of the signatory defendant over the non-signatories' interests in a speedy resolution.  *Hill*, 282 F.3d at 347 (stay warranted where lawsuit involving a non-signatory party depends upon the same facts as, and is inherently inseparable from, the arbitrable claims);

DEFENDANT FITBIT'S BRIEF RE *BRENNAN v. OPUS BANK* AND "NEXT STEPS"
Case Nos. 3:15-cv-2077-JD; 16-cv-00036-JD; 16-cv-00777-JD
sd-685288

7

*see also Lewis v. UBS Fin. Servs., Inc.*, 818 F. Supp. 2d 1161, 1165 (N.D. Cal. 2011).

Under the "arbitration first" rule of the FAA (as interpreted in *Moses H. Cone* and its progeny), a stay of the opt-out plaintiff's claims would be warranted. *See Hill*, 282 F.3d at 347. This is especially true where there are common issues of fact as between the signatory and the non-signatory parties. *See Stacy v. H&R Block Tax Services, Inc.*, No. 07-13327, 2008 WL 321300 *1 (E.D. Mich. Feb. 4, 2008) ("a temporary stay is also appropriate in instances where common questions of fact will likely arise among both parties who have signed an arbitration agreement and the other parties who have not.")

Here, the facts overlap completely. Mr. Dunn, the sole opt-out Plaintiff, asserts the same claims as all of the other named Plaintiffs. Under *Moses H. Cone*, his claims should be stayed.

All of this is premature, of course, because there is no motion to stay under 9 U.S.C. § 3 currently before the Court. For now, it is sufficient that this Court stay all claims at least until it decides Phase I. However, Plaintiffs have stated their intent to litigate their entire claims through Mr. Dunn if they have to, no matter what happens to the other Plaintiffs as regards arbitration. Fitbit opposes that and, if Plaintiffs persist in trying to accomplish a judicial resolution through Mr. Dunn, Fitbit will file a Section 3 motion to stay as part of Phase II.

**IV.     CONCLUSION**

As in *Brennan* and *Fruth*, Fitbit's indistinguishable Delegation Clause incorporates the AAA's rules. By their agreement, the parties have delegated all issues of arbitrability to an AAA arbitrator. The Court should refer the parties to the AAA to decide whether the arbitration clause is to be enforced and it should stay these proceedings pending resolution of that issue.

Dated: August 12, 2016                    MORRISON & FOERSTER LLP

By: /s/William L. Stern
William L. Stern

Attorneys for Defendant
FITBIT, INC.

DEFENDANT FITBIT'S BRIEF RE *BRENNAN v. OPUS BANK* AND "NEXT STEPS"
Case Nos. 3:15-cv-2077-JD; 16-cv-00036-JD; 16-cv-00777-JD
sd-685288

8