WILLIAM L. STERN (CA SBN 96105)
WStern@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: 415.268.7000

ERIN M. BOSMAN (CA SBN 204987)
EBosman@mofo.com
JULIE Y. PARK (CA SBN 259929)
JuliePark@mofo.com
KAI BARTOLOMEO (CA SBN 264033)
KBartolomeo@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125

Attorneys for Defendant
FITBIT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATE MCLELLAN, TERESA BLACK, DAVID URBAN, ROB DUNN, RACHEL SAITO, TODD RUBINSTEIN, RHONDA CALLAN, JAMES SCHORR, and BRUCE MORGAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FITBIT, INC.,<br><br>Defendant. | Case No. 16-cv-00036-JD<br><br>**DEFENDANT FITBIT, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STAY OR DISMISS [9 U.S.C. §§ 3, 4]**<br><br>Date: February 16, 2017<br>Time: 10:00 a.m.<br>Ctrm: 11, 19th Floor<br><br>The Honorable James Donato<br><br>Date Action Filed: May 8, 2015 |
| JUDITH LANDERS, LISA MARIE BURKE, and JOHN MOLENSTRA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FITBIT, INC.,<br><br>Defendant. | Case No. 16-cv-00777-JD |

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ................................................................................ 1

STATEMENT OF ISSUES TO BE DECIDED .................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 3

I. INTRODUCTION ..................................................................................................... 3

II. LEGAL STANDARD................................................................................................ 3

III. ARGUMENT ............................................................................................................. 4

    A. The "Gateway" Issues Are Fully Briefed.................................................... 4

    B. The Parties "Clearly and Unmistakably" Agreed That Arbitrability Must Be Decided By The Arbitrator. .................................................................... 4

    C. The Claims of Plaintiff Robb Dunn Should Be Stayed. ........................... 5

IV. CONCLUSION .......................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co.*,
 242 F.3d 777 (8th Cir. 2001) ................................................................................................... 7

*AT&T Mobility LLC v. Concepcion*,
 563 U.S. 333 (2011) ................................................................................................................ 3

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
 475 U.S. 643 (1986) ................................................................................................................ 3

*Brennan v. Opus Bank*,
 796 F.3d 1125 (9th Cir. 2015) ................................................................................................. 5

*Brickman v. Fitbit*,
 No. 3:15-cv-2077-JD ............................................................................................................... 3

*Buckeye Check Cashing, Inc. v. Cardegna*,
 546 U.S. 440 (2006) ................................................................................................................ 5

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
 207 F.3d 1126 (9th Cir. 2000) ................................................................................................. 4

*Comedy Club, Inc. v. Improv W. Assocs.*,
 553 F.3d 1277 (9th Cir. 2009) ................................................................................................. 4

*Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*,
 748 F.3d 249 (5th Cir. 2014) ................................................................................................... 5

*Franco v. Arakelian Enters., Inc.*,
 234 Cal. App. 4th 947 (2015) .................................................................................................. 8

*Green Tree Fin. Corp. v. Randolph*,
 531 U.S. 79 (2000) .................................................................................................................. 4

*Hill v. GE Power Sys., Inc.*,
 282 F.3d 343 (5th Cir. 2002) ................................................................................................... 6

*Howsam v. Dean Witter Reynolds, Inc.*,
 537 U.S. 79 (2002) .................................................................................................................. 4

*Iskanian v. CLS Transp. L.A., LLC*,
 59 Cal. 4th 348 (2014) ............................................................................................................. 8

*Kotam Elecs., Inc. v. JBL Consumer Prods. Inc.*,
 59 F.3d 1155 (11th Cir. 1995) ................................................................................................. 7

*Kroll v. Doctor's Assocs., Inc.*,
 3 F.3d 1167 (7th Cir. 1993) ..................................................................................................... 7

*Lake Commc'ns, Inc. v. ICC Corp.*,
  738 F.2d 1473 (9th Cir. 1984) ........................................................................................... 7

*Lewis v. UBS Fin. Servs., Inc.*,
  818 F. Supp. 2d 1161 (N.D. Cal. 2011) ............................................................................. 7

*Leyva v. Certified Grocers of Cal., Ltd.*,
  593 F.2d 857 (9th Cir. 1979) ............................................................................................. 7

*Mediterranean Enters., Inc. v. Ssangyong Corp.*,
  708 F.2d 1458 (9th Cir. 1983) ........................................................................................... 7

*Mohamed v. Uber Techs., Inc.*,
  Nos. 15-16178, 15-16181, et al.,
  --- F.3d ----, 2016 WL 7470557 (9th Cir. Dec. 21, 2016) ................................................. 8

*Mortensen v. Bresnan Commc'n, LLC*,
  722 F.3d 1151 (9th Cir. 2013) ........................................................................................... 5

*Morvant v. P.F. Chang's China Bistro, Inc.*,
  870 F. Supp. 2d 831 (N.D. Cal. 2012) ............................................................................... 8

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) .................................................................................................. 2, 5, 6, 7

*PacifiCare Health Sys., Inc. v. Book*,
  538 U.S. 401 (2003) .......................................................................................................... 4

*Rent-A-Center, W., Inc. v. Jackson*,
  561 U.S. 63 (2010) ......................................................................................................... 4, 5

*Stacy v. H&R Block Tax Servs., Inc.*,
  No. 07-13327, 2008 WL 321300 (E.D. Mich. Feb. 4, 2008) ............................................ 6

*United States v. Neumann Caribbean Int'l, Ltd.*,
  750 F.2d 1422 (9th Cir. 1985) ........................................................................................... 7

**Statutes**

9 U.S.C. § 3 ............................................................................................................................ *passim*

9 U.S.C. § 4 ................................................................................................................... 1, 3, 4, 9

Private Attorneys General Act, California Labor Code section 2698 *et seq.* .......................... 8

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on February 16, 2017 at 10:00 a.m. or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, Defendant Fitbit, Inc. ("Fitbit") will, and hereby does, move the Court pursuant to 9 U.S.C. § 4 for an order to compel arbitration and pursuant to 9 U.S.C. § 3 to dismiss or stay the claims of Plaintiffs Kate McLellan, Teresa Black, David Urban, Rachel Saito, Todd Rubinstein, Rhonda Callan, James Schorr, Bruce Morgan, Amber Jones, Judith Landers, Lisa Marie Burke, and John Molenstra.  In addition, Fitbit hereby moves to stay the claims of Plaintiff Robb Dunn, pursuant to 9 U.S.C. § 3 and the rule of *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983).

Defendant's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declarations of Jay Kershner and William L. Stern (Dkt. Nos. 87-1 through 87-12), the prior briefing set forth in Dkt. Nos. 57, 62, 64, 87, all exhibits thereto, all documents in the Court's file, any matters of which this Court may take judicial notice, and on such other written and oral argument as may be presented to the Court.

Dated:  January 9, 2017          MORRISON & FOERSTER LLP


                                 By: s/ William L. Stern
                                     William L. Stern

                                     Attorneys for Defendant
                                     FITBIT, INC.

# **STATEMENT OF ISSUES TO BE DECIDED**

This motion raises the following issues:

1. Whether, considering all related prior briefing, which Fitbit incorporates herein by reference, Fitbit has shown that: (1) there is a valid agreement to arbitrate between the parties; and (2) the agreement covers the dispute.

2. Whether, considering all related prior briefing, which Fitbit incorporates herein by reference, the parties clearly and unmistakably delegated threshold issues of arbitrability to the arbitrator, given the clear language of the Terms of Service.

3. Whether all claims in this case, including the claims of the sole opt-out Plaintiff, Robb Dunn, should be stayed under 9 U.S.C. § 3 pending the outcome of the individual arbitrations, given the policies favoring arbitration, the interest in avoiding inconsistent outcomes, and all other efficiencies to be gained by allowing the arbitrator to decide overlapping claims and issues.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By the time this motion is heard, this case will be nearing its first anniversary. At the initial case management conference, Fitbit said it would file a motion to compel arbitration. (Dkt. No. 28.) But Plaintiffs objected, including a request to take arbitration-related discovery. The Court granted their request. Since then, the parties have spent the last year engaged in discovery, and briefing the "delegation" issue (i.e., whether arbitrability is for the Court to decide or the arbitrator). (*See* Dkt. Nos. 57, 60, 62.) Just when it seemed the Court was poised to rule, Plaintiffs raised still more defenses—this time, "contract formation"—so the Court deferred ruling on "delegation" while the parties briefed "contract formation." (*See* Dkt. Nos. 86, 87.)[1]

By contrast, in the related case, *Brickman v. Fitbit*, No. 3:15-cv-2077-JD ("*Brickman*"), the Court decided Fitbit's motion to compel arbitration six months after the Complaint was filed. *Brickman* involves the identical Terms of Service ("TOS"), the identical arbitration clause, and the identical "click-through" assent protocol as here. Plaintiffs' delay has gone on long enough and the arbitration issue should be decided.

For all the foregoing reasons, the Court should reject Plaintiffs' "contract formation" defenses, decide the "delegation" issue, and order Plaintiffs to arbitration under 9 U.S.C. § 4 and stay these claims, including the claims of Plaintiff Robb Dunn, under 9 U.S.C. § 3 pending the outcome of the individual arbitrations.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") reflects a liberal federal policy favoring arbitration, and requires that arbitration agreements be rigorously enforced. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) ("courts must place arbitration agreements on an equal footing with other contracts"). Where a contract contains an arbitration provision, "a presumption of arbitrability" arises and any ambiguity as to the arbitrability of a claim must be resolved in favor of arbitration. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986);

---

[1] Fitbit incorporates its prior briefing herein by reference. (*See* Dkt. 57, 62, 64, 87.)

*Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009). Because of this presumption, "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000). The Court's role in determining whether a dispute is arbitrable is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "If the response is affirmative on both counts, then the Act requires the Court to enforce the arbitration agreement in accordance with its terms." *Id*.

### III. ARGUMENT

#### A. The "Gateway" Issues Are Fully Briefed.

The FAA requires courts to compel arbitration "in accordance with the terms of the agreement" upon the motion of either party to the agreement, consistent with the principle that arbitration is a matter of contract. 9 U.S.C. § 4. In determining whether to compel arbitration under the FAA, only two gateway issues need to be evaluated: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. *PacifiCare Health Sys., Inc. v. Book*, 538 U.S. 401, 407 n.2 (2003); *Howsam v. Dean Witter Reynolds, Inc*., 537 U.S. 79, 83-84 (2002).

The parties have now fully briefed the two "gateway" issues. (*See* Dkt. Nos. 86, 87). That a valid agreement to arbitration exists and that the agreement covers this dispute are clear.[2] The Court should so rule, then proceed to decide the issue of "delegation" or, indeed, grant the motion to compel outright.

#### B. The Parties "Clearly and Unmistakably" Agreed That Arbitrability Must Be Decided By The Arbitrator.

The Court must also examine the underlying contract to determine whether the parties have agreed to commit the threshold question of arbitrability to the arbitrator. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010) ("An agreement to arbitrate a gateway issue is simply an

---

[2] Plaintiffs admit that they do not assert "unconscionability" defenses.

additional antecedent agreement the party seeking arbitration asks the court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other."); *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 446 (2006). If so, under *Rent-A-Center*, the arbitrator must address the threshold question of arbitrability. *See, e.g., Brennan v. Opus Bank*, 796 F.3d 1125, 1130-1132 (9th Cir. 2015) ("[A] court must enforce an agreement that, as here, clearly and unmistakable delegates arbitrability questions to the arbitrator."); *accord Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 262-63 (5th Cir. 2014) (if the parties have delegated questions of arbitrability to the arbitrator, "whether the Plaintiffs' claims are subject to arbitration must be decided in the first instance by the arbitrator, not a court.").

Whether the arbitrator, and not a court, decides arbitrability is fully briefed. (*See* Dkt. Nos. 57, 60, 62.) Again, this is not even a close question: the parties agreed that arbitrability is for the arbitrator, not a court.

### C. The Claims of Plaintiff Robb Dunn Should Be Stayed.

Plaintiff Robb Dunn timely opted out of arbitration. He hopes to proceed judicially (on his own behalf and on behalf of the same class of purchasers) even while the Plaintiffs who agreed to arbitration are arbitrating the identical claims. Mr. Dunn's claims should be stayed.

The FAA favors arbitration. In enacting the FAA, Congress's "clear intent" was "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22-25 (1983) (the FAA embodies "a liberal federal policy favoring arbitration agreements"). The Ninth Circuit recognizes that "the FAA's purpose is to give preference (instead of mere equality) to arbitration provisions." *Mortensen v. Bresnan Commc'n, LLC*, 722 F.3d 1151, 1160 (9th Cir. 2013).

Consequently, section 3 of the FAA empowers courts to stay "*the action*" until the arbitration is concluded. 9 U.S.C. § 3.[3] This applies to non-arbitrable claims and to non-

---

[3] Section 3 provides in full: "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, ***shall*** on application of one of the parties ***stay the trial of the action until such arbitration has been had in accordance***
(Footnote continues on next page.)

1  arbitrable claimants.

2  As the United States Supreme Court has held, "[u]nder the Arbitration Act, an arbitration
3  agreement must be enforced notwithstanding the presence of other persons who are parties to the
4  underlying dispute but not to the arbitration agreement." *Moses H. Cone*, 460 U.S. at 20.
5  Furthermore, if the arbitrable claims are referred to arbitration, "it may be advisable to stay
6  litigation ***among the non-arbitrating parties*** pending the outcome of the arbitration." *Id.* at 20
7  n.23 (emphasis added). Having the arbitrator decide common issues not only avoids inconsistent
8  outcomes, it also informs the court's subsequent disposition of any non-arbitrable claims.

9  The *Moses H. Cone* rule applies equally to claims of non-signatory ***parties*** as well as to
10  non-arbitrable ***claims***. *Moses H. Cone* is an example of the former. There, a hospital had a
11  dispute against a contractor, which was arbitrable, and an architect, which was not. Both were
12  stayed pending resolution by the arbitrator. 460 U.S at 20. As the Fifth Circuit has observed,
13  "[w]e have long held that if a suit against a nonsignatory is based upon the same operative facts
14  and is inherently inseparable from the claims against a signatory, the trial court has discretion to
15  grant a stay if the suit would undermine the arbitration proceedings and thwart the federal policy
16  in favor of arbitration." *Hill v. GE Power Sys., Inc.*, 282 F.3d 343, 347 (5th Cir. 2002) (in
17  deciding whether to stay the claims of non-arbitrable claimants, courts must take into account
18  whether proceeding with the litigation might impair an arbitrator's consideration of the arbitrable
19  claims).

20  In weighing the competing considerations, a court must give preference to preserving the
21  arbitration rights of the signatory defendant over the non-signatory's interests in a speedy
22  resolution. *Hill*, 282 F.3d at 347-48. In that regard, staying non-arbitrable claims is particularly
23  warranted where, as here, the claims of the non-arbitrable claimant depends on the same facts as
24  the claims of the arbitrable claimants. *Id.*; *see also Stacy v. H&R Block Tax Servs., Inc.*, No. 07-
25  13327, 2008 WL 321300, at *1 (E.D. Mich. Feb. 4, 2008) ("[A] temporary stay is also

---

(Footnote continued from previous page.)

***with the terms of the agreement***, providing the applicant for the stay is not in default in proceeding with such arbitration." (Emphasis added.)

FITBIT'S MOTION TO COMPEL ARBITRATION & STAY OR DISMISS
Case Nos. 16-cv-00036-JD; 16-cv-00777-JD
sf-3726756

6

appropriate in instances where common questions of fact will likely arise among both parties who have signed an arbitration agreement and the other parties who have not.")

The same rule applies to non-arbitrable claims, which courts stay pending the outcome of arbitration as to the arbitrable claims. For example, in *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 (9th Cir. 1979), the district court was confronted with 35 plaintiffs who alleged both arbitrable and non-arbitrable claims. It stayed both, and the Ninth Circuit affirmed: "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. . . . In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Id.* at 863-64. Other cases are to the same effect. *See, e.g., Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983); *see also Lake Commc'ns, Inc. v. ICC Corp.*, 738 F.2d 1473, 1482-83 (9th Cir. 1984) (citing the "strong policy favoring enforcement of arbitration agreements," the Ninth Circuit affirmed the district court's order compelling arbitration of contract claims and staying non-arbitrable antitrust claims), *overruled on other grounds, Kotam Elecs., Inc. v. JBL Consumer Prods. Inc.*, 59 F.3d 1155 (11th Cir. 1995); *United States v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1427 (9th Cir. 1985) (staying non-arbitrable "third party claim" that "must await the final determination made in connection with the arbitration."); *Lewis v. UBS Fin. Servs., Inc.*, 818 F. Supp. 2d 1161, 1168 (N.D. Cal. 2011).[4]

Here, the facts overlap completely between Mr. Dunn's claims and the claims of the non-opt-out claimants. Both assert identical claims. The only difference is that Mr. Dunn timely opted out of arbitration, and the others did not. Under the "arbitration first" rule of the FAA (as interpreted in *Moses H. Cone* and its progeny), a stay of the one opt-out Plaintiff's claims is warranted.

California courts follow the same rule. The issue arises most acutely in employment class actions, which often involve claims for Labor Code violations that are subject to arbitration as

---

[4] Other circuits agree. *See AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co.*, 242 F.3d 777, 782 (8th Cir. 2001); *Kroll v. Doctor's Assocs., Inc.*, 3 F.3d 1167, 1171 (7th Cir. 1993).

well as claims brought under the Private Attorneys General Act, California Labor Code section 2698 *et seq.* (PAGA), which are not subject to arbitration.  *See Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 382-384 (2014); *Mohamed v. Uber Techs., Inc.*, Nos. 15-16178, 15-16181, et al., --- F.3d ----, 2016 WL 7470557, at *2, *8 (9th Cir. Dec. 21, 2016) (concluding that while the PAGA waiver did not invalidate the arbitration agreement, the PAGA claims had to be litigated in court) (as amended after denial of petition for rehearing en banc); *see also Morvant v. P.F. Chang's China Bistro, Inc.*, 870 F. Supp. 2d 831, 845-46 (N.D. Cal. 2012).  In such circumstances, courts stay the non-arbitrable PAGA claims pending the outcome of arbitration. *See Franco v. Arakelian Enters., Inc.*, 234 Cal. App. 4th 947 (2015).

In *Franco*, the appellate court held that plaintiff's class action employment disputes were arbitrable because the "class action waiver" was enforceable (*id.* at 956), yet his PAGA claims were not.  *Id.* at 957.  Nonetheless, the non-arbitrable PAGA claims were stayed.  Because "the issues subject to litigation under the PAGA might overlap those that are subject to arbitration of Franco's individual claims," the court held that "the trial court *must order an appropriate stay of trial court proceedings*."  *Id.* at 966 (emphasis added).  A stay was required "to preserve the status quo until the arbitration [was] resolved, preventing any continuing trial court proceedings from disrupting and rendering ineffective . . . the issues that are subject to arbitration."  *Id.*

If anything, *Franco* presented a more compelling case for allowing the non-arbitrable claims to proceed than the facts of the instant case.  In *Franco*, California public policy (as stated in *Iskanian*) declared PAGA claims ineligible for arbitration, yet those claims were stayed nonetheless.  If the "arbitration-first" rule of the FAA means that even PAGA claims must be stayed, there can be no real objection to staying this Plaintiff's consumer claims.  After all, they carry none of the public policy underpinnings of PAGA, and they do not impact class members' livelihoods in the way that employment claims do.

To mitigate the risk of conflicting rulings on common issues, the Court should stay the claims of the opt-out Plaintiff pending completion of the individual arbitrations.  *See Franco*, 234 Cal. App. 4th at 966.

## IV. CONCLUSION

For all the foregoing reasons, the Court should reject Plaintiffs' "contract formation" defenses, decide the "delegation" issue, and order Plaintiffs to arbitration under 9 U.S.C. § 4 and stay these claims, including the claims of Plaintiff Robb Dunn, under 9 U.S.C. § 3 pending the outcome of the individual arbitrations.

Dated: January 9, 2017　　　　　　　　　　MORRISON & FOERSTER LLP

By: /s/ William L. Stern
　　　William L. Stern

Attorneys for Defendant
FITBIT, INC.