Elizabeth J. Cabraser (CA SBN 083151)
ecabraser@lchb.com
Kelly M. Dermody (CA SBN 171716)
kdermody@lchb.com
Kevin R. Budner (CA SBN 287271)
kbudner@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

Jonathan D. Selbin (CA SBN 170222)
jselbin@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:   (212) 355-9592

Robert Klonoff (*pro hac vice*)
klonoff@usa.net
ROBERT H. KLONOFF, LLC
2425 SW 76th Ave.
Portland, OR 97225
Telephone:  (503) 291-1570

Adam C. McCall (CA SBN 302130)
amccall@zlk.com
LEVI & KORSINSKY LLP
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Telephone: (213) 985-7290
Facsimile: (866) 367-6510

Lori G. Feldman (*pro hac vice*)
lfeldman@zlk.com
Andrea Clisura (*pro hac vice*)
aclisura@zlk.com
Courtney E. Maccarone (*pro hac vice*)
cmaccarone@zlk.com
LEVI & KORSINSKY LLP
30 Broad Street, 24th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171

*Attorneys for Plaintiffs, individually and on behalf of all others similarly situated*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| KATE MCLELLAN, TERESA BLACK, DAVID URBAN, ROB DUNN, RACHEL SAITO, TODD RUBINSTEIN, RHONDA CALLAN, JAMES SCHORR, BRUCE MORGAN, and AMBER JONES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br>FITBIT, INC.,<br>Defendant. | Case Nos. 16-cv-00036-JD; 16-cv-00777-JD<br><br>**DECLARATION OF ROB DUNN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO FITBIT, INC.'S MOTION TO COMPEL ARBITRATION**<br><br>The Honorable James Donato |
| JUDITH LANDERS, LISA MARIE BURKE, and JOHN MOLENSTRA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br>FITBIT, INC.,<br>Defendant. | |

1342038.1

DECLARATION OF RUB DUNN
CASE NOS. 16-CV-00036-JD, 16-CV-00777-JD

I, Rob Dunn, declare as follows:

1. I am a plaintiff in the above-captioned action.

2. I purchased two Fitbit Charge HRs on December 26, 2015, one from Bed Bath & Beyond and another from Best Buy, both located in Yuma, Arizona.

3. My Charge HR cannot consistently record accurate heart rate. During exercise, it is typically inaccurate by very significant margins, making it useless for the purposes for which I bought it. Had Fitbit disclosed this fact to me at the time of purchase, I would not have bought the Fitbit Charge HR or would have paid less for it.

4. At or before the time of purchase, Fitbit never informed me—nor did I have any reason to think—that I would need to set up an online account to render basic features of my Fitbit Charge HR operational. This fact was not mentioned on the product packaging or at any other place or time before or during my purchase of the Fitbit Charge HR.

5. At or before the time of purchase, Fitbit never informed me—nor did I have any reason to think—that I would need to agree to additional terms of service, including an agreement to arbitrate, in order to set up an online account, or to otherwise render my Fitbit Charge HR operational. This fact was not mentioned on the product packaging or at any other place or time before or during my purchase of the Fitbit Charge HR.

6. Only after removing my Fitbit Charge HR from its packaging, and attempting to use it, did I learn for the first time that it would work only if I created an online account and accepted additional terms of service. I began the process of creating an online account by visiting the Fitbit website (www.fitbit.com). By the time I was presented with a hyperlink to the Terms of Service during the account creation process, I was already on the Fitbit website.

7. The first section of Fitbit's Terms of Service provides: "If you do not have an account, you accept these Terms by visiting www.fitbit.com (https://www.fitbit.com) or using any part of the Fitbit Service." To me, this means that before I was ever presented with the Terms of Service, I was deemed by Fitbit to already have agreed to them. In other words, I did not have any meaningful option to decline Fitbit's Terms of Service, since Fitbit told me I was already bound simply by visiting the Fitbit website.

1   8. I did not review the arbitration clause in the Terms of Service, and did not even know that the Terms of Service contained an arbitration clause until I decided to bring a lawsuit against Fitbit based on its defective products and deceptive advertising, and was informed of the arbitration clause and the opt-out provision by my attorneys.  By disclosing this communication, I do not waive the attorney-client privilege as to this or any other communications with my attorneys regarding this or any other issue regarding my case against Fitbit.

9. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, to the best of my knowledge and belief, and that the foregoing was executed on April 7, 2017, in Yuma, Arizona.
.

By: */s/ Rob Dunn*
    Rob Dunn