1   WILLIAM L. STERN (CA SBN 96105)
    WStern@mofo.com
2   MORRISON & FOERSTER LLP
    425 Market Street
3   San Francisco, California  94105-2482
    Telephone: 415.268.7000
4   Facsimile: 415.268.7522

5   ERIN M. BOSMAN (CA SBN 204987)
    EBosman@mofo.com
6   JULIE Y. PARK (CA SBN 259929)
    JuliePark@mofo.com
7   KAI S. BARTOLOMEO (CA SBN 264033)
    KBartolomeo@mofo.com
8   MORRISON & FOERSTER LLP
    12531 High Bluff Drive
9   San Diego, California  92130-2040
    Telephone: 858.720.5100
10  Facsimile: 858.720.5125

11  Attorneys for Defendant
    FITBIT, INC.

12                      UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14

15  KATE MCLELLAN, TERESA BLACK,          Case No. 16-cv-00036-JD
    DAVID URBAN, ROB DUNN, RACHEL
16  SAITO, TODD RUBINSTEIN, RHONDA        **DEFENDANT FITBIT, INC.'S**
    CALLAN, JAMES SCHORR, and BRUCE       **STATEMENT OF RECENT DECISION**
17  MORGAN, Individually and on Behalf of All
    Others Similarly Situated,            Date:   No hearing (per Dkt. No. 95)
18
                      Plaintiffs,         The Honorable James Donato
19
            v.
20
    FITBIT, INC.,
21
                      Defendant.
22
    ────────────────────────────────────  ────────────────────────────────
    JUDITH LANDERS, LISA MARIE BURKE,     Case No. 16-cv-00777-JD
23  and JOHN MOLENSTRA, Individually and on
    Behalf of All Others Similarly Situated,
24
                      Plaintiffs,
25
            v.
26
    FITBIT, INC.,
27
                      Defendant.
28

DEFENDANT FITBIT'S STATEMENT OF RECENT DECISION
Case Nos. 16-cv-00036-JD; 16-cv-00777-JD
sd-700797

Defendant Fitbit, Inc. submits this Statement of Recent Decision under Local Rule 7-3(d)(2) to bring to the Court's attention a relevant judicial opinion published after Defendant filed its Reply in Support of its Motion to Compel Arbitration and to Stay or Dismiss, Dkt. No. 94.

Attached as Exhibit A is the U.S. Supreme Court's decision in *Kindred Nursing Centers L.P. v. Clark*, 137 S.Ct. 1421, 2017 WL 2039160 (May 15, 2017).  In a 7-1 ruling, the Supreme Court held that the Federal Arbitration Act ("FAA") applies both to "contract formation and contract enforcement."  Slip Op. at 7.  The Court rejected the proposition that "[t]he FAA's statutory framework applies only after a court has determined that a valid arbitration agreement was formed." Id. at 8 (emphasis in original).  To the contrary, the Court explained:

> By its terms, … the Act cares not only about the "enforce[ment]" of arbitration agreements, but also about their initial "valid[ity]"—that is, about what it takes to enter into them. Or said otherwise: A rule selectively finding arbitration contracts invalid because improperly formed fares no better under the Act than a rule selectively refusing to enforce those agreements once properly made.  *Id.*  If it were otherwise, the Court held, "[t]he FAA would then mean nothing at all—its provisions rendered helpless to prevent even the most blatant discrimination against arbitration."  *Id*. at 8-9.

Dated: May 31, 2017                    MORRISON & FOERSTER LLP


                                       By:  /s/William L. Stern
                                            William L. Stern

                                       Attorneys for Defendant
                                       FITBIT, INC.