# EXHIBIT 1

Elizabeth J. Cabraser (CA SBN 083151)
ecabraser@lchb.com
Kelly M. Dermody (CA SBN 171716)
kdermody@lchb.com
Kevin R. Budner (CA SBN 287271)
kbudner@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

Jonathan D. Selbin (CA SBN 170222)
jselbin@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

Robert Klonoff (*pro hac vice*)
klonoff@usa.net
ROBERT H. KLONOFF, LLC
2425 SW 76th Ave.
Portland, OR 97225
Telephone:  (503) 291-1570

Rosemary M. Rivas (CA SBN 209147)
rrivas@zlk.com
Adam C. McCall (CA SBN 302130)
amccall@zlk.com
LEVI & KORSINSKY LLP
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Telephone: (213) 985-7290
Facsimile: (866) 367-6510

Andrea Clisura (*pro hac vice*)
aclisura@zlk.com
Courtney E. Maccarone (*pro hac vice*)
cmaccarone@zlk.com
LEVI & KORSINSKY LLP
30 Broad Street, 24th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171

*Attorneys for Plaintiffs, individually and on behalf of all others similarly situated*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| KATE MCLELLAN, TERESA BLACK, DAVID URBAN, ROB DUNN, RACHEL SAITO, TODD RUBINSTEIN, RHONDA CALLAN, JAMES SCHORR, BRUCE MORGAN, and AMBER JONES, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br> FITBIT, INC., <br><br> Defendant. | Case Nos. 16-cv-00036-JD; 16-cv-00777-JD <br><br> **PLAINTIFF'S SUR-REPLY IN OPPOSITION TO MOTION TO STRIKE CLASS ALLEGATIONS** <br><br> Date: May 31, 2018 <br> Time: 10:00 a.m. <br> Ctrm: 11, 19th Floor <br><br> The Honorable James Donato |
| JUDITH LANDERS, LISA MARIE BURKE, and JOHN MOLENSTRA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br> FITBIT, INC., <br><br> Defendant. | |

1    Plaintiff Dunn submits this Sur-Reply in Opposition to Fitbit's Motion to Strike Class

2    Allegations (Dkt. 124).  A new material fact has emerged that directly affects Plaintiff's

3    opposition arguments and calls into question the due process and fundamental fairness of the

4    arbitration procedure that Fitbit is attempting to impose on the non-opt-out Plaintiffs.

5    For the last two years, Fitbit argued that because its Terms of Service incorporated a

6    "delegation clause" only an arbitrator—and not this Court—could review the non-opt-out

7    Plaintiffs' challenges to the applicability and enforceability of the arbitration clause and class

8    action waiver.  *See, e.g.*, Dkt. 57 at 3 ("[T]he arbitrability of Plaintiffs' claims in this case must be

9    decided by an arbitrator."); *id.* at 8 ("The Court should refer the parties to the AAA to decide

10   whether the arbitration clause is to be enforced."); Dkt. 62 at 10 ("The Court should refer the

11   parties to the AAA to decide whether the arbitration clause is to be enforced."); Dkt. 88 at 5

12   ("[T]he parties agreed that arbitrability is for the arbitrator, not a court."); Dkt. 94 at 7 ("The

13   parties have clearly and unmistakably delegated all issues of arbitrability to an arbitrator. The

14   Court should refer the parties to the AAA to decide whether the arbitration clause is to be

15   enforced . . . ."); Dkt. 118 at 3 ("[T]he arbitrator" must consider whether a "provision [that]

16   purports to waive" a plaintiff's "right to seek public injunctive relief in all fora" renders the

17   arbitration provision unenforceable) (citation omitted); Dkt. 134 at 3 ("The arbitrator must decide

18   the arbitrability" of any claim brought by a non-opt out plaintiff).  This Court agreed, holding that

19   the non-opt-out Plaintiffs' arguments that "Fitbit procured the agreement to arbitrate by fraud"

20   and that "the arbitration provision is unenforceable as applied to plaintiffs' claims for public

21   injunctive relief . . . *must be considered by the AAA arbitrator* in the first instance," and that "the

22   arbitrator *will resolve* [the non-opt-out] plaintiffs' challenges to the scope and enforceability of

23   the arbitration clause."  Dkt. 114 at 8-9 (emphasis added).

24   One non-opt-out Plaintiff, Kate McLellan, initiated an arbitration seeking a determination

25   on precisely the arbitrability issues that the Court concluded must be determined by an arbitrator.

26   *See* Dkt. 133 at 5; *id.*, Ex. A (noting that Ms. McLellan would "contest[] the scope and

27   enforceability of the arbitration agreement").  If the arbitrator determines that the arbitration

28   clause and class action waiver are not enforceable or applicable to the proposed class claims—an

1560012.1

1   issue that is identical for all non-opt-out Plaintiffs and unnamed class members—Fitbit's motion

2   to strike the class allegations will be moot.[1]  Thus, Plaintiff Dunn argued in his opposition that,

3   while the arbitrator's decision on arbitrability is still pending, Fitbit's motion was premature.

4       Now, in an about-face and a transparent effort to nullify Plaintiff Dunn's "prematurity"

5   argument, Fitbit has acted to deprive Ms. McLellan of *any opportunity* to resolve her arbitrability

6   challenges in *any forum*, including in arbitration.  After Ms. McLellan filed her arbitration

7   demand, Fitbit made her a settlement offer.  *See* Ex. A, Attachments 1-2.  She declined the offer,

8   explaining that, pursuant to this Court's order, she intended to enforce her right to have an

9   arbitrator determine "(1) whether the arbitration clause and class action waiver are enforceable

10  and/or applicable to her claims, and (2) whether she can bring a claim for public injunctive relief

11  on behalf of all members of the proposed class."  *Id.*, Attachment 3.  Fitbit then informed the

12  arbitrator that it "regard[ed] this matter as concluded" and refused to pay the arbitration fees as

13  required under the Terms of Service, notwithstanding the fact that Ms. McLellan had properly

14  initiated arbitration and rejected Fitbit's settlement offer.  *Id.* at 2.  In other words, Fitbit is now

15  refusing to engage in the arbitration it sought to compel for nearly two years.

16      Fitbit's actions lay bare its strategy to use arbitration to deprive its consumers of even a

17  modicum of due process.  No authority permits a party to use a delegation clause to deny a party

18  any opportunity to be heard.  Yet this is exactly what Fitbit has done, and in so doing, it has

19  undermined this Court's order that the non-opt-out Plaintiffs' arbitrability defenses "must be

20  considered by the AAA arbitrator."  Dkt. 114 at 8.

21      This conduct further supports Plaintiff Dunn's opposition to the motion to strike.  It also

22  constitutes a "new material fact" supporting a motion for reconsideration of the initial arbitration

23  order.  *See* Civ. L.R. 7-9.  To avoid unnecessary filings with respect to the latter, however,

24  Plaintiffs' counsel will be prepared to address the matter with the Court at the upcoming hearing

25  before taking further action.

26

27  [1] In its Reply, Fitbit takes the illogical and impractical position that even if an arbitrator decides that the arbitration clause is unenforceable on grounds applicable to all, each of the potentially millions of consumers must obtain the same order in individual arbitration before they can

28  become absent class members in Mr. Dunn's proposed class action.  Dkt. 134 at 4-5.

-2-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated:  May 22, 2018

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: */s/ Jonathan D. Selbin*
     Jonathan D. Selbin

Jonathan D. Selbin (CA SBN 170222)
jselbin@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:   (212) 355-9592

Elizabeth J. Cabraser (CA SBN 083151)
ecabraser@lchb.com
Kelly M. Dermody (CA SBN 171716)
kdermody@lchb.com
Kevin R. Budner (CA SBN 287271)
kbudner@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

Robert Klonoff (*pro hac vice*)
klonoff@usa.net
ROBERT H. KLONOFF, LLC
2425 SW 76th Ave.
Portland, OR 97225
Telephone:  (503) 291-1570

Rosemary M. Rivas (CA SBN 209147)
rrivas@zlk.com
Adam C. McCall (CA SBN 302130)
amccall@zlk.com
LEVI & KORSINSKY LLP
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Telephone: (213) 985-7290
Facsimile: (866) 367-6510

Andrea Clisura (*pro hac vice*)
aclisura@zlk.com
Courtney E. Maccarone (*pro hac vice*)
cmaccarone@zlk.com
LEVI & KORSINSKY LLP
30 Broad Street, 24th Floor
New York, NY 10004
Telephone:  (212) 363-7500
Facsimile:   (212) 363-7171

*Attorneys for Plaintiffs, individually and behalf of all others
similarly situated*

-3-

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that, on May 22, 2018, service of this document was accomplished

3  pursuant to the Court's electronic filing procedures by filing this document through the ECF

4  system.

5

6                                        */s/ Jonathan D. Selbin*
                                          Jonathan D. Selbin

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUR-REPLY IN OPPOSITION TO MOTION TO STRIKE
CASE NOS. 16-CV-00036-JD, 16-CV-00777-JD

# EXHIBIT A

**MORRISON** | **FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

May 16, 2018

Writer's Direct Contact
+1 (415) 268.7637
WStern@mofo.com

VIA EMAIL AND FACSIMILE

American Arbitration Association
Consumer Filing Team
1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043
Telephone: (856)435-6401
Facsimile: (877) 304-8457
ConsumerSpecialist@adr.org

**Re:**   *Kate McLellan v. Fitbit, Inc.*, **Case No. 01-18-0001-3597**

Dear Consumer Filing Team:

We are counsel for Fitbit, Inc., the respondent in the above-referenced matter.  We received
your letter of April 25, 2018 regarding Claimant Kate McLellan's demand for arbitration.
On May 3, 2018, Fitbit sent Claimant and her counsel a written offer to pay 100%-plus of her
claim.  Specifically, Fitbit offered Claimant:

- **Full refund plus interest.**  A refund of $161.94, which is the full amount Claimant
  alleges she paid for the device, along with 10% prejudgment interest on that amount
  ($51.01).  This is almost seven times what she paid.  In addition to a full refund of the
  purchase price, Ms. McLellan would get to keep her device;

- **Punitive damages**.  Punitive damages of $851.80, which reflect a 4-1 compensatory-
  to-punitive damages ratio, consistent with the law in the Ninth Circuit; and

- **Attorney's fees/costs.**  $1,000 in attorneys' fees plus reimbursement of $750 in costs
  (in accordance with the AAA's Standard Fee Schedule), for a total of $1,750.

Copies of Fitbit's letters communicating this offer are enclosed as Attachments 1 and 2.

On May 14, 2018, Claimant rejected Fitbit's offer.  On our telephone call, we asked counsel
what amount, in their view, would be acceptable, but counsel declined to give a number,
aside from non-monetary relief.  They required that Fitbit extend this offer "**to all members
of the proposed class that Ms. McLellan seeks to represent.**"  **This isn't so much a counter-**

sd-718887

MORRISON | FOERSTER

American Arbitration Association
May 16, 2018
Page Two

**offer as a demand that Fitbit rewrite her contract.**  You should know that there is an ongoing class action case, *McLellan v. Fitbit, Inc.*, No. 16-cv-00036-JD (N.D. Cal.), and counsel told us they plan to address their concerns to the district court.  Attached is her counsel's rejection letter.  (Attachment 3.)

Fitbit's goal is customer satisfaction.  However, the filing fee alone ($750) is almost five times her total out-of-pocket claim, were she to succeed.  We believe Fitbit's total offer of $2,814.75—which is more than 17 times what she paid—is many times more than what she could recover if she were to proceed to arbitration and prevail.

Fitbit regards this matter as concluded.

Please feel free to contact me should you have any questions.

Sincerely,

William L. Stern

cc:    Jonathan D. Selbin
       Kevin R. Budner
       Andrea Clisura
       Robert Klonoff
       Gloria Y. Lee
       Erin M. Bosman
       Julie Y. Park
       Kai S. Bartolomeo

# Attachment 1

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

May 3, 2018

Writer's Direct Contact
+1 (415) 268.7637
WStern@mofo.com

*Via e-mail and U.S. Mail*

Jonathan D. Selbin
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
jselbin@lchb.com

Kevin R. Budner
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
kbudner@lchb.com

Andrea Clisura
Levi & Korsinsky, LLP
30 Broad St.,
24th Floor
New York, NY 10004
aclisura@zlk.com

Robert Klonoff
Robert H. Klonoff, LLC
2425 SW 76th Ave.
Portland, OR 97225
klonoff@usa.net

**Re:    Demand for Arbitration**

Dear Counsel:

This letter confirms receipt of your email dated April 3, 2018, enclosing a demand for arbitration on behalf of Claimant Kate McLellan.  As set forth below, Fitbit has agreed to pay the claim set forth in Ms. McLellan's demand.

**Payment of Demand**

Fitbit has elected to pay the claim set forth in the demand in full, as follows:

1.  A refund of the amount Ms. McLellan claims she paid for the Charge HR she purchased at Sports Chalet in Temecula, California on February 27, 2015 ($161.94 after tax), along with prejudgment interest on that amount;

2.  Punitive damages calculated as the total amount in #1, above, times four.  We have followed the Ninth Circuit's lead that "a ratio of up to 4 to 1 serves as a good proxy

MORRISON | FOERSTER

Jonathan D. Selbin
Kevin R. Budner
Andrea Clisura
Robert Klonoff
May 3, 2018
Page Two

for the limits of constitutionality." *Planned Parenthood of Columbia/Willamette Inc. v. American Coalition of Life Activists*, 422 F.3d 949, 962 (9th Cir. 2005)[1]; and

3.  Reasonable attorneys' fees and costs associated with the arbitration in the amount of $1,750 (1,000 in fees, plus $750 in costs in accordance with the AAA's Standard Fee Schedule).

**<u>Letter to Ms. McLellan</u>**

Enclosed please find a letter addressed to Ms. McLellan, which details how her payment was calculated. Please feel free to give us a call if you have any questions regarding how Fitbit calculated these numbers.

In terms of payment, Fitbit will prepare a check for Ms. McLellan, subject to receipt of her W-9. Once we receive Ms. McLellan's W-9, we will send her check to you for transmittal. Fitbit will prepare a check payable to you upon receipt of counsel's W-9.

Pursuant to California Business & Professions Code § 6103.5 and California Rule of Professional Conduct 3-510(a), please forward this letter to Ms. McLellan. Note that under California Business & Professions Code § 6103.5, Fitbit is entitled to discover whether you have sent the letter to your client.

We consider the arbitration demand of Ms. McLellan resolved.

Sincerely,

William L. Stern

---

[1] The payment of punitives should not be construed as an admission that Ms. McLellan is entitled to punitive damages. Fitbit maintains that Ms. McLellan is not entitled to punitive damages but has agreed to pay punitives purely for purposes of compromise and repose.

**MORRISON | FOERSTER**

Jonathan D. Selbin
Kevin R. Budner
Andrea Clisura
Robert Klonoff
May 3, 2018
Page Three


cc:   Gloria Y. Lee
      Erin M. Bosman
      Julie Y. Park
      Kai S. Bartolomeo

# Attachment 2

199 Fremont Street, 14th Floor        info@fitbit.com
San Francisco, CA 94105              www.fitbit.com

May 4, 2018

*Via e-mail and U.S. Mail*

Kate McLellan
c/o Jonathan D. Selbin
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
jselbin@lchb.com

**Re:     Demand for Arbitration**

Dear Ms. McLellan:

This letter confirms receipt of your counsel's email dated April 3, 2018, enclosing your demand for arbitration.

Fitbit has elected to resolve this matter through payment to you and your counsel in the total amount of $2,814.75.  Once Fitbit receives from your counsel IRS Form W-9s for you and your counsel, Fitbit will prepare two checks.  The first, payable to you in the amount of **$1,064.75**, includes: (1) the total amount you paid, after tax, for the Charge HR you claim to have purchased at Sports Chalet in Temecula, California on February 27, 2015, plus interest on that amount; and (2) the maximum amount you could potentially recover as punitive damages, which we compute as four times actual damages (after including prejudgment interest at 10% per year).[1]  The second check, payable to your counsel in the amount of **$1,750**, includes reasonable attorneys' fees of $1,000 and reimbursement of their $750 associated with filing your demand for arbitration.

---

[1] The payment of punitives should not be construed as an admission that you entitled to punitive damages.  Fitbit has agreed to pay this purely for purposes of compromise and repose.

199 Fremont Street, 14th Floor          info@fitbit.com
San Francisco, CA 94105                 www.fitbit.com



The payment calculation is as follows:

| Alleged Purchase Price After Tax | Interest[2] | Punitive Damages | Attorneys' Fees and Costs | Total Payment[3] |
|---|---|---|---|---|
| $161.94 | ($161.94 x .10 x 3.15 years) = <u>**$51.01**</u> | $851.80 | $1,750 | $2,814.75 |

Fitbit regards this matter as closed.

Sincerely,

*Gloria Lee*

DocuSigned by:
F3A2C778B5C9424...

Gloria Y. Lee

cc:     Jonathan D. Selbin
        Kevin R. Budner
        Andrea Clisura
        Robert Klonoff

---

[2] Interest is calculated as follows: purchase price x 10% x time in years (date of purchase through present).

[3] Total Payment = Total Amount + Interest + Punitives + Attorneys' Fees & Costs. Punitives include: (Purchase Price + Interest) x 4. Fees and costs, payable to your counsel, include: $1,000 in attorneys' fees, plus $750 in costs in accordance with the AAA's Standard Fee Schedule.

# Attachment 3

**Lieff
Cabraser
Heimann&
Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

May 14, 2018

Kevin R. Budner
Partner
kbudner@lchb.com

**VIA E-MAIL**

Will L. Stern
wstern@mofo.com
Morrison Foerster
425 Market Street
San Francisco, CA 94105

Erin M. Bosman
ebosman@mofo.com
Kai S. Bartolomeo
kbartolomeo@mofo.com
Julie Y. Park
juliepark@mofo.com
Morrison Foerster
12531 High Bluff Dr., #100
San Diego, CA 92130

   RE:  *McLellan v. Fitbit, Inc.*, Response to Fitbit's Correspondence re Demand for
      Arbitration

Dear Counsel:

  We have received your letters emailed on May 3, 2018, and relayed them to Ms.
McLellan.  As a threshold matter, we note that Fitbit's decision to unilaterally set the ratio of
compensatory to punitive damages is unsupported and that the specific ratio it offers does not
constitute full relief, even under the case law Fitbit cites.  *See Planned Parenthood of
Columbia/Willamette Inc. v. Am. Coal. of Life Activists*, 422 F.3d 949, 962 (9th Cir. 2005)
(holding that "where there are insignificant economic damages but the behavior was particularly
egregious, the single-digit ratio may not be a good proxy for constitutionality," and that "our
constitutional sensibilities are not offended by a 9 to 1 ratio").

  Nevertheless, if the proposed resolution were offered to all members of the proposed
class that Ms. McLellan seeks to represent, and if it included public injunctive relief in the form

May 14, 2018
Page 2

of modified and corrective marketing and packaging, Ms. McLellan would accept the offer. Barring those modifications, Ms. McLellan declines the offer.

Ms. McLellan maintains that, as Fitbit has long argued and as Judge Donato ruled, she has the right to have an arbitrator determine (1) whether the arbitration clause and class action waiver are enforceable and/or applicable to her claims, and (2) whether she can bring a claim for public injunctive relief on behalf of all members of the proposed class.  *See* Dkt. No. 114 at 9 ("The arbitrator will resolve [the non-opt-out] plaintiffs' challenges to the scope and enforceability of the arbitration clause."); *id*. at 8 (plaintiffs' arguments that "Fitbit procured the agreement to arbitrate by fraud" and that "the arbitration provision is unenforceable as applied to plaintiffs' claims for public injunctive relief . . . must be considered by the AAA arbitrator in the first instance").  Ms. McLellan intends to enforce her right to seek this determination.

Sincerely,

Kevin R. Budner

1557529.2