| | |
|---|---|
| Elizabeth J. Cabraser (CA SBN 083151)<br>ecabraser@lchb.com<br>Kelly M. Dermody (CA SBN 171716)<br>kdermody@lchb.com<br>Kevin R. Budner (CA SBN 287271)<br>kbudner@lchb.com<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008<br><br>Jonathan D. Selbin (CA SBN 170222)<br>jselbin@lchb.com<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>250 Hudson Street, 8th Floor<br>New York, NY 10013<br>Telephone: (212) 355-9500<br>Facsimile: (212) 355-9592<br><br>Robert Klonoff (*pro hac vice*)<br>klonoff@usa.net<br>ROBERT H. KLONOFF, LLC<br>2425 SW 76th Ave.<br>Portland, OR 97225<br>Telephone: (503) 291-1570 | Rosemary M. Rivas (CA SBN 209147)<br>rrivas@zlk.com<br>Adam C. McCall (CA SBN 302130)<br>amccall@zlk.com<br>LEVI & KORSINSKY LLP<br>445 South Figueroa Street, 31st Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 985-7290<br>Facsimile: (866) 367-6510<br><br>Andrea Clisura (*pro hac vice*)<br>aclisura@zlk.com<br>Courtney E. Maccarone (*pro hac vice*)<br>cmaccarone@zlk.com<br>LEVI & KORSINSKY LLP<br>30 Broad Street, 24th Floor<br>New York, NY 10004<br>Telephone: (212) 363-7500<br>Facsimile: (212) 363-7171 |

*Attorneys for Plaintiffs, individually and on behalf of all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KATE MCLELLAN, TERESA BLACK, DAVID URBAN, ROB DUNN, RACHEL SAITO, TODD RUBINSTEIN, RHONDA CALLAN, JAMES SCHORR, BRUCE MORGAN, and AMBER JONES, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br>v.<br>FITBIT, INC.,<br>    Defendant. | Case Nos. 16-cv-00036-JD; 16-cv-00777-JD<br><br>**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>Date: May 31, 2018<br>Time: 10:00 a.m.<br>Ctrm: 11, 19th Floor<br><br>The Honorable James Donato |
| JUDITH LANDERS, LISA MARIE BURKE, and JOHN MOLENSTRA, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br>v.<br>FITBIT, INC.,<br>    Defendant. | |

1    Plaintiff Dunn submits this Sur-Reply in Opposition to Fitbit's Motion to Strike Class
2 Allegations (Dkt. 129).  A new material fact has emerged that directly affects Plaintiff's
3 opposition arguments and calls into question the due process and fundamental fairness of the
4 arbitration procedure that Fitbit is attempting to impose on the non-opt-out Plaintiffs.
5    For the last two years, Fitbit argued that because its Terms of Service incorporated a
6 "delegation clause" only an arbitrator—and not this Court—could review the non-opt-out
7 Plaintiffs' challenges to the applicability and enforceability of the arbitration clause and class
8 action waiver.  *See, e.g.*, Dkt. 57 at 3 ("[T]he arbitrability of Plaintiffs' claims in this case must be
9 decided by an arbitrator."); *id.* at 8 ("The Court should refer the parties to the AAA to decide
10 whether the arbitration clause is to be enforced."); Dkt. 62 at 10 ("The Court should refer the
11 parties to the AAA to decide whether the arbitration clause is to be enforced."); Dkt. 88 at 5
12 ("[T]he parties agreed that arbitrability is for the arbitrator, not a court."); Dkt. 94 at 7 ("The
13 parties have clearly and unmistakably delegated all issues of arbitrability to an arbitrator. The
14 Court should refer the parties to the AAA to decide whether the arbitration clause is to be
15 enforced . . . ."); Dkt. 118 at 3 ("[T]he arbitrator" must consider whether a "provision [that]
16 purports to waive" a plaintiff's "right to seek public injunctive relief in all fora" renders the
17 arbitration provision unenforceable) (citation omitted); Dkt. 134 at 3 ("The arbitrator must decide
18 the arbitrability" of any claim brought by a non-opt out plaintiff).  This Court agreed, holding that
19 the non-opt-out Plaintiffs' arguments that "Fitbit procured the agreement to arbitrate by fraud"
20 and that "the arbitration provision is unenforceable as applied to plaintiffs' claims for public
21 injunctive relief . . . *must be considered by the AAA arbitrator* in the first instance," and that "the
22 arbitrator *will resolve* [the non-opt-out] plaintiffs' challenges to the scope and enforceability of
23 the arbitration clause."  Dkt. 114 at 8-9 (emphasis added).
24    One non-opt-out Plaintiff, Kate McLellan, initiated an arbitration seeking a determination
25 on precisely the arbitrability issues that the Court concluded must be determined by an arbitrator.
26 *See* Dkt. 133 at 5; *id.*, Ex. A (noting that Ms. McLellan would "contest[] the scope and
27 enforceability of the arbitration agreement").  If the arbitrator determines that the arbitration
28 clause and class action waiver are not enforceable or applicable to the proposed class claims—an

1   issue that is identical for all non-opt-out Plaintiffs and unnamed class members—Fitbit's motion
2   to strike the class allegations will be moot.[1]  Thus, Plaintiff Dunn argued in his opposition that,
3   while the arbitrator's decision on arbitrability is still pending, Fitbit's motion was premature.

4         Now, in an about-face and a transparent effort to nullify Plaintiff Dunn's "prematurity"
5   argument, Fitbit has acted to deprive Ms. McLellan of *any opportunity* to resolve her arbitrability
6   challenges in *any forum*, including in arbitration.  After Ms. McLellan filed her arbitration
7   demand, Fitbit made her a settlement offer.  *See* Ex. A, Attachments 1-2.  She declined the offer,
8   explaining that, pursuant to this Court's order, she intended to enforce her right to have an
9   arbitrator determine "(1) whether the arbitration clause and class action waiver are enforceable
10  and/or applicable to her claims, and (2) whether she can bring a claim for public injunctive relief
11  on behalf of all members of the proposed class." *Id.*, Attachment 3.  Fitbit then informed the
12  arbitrator that it "regard[ed] this matter as concluded" and refused to pay the arbitration fees as
13  required under the Terms of Service, notwithstanding the fact that Ms. McLellan had properly
14  initiated arbitration and rejected Fitbit's settlement offer.  *Id.* at 2.  In other words, Fitbit is now
15  refusing to engage in the arbitration it sought to compel for nearly two years.

16        Fitbit's actions lay bare its strategy to use arbitration to deprive its consumers of even a
17  modicum of due process.  No authority permits a party to use a delegation clause to deny a party
18  any opportunity to be heard.  Yet this is exactly what Fitbit has done, and in so doing, it has
19  undermined this Court's order that the non-opt-out Plaintiffs' arbitrability defenses "must be
20  considered by the AAA arbitrator."  Dkt. 114 at 8.

21        This conduct further supports Plaintiff Dunn's opposition to the motion to strike.  It also
22  constitutes a "new material fact" supporting a motion for reconsideration of the initial arbitration
23  order.  *See* Civ. L.R. 7-9.  To avoid unnecessary filings with respect to the latter, however,
24  Plaintiffs' counsel will be prepared to address the matter with the Court at the upcoming hearing
25  before taking further action.

---

[1] In its Reply, Fitbit takes the illogical and impractical position that even if an arbitrator decides that the arbitration clause is unenforceable on grounds applicable to all, each of the potentially millions of consumers must obtain the same order in individual arbitration before they can become absent class members in Mr. Dunn's proposed class action.  Dkt. 134 at 4-5.

| | |
|---|---|
| | Respectfully submitted, |
| Dated:  May 22, 2018 | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| | By: */s/ Jonathan D. Selbin* |
| | Jonathan D. Selbin |

Jonathan D. Selbin (CA SBN 170222)
jselbin@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:   (212) 355-9592

Elizabeth J. Cabraser (CA SBN 083151)
ecabraser@lchb.com
Kelly M. Dermody (CA SBN 171716)
kdermody@lchb.com
Kevin R. Budner (CA SBN 287271)
kbudner@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

Robert Klonoff (*pro hac vice*)
klonoff@usa.net
ROBERT H. KLONOFF, LLC
2425 SW 76th Ave.
Portland, OR 97225
Telephone:  (503) 291-1570

Rosemary M. Rivas (CA SBN 209147)
rrivas@zlk.com
Adam C. McCall (CA SBN 302130)
amccall@zlk.com
LEVI & KORSINSKY LLP
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Telephone: (213) 985-7290
Facsimile: (866) 367-6510

Andrea Clisura (*pro hac vice*)
aclisura@zlk.com
Courtney E. Maccarone (*pro hac vice*)
cmaccarone@zlk.com
LEVI & KORSINSKY LLP
30 Broad Street, 24th Floor
New York, NY 10004
Telephone:  (212) 363-7500
Facsimile:   (212) 363-7171

*Attorneys for Plaintiffs, individually and behalf of all others similarly situated*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 29, 2018, service of this document was accomplished pursuant to the Court's electronic filing procedures by filing this document through the ECF system.

                                         */s/ Jonathan D. Selbin*
                                           Jonathan D. Selbin

1560012.1        -4-        SUR-REPLY IN OPPOSITION TO MOTION TO STRIKE
CASE NOS. 16-CV-00036-JD, 16-CV-00777-JD