# EXHIBIT C

| | |
|---|---|
| Elizabeth J. Cabraser (CA SBN 083151) <br> ecabraser@lchb.com <br> Kelly M. Dermody (CA SBN 171716) <br> kdermody@lchb.com <br> Kevin R. Budner (CA SBN 287271) <br> kbudner@lchb.com <br> LIEFF CABRASER HEIMANN & <br> BERNSTEIN, LLP <br> 275 Battery Street, 29th Floor <br> San Francisco, CA  94111-3339 <br> Telephone:  (415) 956-1000 <br> Facsimile:   (415) 956-1008 <br><br> Jonathan D. Selbin (CA SBN 170222) <br> jselbin@lchb.com <br> LIEFF CABRASER HEIMANN & <br> BERNSTEIN, LLP <br> 250 Hudson Street, 8th Floor <br> New York, NY  10013 <br> Telephone:  (212) 355-9500 <br> Facsimile:   (212) 355-9592 <br><br> Robert Klonoff (*pro hac vice*) <br> klonoff@usa.net <br> ROBERT H. KLONOFF, LLC <br> 2425 SW 76th Ave. <br> Portland, OR 97225 <br> Telephone:  (503) 291-1570 | Rosemary M. Rivas (CA SBN 209147) <br> rrivas@zlk.com <br> Adam C. McCall (CA SBN 302130) <br> amccall@zlk.com <br> LEVI & KORSINSKY LLP <br> 445 South Figueroa Street, 31st Floor <br> Los Angeles, CA 90071 <br> Telephone: (213) 985-7290 <br> Facsimile: (866) 367-6510 <br><br> Andrea Clisura (*pro hac vice*) <br> aclisura@zlk.com <br> Courtney E. Maccarone (*pro hac vice*) <br> cmaccarone@zlk.com <br> LEVI & KORSINSKY LLP <br> 30 Broad Street, 24th Floor <br> New York, NY 10004 <br> Telephone: (212) 363-7500 <br> Facsimile: (212) 363-7171 |

*Attorneys for Plaintiffs, individually and on behalf of all others similarly situated*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| KATE MCLELLAN, TERESA BLACK, DAVID URBAN, ROB DUNN, RACHEL SAITO, TODD RUBINSTEIN, RHONDA CALLAN, JAMES SCHORR, BRUCE MORGAN, and AMBER JONES, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> FITBIT, INC., <br><br> Defendant. | Case Nos. 16-cv-00036-JD; 16-cv-00777-JD <br><br> **DECLARATION OF MAX BLAISDELL IN SUPPORT OF PLAINTIFFS' STATEMENT ON THE STATUS OF ARBITRATION PROCEEDINGS** <br><br> Date: TBD <br> Time: TBD <br> Ctrm: 11, 19th Floor <br><br> The Honorable James D. Donato |
| JUDITH LANDERS, LISA MARIE BURKE, and JOHN MOLENSTRA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> FITBIT, INC., <br><br> Defendant. | |

- 1 -

DECLARATION  IN SUPPORT OF
STATEMENT RE STATUS OF ARBITRATION
CASE NOS. 16-CV-0036-JD; 16-CV-00777-JD

I, Max Blaisdell, declare as follows:

1. I respectfully submit this declaration in support of Plaintiffs' Statement on Status of Arbitration Proceedings. I have personal knowledge of the facts set forth below, and I am competent to testify about them.

2. I joined the law firm of Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser"), as a case clerk on June 20, 2016. On June 20, 2017, I was promoted to paralegal. I left the firm on May 25, 2018, to join the Peace Corps.

3. During my tenure with Lieff Cabraser, I was assigned to several cases, including *McLellan et al. v. Fitbit, Inc*. My role in this case included a number of paralegal-type tasks, including but not limited to, organizing the case file, saving correspondence and docket entries, preparing binders and chambers' copies, communicating with clients, and, on some occasions, participating in and taking notes on calls and meetings. In performing these tasks, I worked under the direction and supervision of Lieff Cabraser attorneys Jonathan Selbin and Kevin Budner and others

4. On May 14, 2018, Mr. Budner requested that I take notes on a call scheduled that day with Fitbit's counsel regarding Fitbit's settlement offer to Kate McLellan. I listened in on the call, took contemporaneous notes, formatted those notes, and e-mailed them to Mr. Budner later that day.

5. A true and correct copy of the notes that I recorded and e-mailed to Mr. Budner on the afternoon of May 14, 2018, is attached hereto as Attachment 1. They have not been altered or edited in any way.

6. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, to the best of my knowledge and belief, and that the foregoing was executed on June 13, 2018, in Sykia, Greece.

By: */s/ Max Blaisdell*
Max Blaisdell

# ATTACHMENT 1

5/14/2018
## Meet and Confer re McLellan Arbitration Offer

### Arbitration Settlement Offer
- (Budner) We relayed Fitbit's offer letters to Ms. McLellan and discussed with her. Do I understand that Ms. McLellan is obligated to accept this offer and cannot dispute this offer?
    - (Stern) We regarded this as an offer to Ms. McLellan, she is free to accept or not accept.
- (Budner) Ms. McLellan is not inclined to accept. There are threshold issues she'd like the arbitrator to decide. She would like the arbitrator to decide on scope and bring her injunctive claims to court.

### Next Steps
- (Budner) My understanding is that there is now a window for Fitbit to submit the fees to the arbitrator, to assert counter-claims, and then this will proceed.
    - (Stern) We plan to tell AAA that we made an offer and regard the matter as concluded even though Kate declining the offer and see what AAA will do. We to offered her everything and there's nothing more she could get from AAA. We'll enclose the letters and say that we regard it as concluded. We never plan on getting to scope and enforceability with the arbitrator and are not going to seeking to file briefs on those matters.
- (Budner) Per the terms of the contract, there are unresolved issues on the delegation provision that she would like the arbitrator to decide. Your position seems clear, will see where it goes from there. To the extent that Fitbit makes full payment, we dispute this. The punitive ratio of 4:1 is by no means a resolved issue. The case that is cited in the letter cites positive ruling from the 9th Circuit(?) in which a 37:1 ratio for compensatory damages is deemed acceptable. In the case cited itself, the court's sensibility was that it would not object to a 9:1 ratio.
    - (Stern) Your complaint asks for price difference between the device and the feature of HR and in this offer she gets to keep the device as well as compensatory damages. If she went to hearing she would not get $161, if she did then it would mean no other features have value.
- (Budner) You're right that the punitive ratio is one dispute, but there are other threshold issues that she wants to resolve.
    - (Stern) Anything else besides punitive ratio?
- (Budner) One other example is that monetary relief does not address her desire to be heard in court to decide her claims.
    - (Stern) Would her injunctive relief claim be different from what we offered?
- (Budner) She wants threshold issues resolved, public injunctive relief.
    - (Stern) We've given her everything possible from arbitration.
- (Selbin) Obviously there are ways that injunctive relief could change how advertise Fitbit advertises its products. You spent years going to court saying we needed to arbitrate. Now we want to see if there's a class waiver. Judge Donato granted your motion to compel arbitration and now you won't let us do it. She

1557467.1

wants the arbitrator to decide if we need a class waiver, and would like to seek injunctive relief and punitive damages beyond what offered. Maybe Donato will side with you, but she would like to see what arbitrator says.
- (Stern) Nothing further.

1557467.1