# EXHIBIT 1

| From: | Budner, Kevin R. |
| To: | Stern, William L.; Bosman, Erin M.; Bartolomeo, Kai S.; Park, Julie Y. |
| Cc: | Selbin, Jonathan D.; "Robert Klonoff"; "Andrea Clisura"; Blaisdell, Max |
| Subject: | McLellan v. Fitbit Arbitration |
| Date: | Tuesday, April 03, 2018 9:35:52 PM |
| Attachments: | image001.gif |
| | Commercial Demand for Arbitration - McLellan.PDF |
| | Exhibit 1 - Dkt 42-Amended Consolidated Complaint with Exhibits.pdf |
| | Exhibit 2 - Dkt 114-Order re Fitbit's MTC Arbitration.pdf |
| | Exhibit 3 - Dkt 126-Order re Partial Reconsideration.pdf |
| | Exhibit 4 - Terms of Service.pdf |

- External Email -

Counsel,

Please find attached the Demand for Arbitration and accompanying exhibits submitted today to the AAA on behalf of Ms. McLellan.  I understand that the arbitrator will be sending all parties an initiating letter in the coming days.

Regards,



**Kevin R. Budner**
Partner
kbudner@lchb.com
t 415.956.1000
f 415.956.1008
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

# EXHIBIT 2



AMERICAN
ARBITRATION
ASSOCIATION®   INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043
Telephone: (856)435-6401

April 25, 2018

Jonathan D. Selbin, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street
8th Floor
New York, NY 10013
Via Email to: jselbin@lchb.com

William L. Stern, Esq.
Morrison & Foerster, LLP
425 Market Street
34th Floor
San Francisco, CA 94105-2482
Via Email to: wstern@mofo.com

Case Number: 01-18-0001-3597

Kate McLellan
-vs-
Fitbit, Inc.


Dear Parties:

The claimant has filed with us a demand for arbitration. The American Arbitration Association ("AAA") has determined that this arbitration arises out of a consumer agreement and, as such, the Consumer Arbitration Rules ("Consumer Rules") apply to this dispute. The Consumer Rules may be found on our website at www.adr.org.

We note that the contract references the Commercial Arbitration Rules. According to R-1* of the Commercial Arbitration Rules, the AAA applies the Consumer Arbitration Rules to disputes arising out of consumer arbitration agreements.

We are in receipt of a court order compelling arbitration. Accordingly, we are proceeding on that basis.

Under California law (the Ethics Standards for Neutral Arbitrators in Contractual Arbitration), upon the appointment of an arbitrator in consumer arbitrations, the AAA is required to disclose certain information regarding cases we have administered. Also, pursuant to the California Code of Civil Procedure section 1281.96, the AAA must collect and make available to the public information regarding our involvement in, and outcome of, consumer arbitrations.

The AAA relies on the information provided by the parties to fulfill its obligations under California law. Therefore, we ask that you take the time to review party names in the case caption (located under the case number at the top of this letter) and immediately advise me if any changes need to be made.

Pursuant to section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees

and costs. This waiver of fees does not include arbitrator fees and compensation. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. A consumer meeting these requirements must submit to the AAA a declaration under of oath regarding monthly income and the number of persons in the consumer's household. Please email me if you have any questions regarding the waiver of administrative fees.

Under the Consumer Rules, the consumer pays a filing fee of $200 and the business pays a filing fee of $1,700. We have received the consumer's $200 portion of the filing fee So that the filing requirements are complete, **the business is requested to submit filing fees of $1,700 and the arbitrator's compensation deposit of $2,500, totaling $4,200**.

Please make the check payable to the American Arbitration Association and include a reference to the case number. Checks should be mailed to 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043. In the event that payment is being made by a third party, such as an insurance company, please request that payment be sent directly to the business' representative. The business' representative should then forward payment to the AAA in accordance with the foregoing instructions.

The requested payment  should be received no later than **May 9th, 2018** and the AAA may decline to administer this dispute if the business does not timely respond. It should be noted that the consumer's satisfaction of the filing requirements triggers the business' obligation to promptly pay its share of the filing fees under the rules and the business may owe all or a portion of the filing fees even if the matter is settled or withdrawn. The AAA will refund any overpayments received from the consumer with the filing.

No answering statement or counterclaim is due at this time and the parties will be notified of the applicable deadlines upon satisfaction of all the filing requirements.

Please email ConsumerSpecialist@adr.org if you have any questions. The AAA appreciates the opportunity to assist you with your dispute resolution needs.

Sincerely,

Consumer Filing Team
ConsumerSpecialist@adr.org
Fax (877) 304-8457

# EXHIBIT 3



# Consumer Arbitration Rules



AMERICAN ARBITRATION ASSOCIATION®

Available online at **adr.org/consumer**

Rules Amended and Effective September 1, 2014
Cost of Arbitration Effective January 1, 2016

# Table of Contents

Consumer Arbitration Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

About the AAA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

The Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

The AAA's Consumer Arbitration Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Availability of Mediation through Mediation.org . . . . . . . . . . . . . . . . . . . . . .7

Administrative Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Arbitrator's Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

Notification . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8


Filing a Case and Initial AAA Administrative Steps . . . . . . . . . . . . . . . . . . . . . .9

R-1. Applicability (When the AAA Applies These Rules) . . . . . . . . . . . . . . . . . . . . . . .9

R-2. Starting Arbitration under an Arbitration Agreement in a Contract . . . . . . . . . . . .11

R-3. Agreement to Arbitrate When There is No AAA Arbitration Clause . . . . . . . . . . . .13

R-4. AAA Administrative Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

R-5. Neutral Arbitrator's Compensation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

R-6. Depositing Neutral Arbitrator's Compensation with the AAA . . . . . . . . . . . . . . . .14

R-7. Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

R-8. Changes of Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

R-9. Small Claims Option for the Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

R-10. Administrative Conference with the AAA . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

R-11. Fixing of Locale (the city, county, state, territory and/or country where the
arbitration will take place) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

R-12. Business Notification and Publicly-Accessible Consumer Clause Registry . . . . . .16

R-13. AAA and Delegation of Duties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

R-14. Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17


Appointing the Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

R-15. National Roster of Arbitrators . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

R-16. Appointment from National Roster . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

R-17. Number of Arbitrators . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

R-18. Disclosure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

R-19. Disqualification of Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

R-20. Vacancies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

**Pre-Hearing Preparation** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20

R-21. Preliminary Management Hearing with the Arbitrator . . . . . . . . . . . . . . . . . . . . . . . .20

R-22. Exchange of Information between the Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20

R-23. Enforcement Powers of the Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20

R-24. Written Motions (except for Dispositive Motions—see R-33) . . . . . . . . . . . . . . . .21

R-25. Representation of a Party . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21

R-26. Setting the Date, Time, and Place (the physical site of the hearing within the
        designated locale) of Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .22

R-27. Written Record of Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .22

R-28. Interpreters . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .22

R-29. Documents-Only Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .23


**Hearing Procedures** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

R-30. Attendance at Hearings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

R-31. Oaths . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

R-32. Conduct of Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

R-33. Dispositive Motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .25

R-34. Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .25

R-35. Evidence by Affidavit and Post-Hearing Filing of Documents or Other Evidence 25

R-36. Inspection or Investigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .25

R-37. Interim Measures (a preliminary decision made by the arbitrator involving part
        or all of the issue(s) in dispute in the arbitration) . . . . . . . . . . . . . . . . . . . . . . . . . .26

R-38. Postponements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .26

R-39. Arbitration in the Absence of a Party or Representative . . . . . . . . . . . . . . . . . . . . .26


**Conclusion of the Hearing** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .27

R-40. Closing of Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .27

R-41. Reopening of Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .27

R-42. Time of Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .27

R-43. Form of Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .27

R-44. Scope of Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .28

R-45. Award upon Settlement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .28

R-46. Delivery of Award to Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .28

R-47. Modification of Award for Clerical, Typographical, or Mathematical Errors . . . . . .29

Post Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .30
    R-48. Release of Documents for Judicial Proceedings. . . . . . . . . . . . . . . . . . . . . . . . . . . . .30
    R-49. Applications to Court and Exclusion of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . .30

General Procedural Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .31
    R-50. Waiver of Rules. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .31
    R-51. Extensions of Time . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .31
    R-52. Serving of Notice and AAA and Arbitrator Communications . . . . . . . . . . . . . . . . .31
    R-53. Interpretation and Application of Rules. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .32
    R-54. Remedies for Nonpayment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .32
    R-55. Declining or Ceasing Arbitration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .32

Costs of Arbitration (including AAA Administrative Fees) . . . . . . . . . . . . . . . . . . . . . .33
    (i) Filing Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .34
    (ii) Neutral Arbitrator's Compensation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .34
    (iii) Refund Schedule . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .35
    (iv) Hearing Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .35
    (v) Hearing Room Rental. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .35
    (vi) Abeyance Fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .35
    (vii) Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .35
    (viii) Consumer Clause Review and Registry Fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . .36

Procedures for the Resolution of Disputes through Document Submission . . . . .37
    D-1. Applicability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .37
    D-2. Preliminary Management Hearing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .37
    D-3. Removal from the Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .37
    D-4. Time of Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .38

Glossary of Terms .......................................................... 39

   Administrator.......................................................... 39

   ADR Agreement ....................................................... 39

   ADR Process........................................................... 39

   ADR Program.......................................................... 39

   Arbitration ............................................................. 39

   Arbitration Agreement ................................................ 40

   Arbitrator .............................................................. 40

   Case Administrator .................................................... 40

   Claimant .............................................................. 40

   Demand for Arbitration (also referred to as "Demand")................ 40

   Documents-Only Arbitration ......................................... 41

   Independent ADR Institution ......................................... 41

   In-Person Hearing .................................................... 41

   Mediation ............................................................. 41

   Neutral ................................................................ 41

   Party .................................................................. 41

   Parties................................................................. 42

   Opposing Party ....................................................... 42

   Respondent ........................................................... 42

   Telephone Hearing .................................................... 42

# Consumer Arbitration Rules



## Introduction

Millions of consumer purchases take place each year. Occasionally, these transactions lead to disagreements between consumers and businesses. These disputes can be resolved by arbitration. Arbitration is usually faster and cheaper than going to court.

The American Arbitration Association® ("AAA®," "the Association") applies the *Consumer Arbitration Rules* ("Rules") to arbitration clauses in agreements between individual consumers and businesses where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are non-negotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use. The AAA has the discretion to apply or not to apply the *Consumer Arbitration Rule*, and the parties are able to bring any disputes concerning the application or non-application of the Rules to the attention of the arbitrator. Consumers and businesses are permitted to seek relief in a small claims court for disputes or claims within the scope of the small claims court's jurisdiction. These Rules were drafted and designed to be consistent with the minimum due process principles of the *Consumer Due Process Protocol*.

### About the AAA

The administrator's role is to manage the administrative aspects of the arbitration, such as the appointment of the arbitrator, preliminary decisions about where hearings might take place, and handling the fees associated with the arbitration. As administrator, however, the AAA does not decide the merits of a case or make any rulings on issues such as what documents must be shared with each side. Because the AAA's role is only administrative, the AAA cannot overrule or change an arbitrator's decisions or rulings. The administrator will comply with any court orders issued from litigation involving the parties to the dispute.

The American Arbitration Association, founded in 1926, is a neutral, independent, and private not-for-profit organization. We offer a broad range of conflict management services to businesses, organizations, and individuals. We also provide education, training, and publications focused on methods for settling disputes out of court.

### The Arbitrator

Except where the parties to a case reach their own settlement, the arbitrator will make the final, binding decision called the Award on the dispute and render it in writing. The Arbitrator makes all the procedural decisions on a case not made by the Administrator or not decided jointly by the parties. The arbitrator may grant any remedy, relief, or outcome that the parties could have received in court, including awards of attorney's fees and costs, in accordance with the law or laws that apply to the case.

Arbitrators are neutral and independent decision makers who are not employees of the AAA. Once appointed to a case, an arbitrator may not be removed by one party without the other party's consent or unless the Administrator determines an arbitrator should be removed and replaced by another arbitrator chosen by the Administrator in a manner described in these Rules.

### The AAA's Consumer Arbitration Rules

The AAA has developed the *Consumer Arbitration Rules* for consumers and businesses that want to have their disagreements resolved through arbitration.

### Availability of Mediation through Mediation.org

Mediation in consumer disputes is also available to help parties resolve their disputes. Parties interested in participating in mediation may find a mediator through **www.mediation.org.**

### Administrative Fees

The Association charges a fee for its services under these Rules. A fee schedule is included at the end of these Rules in the Costs of Arbitration section.

### Arbitrator's Fees

Arbitrators are paid for the time they spend resolving disputes. The business makes deposits as outlined in the fee schedule in the Costs of Arbitration section of these Rules. Unused deposits are refunded at the end of the case.

### Notification

A business intending to incorporate these Rules or to refer to the dispute resolution services of the AAA in a consumer alternative dispute resolution ("ADR") plan should, at least 30 days prior to the planned effective date of the program,

- notify the Association of its intention to do so, and
- provide the Association with a copy of the consumer dispute resolution plan.

If a business does not comply with this requirement, the Association reserves the right to withhold its administrative services. For more information, please see R-12 below.

# Filing a Case and Initial AAA Administrative Steps

## R-1. Applicability (When the AAA Applies These Rules)

**(a)** The parties shall have made these *Consumer Arbitration Rules* ("Rules") a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association ("AAA"), and

**1)** have specified that these *Consumer Arbitration Rules* shall apply;

**2)** have specified that the *Supplementary Procedures for Consumer-Related Disputes* shall apply, which have been amended and renamed the *Consumer Arbitration Rules*;

**3)** the arbitration agreement is contained within a consumer agreement, as defined below, that does not specify a particular set of rules; or

**4)** the arbitration agreement is contained within a consumer agreement, as defined below, that specifies a particular set of rules other than the *Consumer Arbitration Rules.*

When parties have provided for the AAA's rules or AAA administration as part of their consumer agreement, they shall be deemed to have agreed that the application of the AAA's rules and AAA administration of the consumer arbitration shall be an essential term of their consumer agreement.

The AAA defines a consumer agreement as an agreement between an individual consumer and a business where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are non-negotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use.

Examples of contracts that typically meet the criteria for application of these Rules, if the contract is for personal or household goods or services and has an arbitration provision, include, but are not limited to the following:

- Credit card agreements
- Telecommunications (cell phone, ISP, cable TV) agreements
- Leases (residential, automobile)
- Automobile and manufactured home purchase contracts
- Finance agreements (car loans, mortgages, bank accounts)
- Home inspection contracts
- Pest control services

- Moving and storage contracts
- Warranties (home, automobile, product)
- Legal funding
- Health and fitness club membership agreements
- Travel services
- Insurance policies
- Private school enrollment agreements

Examples of contracts that typically do not meet the criteria for application of these Rules, should the contract contain an arbitration provision, include, but are not limited to the following:

- Home construction and remodeling contracts
- Real estate purchase and sale agreements
- Condominium or homeowner association by-laws
- Business insurance policies (including crop insurance)
- Commercial loan and lease agreements
- Commercial guaranty agreements

**(b)** When parties agree to arbitrate under these Rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these Rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in the agreement of the parties and in these Rules and may be carried out through such of the AAA's representatives as it may direct. The AAA may, in its discretion, assign the administration of an arbitration to any of its offices. Arbitrations administered under these Rules shall only be administered by the AAA or by an individual or organization authorized by the AAA to do so.

**(c)** The consumer and the business may agree to change these Rules. If they agree to change the Rules, they must agree in writing. If the consumer and the business want to change these Rules after the appointment of the arbitrator, any changes may be made only with the approval of the arbitrator.

**(d)** The AAA administers consumer disputes that meet the due process standards contained in the *Consumer Due Process Protocol* and the *Consumer Arbitration Rules.* The AAA will accept cases after the AAA reviews the parties' arbitration agreement and if the AAA determines the agreement substantially and materially complies with the due process standards of these Rules and the *Consumer Due Process Protocol.* Should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

**(e)** The AAA has the initial authority to apply or not to apply the *Consumer Arbitration Rules.* If either the consumer or the business disagrees with the AAA's decision, the objecting party must submit the objection by the due date for filing an answer to the demand for arbitration. If an objection is filed, the arbitrator shall have the authority to make the final decision on which AAA rules will apply.

**(f)** If, within 30 days after the AAA's commencement of administration, a party seeks judicial intervention with respect to a pending arbitration and provides the AAA with documentation that judicial intervention has been sought, the AAA will suspend administration for 30 days to permit the party to obtain a stay of arbitration from the court.

**(g)** Where no disclosed claims or counterclaims exceed $25,000, the dispute shall be resolved by the submission of documents only/desk arbitration (see R-29 and the *Procedures for the Resolution of Disputes through Document Submission* below). Any party, however, may ask for a hearing. The arbitrator also may decide that a hearing is necessary.

## R-2. Starting Arbitration under an Arbitration Agreement in a Contract

**(a)** Arbitration filed under an arbitration agreement naming the AAA shall be started in the following manner:

**(1)** The party who starts the arbitration (referred to as the "claimant" throughout the arbitration) must contact, in writing, the party that the case is filed against (referred to as the "respondent" throughout the arbitration) that it wishes to arbitrate a dispute. This written contact is referred to as the Demand for Arbitration ("Demand"). The Demand must do the following:

- Briefly explain the dispute
- List the names and addresses of the consumer and the business, and, if known, the names of any representatives of the consumer and the business
- Specify the amount of money in dispute, if applicable
- Identify the requested location for the hearing if an in-person hearing is requested
- State what the claimant wants

**(2)** The claimant must also send one copy of the Demand to the AAA at the same time the demand is sent to the respondent. When sending a Demand to the AAA, the claimant must also send the following:

- A copy of the arbitration agreement contained in the contract and/or agreement and/or purchase document
- The proper filing fee; the amount of the filing fee can be found in the Costs of Arbitration section at the end of these Rules.

**(3)** If the arbitration is pursuant to a court order, the claimant must send one copy of the Demand to the AAA at the same time the Demand is sent to the respondent. When sending a demand to the AAA, the claimant must also send the following:

- A copy of the court order
- A copy of the arbitration agreement contained in the contract and/or agreement and/or purchase document
- The proper filing fee

The filing fee must be paid before a matter is considered properly filed. If the court order directs that a specific party is responsible for the filing fee, it is the responsibility of the filing party either to make such payment to the AAA and seek reimbursement as directed in the court order or to make other such arrangements so that the filing fee is submitted to the AAA with the Demand.

The claimant may file by mail. The mailing address of the AAA's Case Filing Services is:

American Arbitration Association
Case Filing Services
1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043

Or, the claimant may file online using AAA WebFile: **https://www.adr.org**

Or, the claimant may file at any of the AAA's offices.

**(b)** The AAA will send a written notice letting the consumer and the business know the Demand for Arbitration has been received.

**(c)** The respondent may submit a written response to the Demand, known as an "answer," which describes how the respondent responds to the claimant's claim. The answer must be sent to the AAA within 14 calendar days after the date the AAA notifies the parties that the Demand for Arbitration was received and all filing requirements were met. The answer must be

- in writing,
- sent to the AAA, and
- sent to the claimant at the same time.

**(d)** The respondent may also file a counterclaim, which is the respondent filing a Demand against the claimant. If the respondent has a counterclaim, the counterclaim must briefly explain the dispute, specify the amount of money involved, and state what the respondent wants.

(e) If no answer is filed within 14 calendar days, the AAA will assume that the respondent does not agree with the claim filed by the claimant. The case will move forward after 14 days regardless of whether an answer is filed.

(f) When sending a Demand or an answer, the consumer and the business are encouraged to provide enough details to make the dispute clear to the arbitrator.

## R-3. Agreement to Arbitrate When There is No AAA Arbitration Clause

If the consumer and business do not have an arbitration agreement or their arbitration agreement does not name the AAA, the parties may agree to have the AAA arbitrate their dispute. To start the arbitration, the parties must send the AAA a submission agreement, which is an agreement to arbitrate their case with the AAA, signed by the consumer and the business (email communications between all parties to a dispute reflecting an agreement to arbitrate also is acceptable). The submission agreement must

- be in writing (electronic communication is acceptable);
- be signed by both parties;
- briefly explain the dispute;
- list the names and addresses of the consumer and the business;
- specify the amount of money involved;
- specify the requested location for the hearing if an in-person hearing is requested; and
- state the solution sought.

The parties should send one copy of the submission agreement to the AAA. They must also send the proper filing fees. A fee schedule can be found in the Costs of Arbitration section at the end of these Rules.

## R-4. AAA Administrative Fees

As a not-for-profit organization, the AAA charges fees to compensate it for the cost of providing administrative services. The fee schedule in effect when the case is filed shall apply for all fees charged during the administration of the case. The AAA may, in the event of the consumer's extreme hardship, defer or reduce the consumer's administrative fees.

AAA fees shall be paid in accordance with the Costs of Arbitration section found at the end of these Rules.

### R-5. Neutral Arbitrator's Compensation

**(a)** Arbitrators serving under these Rules shall be compensated at a rate established by the AAA.

**(b)** Any arrangement for the compensation of an arbitrator shall be made through the AAA and not directly between the parties and the arbitrator.

**(c)** Arbitrator compensation shall be paid in accordance with the Costs of Arbitration section found at the end of these Rules.

### R-6. Depositing Neutral Arbitrator's Compensation with the AAA

The AAA may require the parties to deposit in advance of any hearings such sums of money as it decides are necessary to cover the expense of the arbitration, including the arbitrator's fee, and shall render an accounting to the parties and return any unused money at the conclusion of the case.

### R-7. Expenses

Unless otherwise agreed by the parties or as provided under applicable law, the expenses of witnesses for either side shall be borne by the party producing such witnesses.

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator, shall be borne in accordance with the Costs of Arbitration section found at the end of these Rules.

### R-8. Changes of Claim

Once a Demand has been filed, any new claims or counterclaims, or changes to the claim or counterclaim, must be made in writing and sent to the AAA. The party making the new or different claim or counterclaim shall send a copy to the opposing party. As with the original Demand or counterclaim, a party shall have 14 calendar days from the date the AAA notifies the parties it received the new or different claim or counterclaim to file an answering statement with the AAA.

If an arbitrator has already been appointed, a new or different claim or counterclaim may only be considered if the arbitrator allows it.

### R-9. Small Claims Option for the Parties

If a party's claim is within the jurisdiction of a small claims court, either party may choose to take the claim to that court instead of arbitration as follows:

(a) The parties may take their claims to small claims court without first filing with the AAA.

(b) After a case is filed with the AAA, but before the arbitrator is formally appointed to the case by the AAA, a party can send a written notice to the opposing party and the AAA that it wants the case decided by a small claims court. After receiving this notice, the AAA will administratively close the case.

(c) After the arbitrator is appointed, if a party wants to take the case to small claims court and notifies the opposing party and the AAA, it is up to the arbitrator to determine if the case should be decided in arbitration or if the arbitration case should be closed and the dispute decided in small claims court.

### R-10. Administrative Conference with the AAA

At the request of any party or if the AAA should so decide, the AAA may have a telephone conference with the parties and/or their representatives. The conference may address issues such as arbitrator selection, the possibility of a mediated settlement, exchange of information before the hearing, timing of the hearing, the type of hearing that will be held, and other administrative matters.

### R-11. Fixing of Locale (the city, county, state, territory and/or country where the arbitration will take place)

If an in-person hearing is to be held and if the parties do not agree to the locale where the hearing is to be held, the AAA initially will determine the locale of the arbitration. If a party does not agree with the AAA's decision, that party can ask the arbitrator, once appointed, to make a final determination. The locale determination will be made after considering the positions of the parties, the circumstances of the parties and the dispute, and the *Consumer Due Process Protocol.*

R-12. Business Notification and Publicly-Accessible Consumer Clause Registry

Beginning September 1, 2014, a business that provides for or intends to provide for these Rules or another set of AAA Rules in a consumer contract (as defined in R-1) should

1. notify the AAA of the existence of such a consumer contract or of its intention to do so at least 30 days before the planned effective date of the contract.
2. provide the AAA a copy of the arbitration agreement.

Upon receiving the arbitration agreement, the AAA will review the agreement for material compliance with due process standards contained in the *Consumer Due Process Protocol* and the *Consumer Arbitration Rules* (see Rule 1(d)). There is a nonrefundable fee to conduct this initial review and maintain a publicly-available clause registry, which is detailed in the Costs of Arbitration section found at the end of these Rules. Any subsequent changes, additions, deletions, or amendments to a currently-registered arbitration agreement must be resubmitted for review and a review fee will be assessed at that time. The AAA will decline to administer consumer arbitrations arising out of that arbitration agreement where the business fails to pay the review fee.

If a business does not submit its arbitration agreement for review and a consumer arbitration then is filed with the AAA, the AAA will conduct an expedited review at that time. Along with any other filing fees that are owed for that case, the business also will be responsible for paying the nonrefundable review and Registry fee (including any fee for expedited review at the time of filing) for this initial review, which is detailed in the Costs of Arbitration section found at the end of these Rules. The AAA will decline to administer consumer arbitrations arising out of that arbitration agreement if the business declines to pay the review and Registry fee.

After the AAA reviews the submitted consumer clause, receives the annual consumer registry fee, and determines it will administer consumer-related disputes filed pursuant to the consumer clause, the business will be included on the publicly-accessible Consumer Clause Registry. This Consumer Clause Registry maintained by the AAA will contain the name of the business, the address, and the consumer arbitration clause, along with any related documents as deemed necessary by the AAA. The AAA's review of a consumer arbitration clause and determination whether or not to administer arbitrations pursuant to

that clause is only an administrative determination by the AAA and cannot be relied upon or construed as a legal opinion or advice regarding the enforceability of the arbitration clause. Consumer arbitration agreements may be registered at: **www.adr.org/consumerclauseregistry** or via email at **consumerreview@adr.org.**

For more information concerning the Consumer Clause Registry, please visit the AAA's website at **www.adr.org/consumerclauseregistry.**

The Registry fee to initially review a business's agreement and maintain the clause registry list is a yearly, non-refundable fee for the business's arbitration agreement. Any different arbitration agreements submitted by the same business or its subsidiaries must be submitted for review and are subject to the current review fee.

If the AAA declines to administer a case due to the business's non-compliance with this notification requirement, the parties may choose to submit their dispute to the appropriate court.

## R-13. AAA and Delegation of Duties

When the consumer and the business agree to arbitrate under these Rules or other AAA rules, or when they provide for arbitration by the AAA and an arbitration is filed under these Rules, the parties also agree that the AAA will administer the arbitration. The AAA's administrative duties are set forth in the parties' arbitration agreement and in these Rules. The AAA will have the final decision on which office and which AAA staff members will administer the case. Arbitrations administered under these Rules shall only be administered by the AAA or by an individual or organization authorized by the AAA to do so.

## R-14. Jurisdiction

(a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim.

(b) The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

(c) A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

## Appointing the Arbitrator

### R-15. National Roster of Arbitrators

The AAA maintains a National Roster of Arbitrators ("National Roster") and shall appoint arbitrators from this National Roster to resolve the parties' dispute(s).

### R-16. Appointment from National Roster

(a) If the parties have not appointed an arbitrator and have not agreed to a process for appointing the arbitrator, immediately after the filing of the submission agreement or the answer, or after the deadline for filing the answer, the AAA will administratively appoint an arbitrator from the National Roster.

(b) If the parties' arbitration agreement provides for three or more arbitrators and they have not appointed the arbitrators and have not agreed to a process for appointing the arbitrators, immediately after the filing of the submission agreement or the answer, or after the deadline for filing the answer, the AAA will administratively appoint the arbitrators from the National Roster. The AAA will appoint the chairperson.

(c) Arbitrator(s) serving under these Rules will be neutral and must meet the standards of R-19 with respect to being impartial and independent.

### R-17. Number of Arbitrators

If the arbitration agreement does not specify the number of arbitrators and the parties do not agree on the number, the dispute shall be heard and decided by one arbitrator.

### R-18. Disclosure

(a) Any person appointed or to be appointed as an arbitrator, as well as the parties and their representatives, must provide information to the AAA of any circumstances likely to raise justifiable doubt as to whether the arbitrator can remain impartial or independent. This disclosure of information would include

   (1) any bias;

   (2) any financial interest in the result of the arbitration;

   (3) any personal interest in the result of the arbitration; or

   (4) any past or present relationship with the parties or their representatives.

Such obligation to provide disclosure information remains in effect throughout the arbitration. A failure on the part of a party or a representative to comply with the

requirements of this rule may result in the waiver of the right to object to an arbitrator in accordance with Rule R-50.

**(b)** If the AAA receives such information from the arbitrator or another source, the AAA will communicate the information to the parties. If the AAA decides it is appropriate, it will also communicate the information to the arbitrator and others.

**(c)** In order to encourage disclosure by arbitrators, disclosing such information does not mean that the arbitrator considers the disclosed information will likely affect his or her ability to be impartial or independent.

## R-19. Disqualification of Arbitrator

**(a)** Any arbitrator shall be impartial and independent and shall perform his or her duties carefully and in good faith. The AAA may disqualify an arbitrator who shows

  **(1)** partiality or lack of independence;

  **(2)** inability or refusal to perform his or her duties with diligence and in good faith; or

  **(3)** any grounds for disqualification provided by applicable law.

**(b)** If a party objects to the continued service of an arbitrator, or if the AAA should so decide to raise the issue of whether the arbitrator should continue on the case, the AAA will decide if the arbitrator should be disqualified.  After gathering the opinions of the parties, the AAA will decide and that decision shall be final and conclusive.

## R-20. Vacancies

If for any reason an arbitrator cannot or is unwilling to perform the duties of the office, the AAA may declare the office vacant. Any vacancies shall be filled based on the original procedures used to appoint the arbitrator. If a substitute arbitrator is appointed, the substitute arbitrator will decide if it is necessary to repeat all or part of any prior ruling or hearing.

## Pre-Hearing Preparation

### R-21. Preliminary Management Hearing with the Arbitrator

(a) If any party asks for, or if the AAA or the arbitrator decides to hold one, the arbitrator will schedule a preliminary management hearing with the parties and/or their representatives as soon as possible. The preliminary management hearing will be conducted by telephone unless the arbitrator decides an in-person preliminary management hearing is necessary.

(b) During the preliminary management hearing, the parties and the arbitrator should discuss the future conduct of the case, including clarification of issues and claims, scheduling of the hearings, and any other preliminary matters.

(c) The arbitrator shall promptly issue written orders that state the arbitrator's decisions made during or as a result of the preliminary management hearing. The arbitrator may also conduct additional preliminary management hearings if the need arises.

### R-22. Exchange of Information between the Parties

(a) If any party asks or if the arbitrator decides on his or her own, keeping in mind that arbitration must remain a fast and economical process, the arbitrator may direct

   1) specific documents and other information to be shared between the consumer and business, and

   2) that the consumer and business identify the witnesses, if any, they plan to have testify at the hearing.

(b) Any exhibits the parties plan to submit at the hearing need to be shared between the parties at least five business days before the hearing, unless the arbitrator sets a different exchange date.

(c) No other exchange of information beyond what is provided for in section (a) above is contemplated under these Rules, unless an arbitrator determines further information exchange is needed to provide for a fundamentally fair process.

(d) The arbitrator has authority to resolve any disputes between the parties about exchanging information.

### R-23. Enforcement Powers of the Arbitrator

The arbitrator may issue any orders necessary to enforce the provisions of rules R-21 and R-22 and to otherwise achieve a fair, efficient, and economical resolution of the case, including, but not limited to:

(a) an order setting the conditions for any exchange or production of confidential documents and information, and the admission of confidential evidence at the hearing in order to preserve such confidentiality;

(b) to the extent the exchange of information takes place pursuant to R-22, imposing reasonable search limitations for electronic and other documents if the parties are unable to agree;

(c) allocating costs of producing documentation, including electronically-stored documentation;

(d) in the case of willful non-compliance with any order issued by the arbitrator, drawing adverse inferences, excluding evidence and other submissions, and/or making special allocations of costs or an interim award of costs arising from such non-compliance; and

(e) issuing any other enforcement orders that the arbitrator is empowered to issue under applicable law.

## R-24. Written Motions (except for Dispositive Motions—see R-33)

The arbitrator may consider a party's request to file a written motion (except for Dispositive Motions— see R-33) only after the parties and the arbitrator conduct a conference call to attempt to resolve the issue that gives rise to the proposed motion. Only after the parties and the arbitrator hold the call may the arbitrator consider a party's request to file a written motion. The arbitrator has the sole discretion to allow or deny the filing of a written motion and his or her decision is final.

## R-25. Representation of a Party

Any party may participate in the arbitration without representation, or may be represented by counsel or other authorized representative, unless such choice is prohibited by applicable law. A party intending to be represented shall give the opposing party and the AAA the name, address, and contact information of the representative at least three business days before the hearing where that representative will first appear in the case. It will be considered proper notice if a representative files the arbitration demand or answer or responds for a party during the course of the arbitration.

While parties do not need an attorney to participate in arbitration, arbitration is a final, legally-binding process that may impact a party's rights. As such, parties may want to consider consulting an attorney.

### R-26. Setting the Date, Time, and Place (the physical site of the hearing within the designated locale) of Hearing

The arbitrator will set the date, time, and place for each hearing within the locale as determined in R-11. A hearing may be by telephone or in person. For their part, the parties commit to

(1) respond promptly to the arbitrator when he or she asks what dates the parties are available to have the hearings;

(2) cooperate in the scheduling of the hearing on the earliest possible date; and

(3) follow the hearing schedule set up by the arbitrator.

The AAA will send a notice of the hearing to the parties at least 10 days before the hearing date, unless the parties agree to a different time frame.

### R-27. Written Record of Hearing

(a) If a party wants a written record of the hearing, that party must make such arrangement directly with a stenographer (court reporter) and notify the opposing parties, the AAA, and the arbitrator of these arrangements at least three business days before the hearing. The party or parties who request the written record shall pay the cost of the service.

(b) No other type of recording will be allowed unless the parties agree or the arbitrator directs a different form of recording.

(c) The arbitrator may resolve disputes between the parties over who will pay the costs of the written record or other type of recording.

(d) The parties can agree or the arbitrator may decide that the transcript (written record) is the official record of the hearing. If it is the official record of the hearing, the transcript must be given to the arbitrator and made available to all the parties so that it can be reviewed. The date, time, and place of the inspection will be decided by the arbitrator.

### R-28. Interpreters

If a party wants an interpreter present for any part of the process, that party must make arrangements directly with the interpreter and shall pay for the costs of the service.

R-29. Documents-Only Procedure

Disputes may be resolved by submission of documents and without in-person or telephonic hearings. For cases being decided by the submission of documents only, the *Procedures for the Resolution of Disputes through Document Submission* (found at the end of these Rules) shall supplement these Rules. These Procedures will apply where no disclosed claims or counterclaims exceed $25,000 (see R-1(g)), unless any party requests an in-person or telephonic hearing or the arbitrator decides that a hearing is necessary.

## Hearing Procedures

### R-30. Attendance at Hearings

The arbitrator and the AAA will keep information about the arbitration private except to the extent that a law provides that such information shall be shared or made public. The parties and their representatives in the arbitration are entitled to attend the hearings. The arbitrator will determine any disputes over whether a non-party may attend the hearing.

### R-31. Oaths

Before starting the hearing, each arbitrator may take an oath of office and, if required by law, shall do so. If the arbitrator determines that witnesses shall testify under oath, then the arbitrator will direct the oath be given by a duly-qualified person.

### R-32. Conduct of Proceedings

(a) The claimant must present evidence to support its claim. The respondent must then present evidence to support its defense. Witnesses for each party also must answer questions from the arbitrator and the opposing party. The arbitrator may change this procedure, as long as each party has the right to be heard and is given a fair opportunity to present its case.

(b) When the arbitrator decides it is appropriate, the arbitrator may also allow the parties to present evidence in alternative ways, including web conferencing, Internet communication, and telephonic conferences. All procedures must provide the parties with a full and equal opportunity to present any evidence that the arbitrator decides is material and relevant to deciding the dispute. If the alternative ways to present evidence involve witnesses, those ways may include that the witness submit to direct and cross-examination questioning.

(c) The arbitrator will use his or her discretion to resolve the dispute as quickly as possible and may direct the parties to present the evidence in a certain order, or may split the proceedings into multiple parts and direct the parties in the presentation of evidence.

(d) The hearing generally will not exceed one day. However, if a party shows good cause, the arbitrator may schedule additional hearings within seven calendar days after the initial day of hearing.

(e) The parties may agree in writing to waive oral hearings.

## R-33. Dispositive Motions

The arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case.

## R-34. Evidence

(a) The parties may offer relevant and material evidence and must produce any evidence the arbitrator decides is necessary to understand and decide the dispute. Following the legal rules of evidence shall not be necessary. All evidence should be taken in the presence of the arbitrator and all of the parties, unless any of the parties is absent, in default, or has waived the right to be present.

(b) The arbitrator shall determine what evidence will be admitted, what evidence is relevant, and what evidence is material to the case. The arbitrator may also exclude evidence that the arbitrator decides is cumulative or not relevant.

(c) The arbitrator shall consider applicable principles of legal privilege, such as those that involve the confidentiality of communications between a lawyer and a client.

(d) An arbitrator or other person authorized by law to subpoena witnesses or documents may do so on the request of any party or on the arbitrator's own determination. If a party requests the arbitrator sign a subpoena, that party shall copy the request to the other parties in the arbitration at the same time it is provided to the arbitrator.

## R-35. Evidence by Affidavit and Post-Hearing Filing of Documents or Other Evidence

(a) The arbitrator may receive and consider the evidence of witnesses by declaration or affidavit rather than in-person testimony but will give this evidence only such credence as the arbitrator decides is appropriate. The arbitrator will consider any objection to such evidence made by the opposing party.

(b) If the parties agree or the arbitrator decides that documents or other evidence need to be submitted to the arbitrator after the hearing, those documents or other evidence will be filed with the AAA so that they can be sent to the arbitrator. All parties will be given the opportunity to review and respond to these documents or other evidence.

## R-36. Inspection or Investigation

An arbitrator finding it necessary to inspect property or conduct an investigation in connection with the arbitration will request that the AAA inform the parties. The arbitrator will set the date and time of the inspection and investigation, and

the AAA will notify the parties. Any party who would like to be present at the inspection or investigation may attend. If one or all parties are not present at the inspection or investigation, the arbitrator will make an oral or written report to the parties and allow them an opportunity to comment.

## R-37. Interim Measures (a preliminary decision made by the arbitrator involving part or all of the issue(s) in dispute in the arbitration)

(a) The arbitrator may grant whatever interim measures he or she decides are necessary, including granting an injunction and ordering that property be protected.

(b) Such interim measures may take the form of an interim award, and the arbitrator may require a security payment for the costs of such measures.

(c) When making a decision on an interim measure, the arbitrator may grant any remedy, relief, or outcome that the parties could have received in court.

(d) A party to an arbitration agreement under these Rules may instead file in state or federal court for interim relief. Applying to the court for this type of relief, including temporary restraining orders, is consistent with the agreement to arbitrate and will not be considered a waiver of the right to arbitrate.

## R-38. Postponements

The arbitrator may postpone any hearing

(a) if requested by a party, and the party shows good cause for the postponement;

(b) if all parties agree to a postponement;

(c) on his or her own decision.

## R-39. Arbitration in the Absence of a Party or Representative

The arbitration may proceed even if any party or representative is absent, so long as proper notice was given and that party or representative fails to appear or obtain a postponement from the arbitrator. An award cannot be made only because of the default of a party. The arbitrator shall require the party who participates in the hearing to submit the evidence needed by the arbitrator to make an award.

## Conclusion of the Hearing

### R-40. Closing of Hearing

The arbitrator must specifically ask all parties whether they have any further proofs to offer or witnesses to be heard. When the arbitrator receives negative replies or he or she is satisfied that the record is complete, the arbitrator will declare the hearing closed.

If briefs or other written documentation are to be filed by the parties, the hearing shall be declared closed as of the final date set by the arbitrator. Absent agreement of the parties, the time that the arbitrator has to make the award begins upon the closing of the hearing. The AAA may extend the time limit for the rendering of the award only in unusual and extreme circumstances.

### R-41. Reopening of Hearing

If a party requests, or if the arbitrator decides to do so, the hearing may be reopened at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed on by the parties in the contract(s) out of which the controversy has arisen, the matter may not be reopened unless the parties agree on an extension of time. If the arbitrator reopens the hearing, he or she shall have 30 days from the closing of the reopened hearing within which to make an award.

### R-42. Time of Award

The award shall be issued promptly by the arbitrator and, unless the parties agree differently or the law indicates a different time frame, no later than 30 calendar days from the date the hearing is closed, or, if the case is a documents-only procedure, 14 calendar days from the date the arbitrator set for his or her receipt of the final statements and proofs. The AAA may extend the time limit for the rendering of the award only in unusual and extreme circumstances.

### R-43. Form of Award

(a) Any award shall be in writing and executed in the form and manner required by law.

(b) The award shall provide the concise written reasons for the decision unless the parties all agree otherwise. Any disagreements over the form of the award shall be decided by the arbitrator.

(c) The AAA may choose to publish an award rendered under these Rules; however, the names of the parties and witnesses will be removed from awards that are published, unless a party agrees in writing to have its name included in the award.

## R-44. Scope of Award

(a) The arbitrator may grant any remedy, relief, or outcome that the parties could have received in court, including awards of attorney's fees and costs, in accordance with the law(s) that applies to the case.

(b) In addition to a final award, the arbitrator may make other decisions, including interim, interlocutory, or partial rulings, orders, and awards. In any interim, interlocutory, or partial award, the arbitrator may assess and divide up the fees, expenses, and compensation related to such award as the arbitrator decides is appropriate, subject to the provisions and limitations contained in the Costs of Arbitration section.

(c) The arbitrator may also allocate compensation, expenses as defined in sections (v) and (vii) of the Costs of Arbitration section, and administrative fees (which include Filing and Hearing Fees) to any party upon the arbitrator's determination that the party's claim or counterclaim was filed for purposes of harassment or is patently frivolous.

(d) In the final award, the arbitrator shall assess the fees, expenses, and compensation provided in Sections R-4, R-5, and R-7 in favor of any party, subject to the provisions and limitations contained in the Costs of Arbitration section.

## R-45. Award upon Settlement

If the parties settle their dispute at any point during the arbitration and at the parties' request, the arbitrator may lay out the terms of the settlement in a "consent award" (an award drafted and signed by the arbitrator that reflects the settlement terms of the parties). A consent award must include a division of the arbitration costs, including administrative fees and expenses as well as arbitrator fees and expenses. Consent awards will not be made available to the public per Rule 43(c) unless the parties agree otherwise.

## R-46. Delivery of Award to Parties

Parties shall accept as notice and delivery of the award the placing of the award or a true copy thereof in the mail addressed to the parties or their representatives at the last known addresses, personal or electronic service of the award, or the filing of the award in any other manner that is permitted by law.

R-47. Modification of Award for Clerical, Typographical, or Mathematical Errors

(a) Within 20 days after the award is transmitted, any party, upon notice to the opposing parties, may contact the AAA and request that the arbitrator correct any clerical, typographical, or mathematical errors in the award. The arbitrator has no power to re-determine the merits of any claim already decided.

(b) The opposing parties shall be given 10 days to respond to the request. The arbitrator shall make a decision on the request within 20 days after the AAA transmits the request and any responses to the arbitrator.

(c) If applicable law provides a different procedural time frame, that procedure shall be followed.

## Post Hearing

### R-48. Release of Documents for Judicial Proceedings

The AAA shall give a party certified copies of any records in the AAA's possession that may be required in judicial proceedings relating to the arbitration, except for records determined by the AAA to be privileged or confidential. The party will have to pay a fee for this service.

### R-49. Applications to Court and Exclusion of Liability

**(a)** No court or judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

**(b)** Neither the AAA nor any arbitrator in a proceeding under these Rules is a necessary or proper party in judicial proceedings relating to the arbitration.

**(c)** Parties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

**(d)** Parties to an arbitration under these Rules shall be deemed to have consented that neither the AAA, AAA employees, nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules.

**(e)** Parties to an arbitration under these Rules may not call the arbitrator, the AAA, or any AAA employee as a witness in litigation or any other proceeding relating to the arbitration. The arbitrator, the AAA, and AAA employees are not competent to and may not testify as witnesses in any such proceeding.

## General Procedural Rules

### R-50. Waiver of Rules

If a party knows that any of these Rules have not been followed, it must object in writing before proceeding with arbitration or it will lose its right to object that the rule has not been followed.

### R-51. Extensions of Time

The parties may agree to change any period of time provided for in the Rules, except that any such modification that negatively affects the efficient resolution of the dispute is subject to review and approval by the arbitrator. The AAA or the arbitrator may for good cause extend any period of time in these Rules, except as set forth in R-42. The AAA will notify the parties of any extension.

### R-52. Serving of Notice and AAA and Arbitrator Communications

(a) Any papers or notices necessary for the initiation or continuation of an arbitration under these Rules, or for the entry of judgment on any award made under these Rules, may be served on a party by mail or email addressed to the party or its representative at the last-known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

(b) The AAA, the arbitrator, and the parties also may use overnight delivery, electronic facsimile transmission (fax), or electronic mail (email) to give the notices required by these rules. Where all parties and the arbitrator agree, notices may be sent by other methods of communication.

(c) Unless directed differently by the AAA or by the arbitrator, any documents and all written communications submitted by any party to the AAA or to the arbitrator also shall be sent at the same time to all parties to the arbitration.

(d) A failure to provide the other parties with copies of communications made to the AAA or to the arbitrator may prevent the AAA or the arbitrator from acting on any requests or objections contained within those communications.

(e) A party and/or someone acting on behalf of a party cannot have any communications with an arbitrator or a potential arbitrator about the arbitration outside of the presence of the opposing party. All such communications shall be conducted through the AAA.

(f) The AAA may direct that any oral or written communications that are sent by a party or their representative shall be sent in a particular manner. The failure of a party or its representative to do so may result in the AAA's refusal to consider the issue raised in the communication.

### R-53. Interpretation and Application of Rules

The arbitrator shall interpret and apply these Rules as they relate to the arbitrator's powers and duties. When there is more than one arbitrator and a difference arises among them concerning the meaning or application of these Rules, it shall be decided by a majority vote. If that is not possible, either an arbitrator or a party may refer the question to the AAA for final decision. All other Rules shall be interpreted and applied by the AAA.

### R-54. Remedies for Nonpayment

(a) If arbitrator compensation or administrative charges have not been paid in full, the AAA may inform the parties so that one of them may forward the required payment.

(b) Once the AAA informs the parties that payments have not been received, a party may request an order from the arbitrator directing what measures might be taken in light of a party's nonpayment.

Such measures may include limiting a party's ability to assert or pursue its claim. However, a party shall never be precluded from defending a claim or counterclaim. The arbitrator must provide the party opposing a request for relief with the opportunity to respond prior to making any determination. In the event that the arbitrator grants any request for relief that limits any party's participation in the arbitration, the arbitrator will require the party who is making a claim and who has made appropriate payments to submit the evidence required to make an award.

(c) Upon receipt of information from the AAA that full payments have not been received, the arbitrator, on the arbitrator's own initiative, may order the suspension of the arbitration. If no arbitrator has yet been appointed, the AAA may suspend the proceedings.

(d) If arbitrator compensation or AAA administrative fees remain unpaid after a determination to suspend an arbitration due to nonpayment, the arbitrator has the authority to terminate the proceedings. Such an order shall be in writing and signed by the arbitrator. The impact of the termination for nonpayment of the Consumer Clause Registry fee is the removal from the "Registered" section of the Registry.

### R-55. Declining or Ceasing Arbitration

The AAA in its sole discretion may decline to accept a Demand for Arbitration or stop the administration of an ongoing arbitration due to a party's improper conduct, including threatening or harassing behavior towards any AAA staff, an arbitrator, or a party or party's representative.

## Costs of Arbitration (including AAA Administrative Fees)*

Arbitrator compensation is not included as part of the administrative fees charged by the AAA. Arbitrator compensation is based on a rate established by the AAA as set forth below. If a Preliminary Management Hearing is held by the arbitrator, the arbitrator is entitled to one-half the arbitration compensation rate for a full hearing day or a documents-only hearing. Once evidentiary hearings are held, the arbitrator is entitled to the full-day rate of compensation. The business shall pay the arbitrator's compensation unless the consumer, post dispute, voluntarily elects to pay a portion of the arbitrator's compensation. Arbitrator compensation, expenses as defined in sections (v) and (vii) below, and administrative fees (which include Filing and Hearing Fees) are not subject to reallocation by the arbitrator(s) except as may be required by applicable law or upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous.

*  *Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit to the AAA a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the AAA at 1-800-778-7879, if you have any questions regarding the waiver of administrative fees. (Effective January 1, 2003)*

| Party | Desk Arbitration | In-Person or Telephonic Hearing – Single Arbitrator | In-Person or Telephonic Hearing – Three Or More Arbitrators |
|---|---|---|---|
| Consumer | Filing Fee—$200 (nonrefundable) | Filing Fee—$200 (nonrefundable) | Filing Fee—$200 (nonrefundable) |
| Business | Filing Fee—$1,700  Arbitrator Compensation—$750 per case | Filing Fee—$1,700  Hearing Fee—$500  Arbitrator Compensation—$1,500 per hearing day | Filing Fee—$2,200  Hearing Fee—$500  Arbitrator Compensation—$1,500 per hearing day per arbitrator |

### (i) Filing Fees

In cases before a single arbitrator, a nonrefundable filing fee capped in the amount of $200 is payable in full by the consumer when a case is filed, unless the parties' agreement provides that the consumer pay less. A partially refundable fee in the amount of $1,700 is payable in full by the business, unless the parties' agreement provides that the business pay more. This fee is due from the business once the consumer has met the filing requirements.

In cases before three or more arbitrators, a nonrefundable filing fee capped in the amount of $200 is payable in full by the consumer when a case is filed, unless the parties' agreement provides that the consumer pay less. A partially refundable fee in the amount of $2,200 is payable in full by the business, unless the parties' agreement provides that the business pay more. This fee is due from the business once the consumer has met the filing requirements.

There shall be no filing fee charged for a counterclaim.

The AAA reserves the right to assess additional administrative fees for services performed by the AAA beyond those provided for in these Rules and which may be required by the parties' agreement or stipulation.

### (ii) Neutral Arbitrator's Compensation

Arbitrators serving on a case with an in-person or telephonic hearing will receive compensation at a rate of **$1,500 per day.**

Arbitrators serving on a case with a desk arbitration/documents-only hearing will receive compensation at a rate of **$750 per case.**

The AAA reserves the right to raise the daily or per-case arbitrator compensation rate because of the complexity of the case or for processes and procedures beyond those provided for in these Rules and which may be required by the parties' requests, agreement, or stipulation (1) at the time of the AAA's initiation of the case; (2) upon the addition of a new party; (3) when a change of claim is made and, if necessary, approved by the arbitrator(s); (4) or if circumstances arise during the course of the case due to the complexity of issues and submissions by the parties.  Any determination by the AAA on compensation rates is in the sole discretion of the AAA and such decision is final and binding on the parties and arbitrator.

### (iii) Refund Schedule

Once the claimant has met the filing requirements, refunds to the business will be calculated as follows:

- if the case is settled or withdrawn within 30 calendar days, 50% of the filing fee will be refunded to the business.

However, no refund of the filing fee will be made once an arbitrator has been appointed and no refunds will be made on awarded cases. The date the claimant's filing requirements are met is the date used to calculate any refund of filing fees. If the matter is settled or withdrawn prior to receipt of filing fees from the business, the AAA will bill the business in accordance with this refund schedule.

### (iv) Hearing Fees

For telephonic hearings or in-person hearings held, an additional administrative fee of $500 is payable by the business.

There is no AAA hearing fee for the initial Administrative Conference (see R-10).

### (v) Hearing Room Rental

The hearing fees described above do not cover the rental of hearing rooms. The AAA maintains rental hearing rooms in most offices for the convenience of the parties. Check with the administrator for availability and rates. Hearing room rental fees will be borne by the business.

### (vi) Abeyance Fee

Parties on cases held as inactive for one year will be assessed an annual abeyance fee of $300. If a party refuses to pay the assessed fee, the opposing party or parties may pay the entire fee on behalf of all parties, otherwise the matter will be administratively closed. All filing requirements, including payment of filing fees, must be met before a matter may be placed in abeyance.

### (vii) Expenses

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator, shall be borne by the business.

(viii) Consumer Clause Review and Registry Fee

Please note that all fees described below are **nonrefundable.**

For businesses submitting a clause, the cost of reviewing the clause and maintaining that clause on the Registry is $500.  A yearly Registry fee of $500 will be charged to maintain each clause on the Registry for each calendar year thereafter.

If the AAA receives a demand for consumer arbitration from an arbitration clause that was not previously submitted to the AAA for review and placement on the Registry, the business will incur an additional $250 fee to conduct an expedited review of the clause.

Any subsequent changes, additions, deletions, or amendments to currently registered arbitration agreement must be resubmitted for review and a review fee of $500 will assessed at that time.

## Procedures for the Resolution of Disputes through Document Submission

### D-1. Applicability

**(a)** In any case, regardless of claim size, the parties may agree to waive in-person/ telephonic hearings and resolve the dispute through submission of documents to one arbitrator. Such agreement should be confirmed in writing no later than the deadline for the filing of an answer.

**(b)** Where no disclosed claims or counterclaims exceed $25,000, the dispute shall be resolved by these Procedures, unless a party asks for a hearing or the arbitrator decides that a hearing is necessary.

**(c)** If one party makes a request to use the *Procedures for the Resolution of Disputes through Document Submission* (Procedures) and the opposing party is unresponsive, the arbitrator shall have the power to determine whether to proceed under the Procedures. If both parties seek to use the Procedures after the appointment of an arbitrator, the arbitrator must also consent to the process.

**(d)** When parties agree to these Procedures, the procedures in Sections D-1 through D-4 of these Rules shall supplement other portions of these rules which are not in conflict with the Procedures.

### D-2. Preliminary Management Hearing

Within 14 calendar days of confirmation of the arbitrator's appointment, the arbitrator shall convene a preliminary management hearing, via conference call, video conference, or internet, to establish a fair and equitable procedure for the submission of documents, and, if the arbitrator deems appropriate, a schedule for one or more telephonic or electronic conferences.

### D-3. Removal from the Procedures

**(a)** The arbitrator has the discretion to remove the case from the Procedures if the arbitrator determines that an in-person or telephonic hearing is necessary.

**(b)** If the parties agree to in-person or telephonic hearings after a previous agreement to proceed under the Procedures, the arbitrator shall conduct such hearings. If a party seeks to have in-person or telephonic hearings after agreeing to the Procedures, but there is not agreement among the parties to proceed with in-person or telephonic hearings, the arbitrator shall resolve the issue after the parties have been given the opportunity to provide their respective positions on the issue.

### D-4. Time of Award

(a) The arbitrator shall establish the date for either final written submissions or a final telephonic or electronic conference. Such date shall operate to close the hearing, and the time for the rendering of the award shall commence on that day as well.

(b) The arbitrator shall render the award within 14 calendar days from the date the hearing is closed.

(c) The award is subject to all other provisions of these Rules that pertain to awards.

## Glossary of Terms

### Administrator

The Administrator's role is to manage the administrative aspects of the arbitration, such as the appointment of the arbitrator, to make preliminary decisions about where hearings might take place, and to handle the fees associated with the arbitration. As Administrator, however, the Administrator does not decide the merits of a case or make any rulings on issues such as what documents must be shared with each side. Because the Administrator's role is only administrative, the Administrator cannot overrule or change an arbitrator's decisions or rulings. The Administrator will comply with any court orders issued from litigation involving the parties to the dispute.

### ADR Agreement

An ADR Agreement is an agreement between a business and a consumer to submit disputes to mediation, arbitration, or other ADR processes.

### ADR Process

An ADR (Alternative Dispute Resolution) Process is a method of resolving a dispute other than by court litigation. Mediation and Arbitration are the most widely used ADR processes.

### ADR Program

An ADR Program is any program or service set up or used by a business to resolve disputes out of court.

### Arbitration

In arbitration, the parties submit disputes to an impartial person (the arbitrator) for a decision. Each party can present evidence to the arbitrator. Arbitrators do not have to follow the Rules of Evidence used in court.

Arbitrators decide cases with written decisions or "awards." An award is usually binding on the parties. A court may enforce an arbitration award and the court's review of arbitration awards is limited.

### Arbitration Agreement

An arbitration agreement is a contract between parties to settle their disputes by binding arbitration. It is typically found in the parties' contract in a section entitled "Arbitration" or "Dispute Resolution." It gives the parties information about how they are choosing to settle any disputes that they might have.

### Arbitrator

Arbitrators are neutral and independent decision makers who are not employees of the administrator. Except where the parties to a case reach their own settlement, the Arbitrator will make the final, binding decision on the dispute and render it in writing, called the Award. The Arbitrator makes all the procedural decisions on a case not made by the administrator or not decided jointly by the parties. The Arbitrator may grant any remedy, relief, or outcome that the parties could have received in court, including awards of attorney's fees and costs, in accordance with the law(s) that applies to the case.

Once appointed to a case, an Arbitrator may not be removed by one party without the other party's consent or unless the administrator determines an Arbitrator should be removed and replaced by another Arbitrator chosen by the administrator in a manner described in these Rules.

### Case Administrator

The Case Administrator is the AAA's employee assigned to handle the administrative aspects of the case. He or she does not decide the case. He or she manages the case's administrative steps, such as exchanging documents, matching schedules, and setting up hearings. The Case Administrator is the parties' contact point for almost all aspects of the case outside of any hearings.

### Claimant

A Claimant is the party who files the claim or starts the arbitration. Either the consumer or the business may be the Claimant.

### Demand for Arbitration (also referred to as "Demand")

The written document created by the claimant that informs the respondent that it wishes to arbitrate a dispute. This document provides basic information about the dispute, the parties involved and what the claimant wants as a result of the arbitration.

## Documents-Only Arbitration

In a Documents-Only Arbitration, the parties submit their arguments and evidence to the arbitrator in writing. The arbitrator then makes an award based only on the documents. No in-person or telephone hearing is held.

## Independent ADR Institution

An Independent ADR Institution is an organization that provides independent and impartial administration of ADR programs for consumers and businesses. The American Arbitration Association is an Independent ADR Institution.

## In-Person Hearing

During an In-Person Hearing, the parties and the arbitrator meet in a conference room or office and the parties present their evidence in a process that is similar to going to court. However, an In-Person Hearing is not as formal as going to court.

## Mediation

In Mediation, an impartial person (the mediator) helps the parties try to settle their dispute by reaching an agreement together. A mediator's role is to help the parties come to an agreement. A mediator does not arbitrate or decide the outcome.

## Neutral

A "Neutral" is a mediator, arbitrator, or other independent, impartial person selected to serve as the independent third party in an ADR process.

## Party

The party is the person(s) or business that is involved in the dispute in the arbitration process. Usually, these are the people or businesses that have an arbitration agreement between them that specifies that a dispute should be resolved by arbitration.

## Parties

Parties are all the separate individuals, businesses, or organizations involved in the arbitration.

## Opposing Party

The opposing party is the other party that is on the opposite side of the arbitration from you. If you are the claimant, the Opposing Party is the respondent. If you are the respondent, the Opposing Party is the claimant. If you are the consumer, the Opposing Party is the business. If you are the business, the Opposing Party is the consumer.

## Respondent

The respondent is the party against whom the claim is filed. If a Respondent states a claim in arbitration, it is called a counterclaim. Either the consumer or the business may be the Respondent.

## Telephone Hearing

In a Telephone Hearing, the parties have the opportunity to tell the arbitrator about their case during a conference call. They also present their evidence to the arbitrator during the call. Often this is done after the parties have sent in documents for the arbitrator to review.

© 2016 American Arbitration Association®, Inc. All rights reserved. These rules are the copyrighted property of the
American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services.
Any unauthorized use or modification of these rules may violate copyright laws and other applicable laws.
Please contact 800.778.7879 or websitemail@adr.org for additional information.



800.778.7879 | websitemail@adr.org | adr.org

# EXHIBIT 4

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

May 3, 2018

Writer's Direct Contact
+1 (415) 268.7637
WStern@mofo.com

*Via e-mail and U.S. Mail*

Jonathan D. Selbin
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
jselbin@lchb.com

Kevin R. Budner
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
kbudner@lchb.com

Andrea Clisura
Levi & Korsinsky, LLP
30 Broad St.,
24th Floor
New York, NY 10004
aclisura@zlk.com

Robert Klonoff
Robert H. Klonoff, LLC
2425 SW 76th Ave.
Portland, OR 97225
klonoff@usa.net

**Re:    Demand for Arbitration**

Dear Counsel:

This letter confirms receipt of your email dated April 3, 2018, enclosing a demand for
arbitration on behalf of Claimant Kate McLellan.  As set forth below, Fitbit has agreed to pay
the claim set forth in Ms. McLellan's demand.

**Payment of Demand**

Fitbit has elected to pay the claim set forth in the demand in full, as follows:

1. A refund of the amount Ms. McLellan claims she paid for the Charge HR she
   purchased at Sports Chalet in Temecula, California on February 27, 2015 ($161.94
   after tax), along with prejudgment interest on that amount;

2. Punitive damages calculated as the total amount in #1, above, times four.  We have
   followed the Ninth Circuit's lead that "a ratio of up to 4 to 1 serves as a good proxy

MORRISON | FOERSTER

Jonathan D. Selbin
Kevin R. Budner
Andrea Clisura
Robert Klonoff
May 3, 2018
Page Two

       for the limits of constitutionality." *Planned Parenthood of Columbia/Willamette Inc. v. American Coalition of Life Activists*, 422 F.3d 949, 962 (9th Cir. 2005)[1]; and

3.   Reasonable attorneys' fees and costs associated with the arbitration in the amount of $1,750 (1,000 in fees, plus $750 in costs in accordance with the AAA's Standard Fee Schedule).

**Letter to Ms. McLellan**

Enclosed please find a letter addressed to Ms. McLellan, which details how her payment was calculated. Please feel free to give us a call if you have any questions regarding how Fitbit calculated these numbers.

In terms of payment, Fitbit will prepare a check for Ms. McLellan, subject to receipt of her W-9. Once we receive Ms. McLellan's W-9, we will send her check to you for transmittal. Fitbit will prepare a check payable to you upon receipt of counsel's W-9.

Pursuant to California Business & Professions Code § 6103.5 and California Rule of Professional Conduct 3-510(a), please forward this letter to Ms. McLellan. Note that under California Business & Professions Code § 6103.5, Fitbit is entitled to discover whether you have sent the letter to your client.

We consider the arbitration demand of Ms. McLellan resolved.

Sincerely,

William L. Stern

---

[1] The payment of punitives should not be construed as an admission that Ms. McLellan is entitled to punitive damages. Fitbit maintains that Ms. McLellan is not entitled to punitive damages but has agreed to pay punitives purely for purposes of compromise and repose.

**MORRISON | FOERSTER**

Jonathan D. Selbin
Kevin R. Budner
Andrea Clisura
Robert Klonoff
May 3, 2018
Page Three


cc:   Gloria Y. Lee
      Erin M. Bosman
      Julie Y. Park
      Kai S. Bartolomeo

# EXHIBIT 5

199 Fremont Street, 14th Floor
San Francisco, CA 94105

info@fitbit.com
www.fitbit.com

May 4, 2018

*Via e-mail and U.S. Mail*

Kate McLellan
c/o Jonathan D. Selbin
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
jselbin@lchb.com

**Re:    Demand for Arbitration**

Dear Ms. McLellan:

This letter confirms receipt of your counsel's email dated April 3, 2018, enclosing your demand for arbitration.

Fitbit has elected to resolve this matter through payment to you and your counsel in the total amount of $2,814.75.  Once Fitbit receives from your counsel IRS Form W-9s for you and your counsel, Fitbit will prepare two checks.  The first, payable to you in the amount of **$1,064.75**, includes: (1) the total amount you paid, after tax, for the Charge HR you claim to have purchased at Sports Chalet in Temecula, California on February 27, 2015, plus interest on that amount; and (2) the maximum amount you could potentially recover as punitive damages, which we compute as four times actual damages (after including prejudgment interest at 10% per year).[1]  The second check, payable to your counsel in the amount of **$1,750**, includes reasonable attorneys' fees of $1,000 and reimbursement of their $750 associated with filing your demand for arbitration.

---

[1] The payment of punitives should not be construed as an admission that you entitled to punitive damages.  Fitbit has agreed to pay this purely for purposes of compromise and repose.

199 Fremont Street, 14th Floor
San Francisco, CA 94105

info@fitbit.com
www.fitbit.com



The payment calculation is as follows:

| Alleged Purchase Price After Tax | Interest[2] | Punitive Damages | Attorneys' Fees and Costs | Total Payment[3] |
|---|---|---|---|---|
| $161.94 | ($161.94 x .10 x 3.15 years) = $51.01 | $851.80 | $1,750 | $2,814.75 |

Fitbit regards this matter as closed.

Sincerely,

Gloria Lee
F3A2C778B5C9424...

Gloria Y. Lee

cc:     Jonathan D. Selbin
        Kevin R. Budner
        Andrea Clisura
        Robert Klonoff

---

[2] Interest is calculated as follows: purchase price x 10% x time in years (date of purchase through present).

[3] Total Payment = Total Amount + Interest + Punitives + Attorneys' Fees & Costs.  Punitives include: (Purchase Price + Interest) x 4.  Fees and costs, payable to your counsel, include:  $1,000 in attorneys' fees, plus $750 in costs in accordance with the AAA's Standard Fee Schedule.

# EXHIBIT 6

| | |
|---|---|
| **From:** | Budner, Kevin R. |
| **To:** | Flores, Lisa; Selbin, Jonathan D.; aclisura@zlk.com; klonoff@usa.net |
| **Cc:** | Stern, William L.; Gloria Lee; Bosman, Erin M.; Park, Julie Y.; Bartolomeo, Kai S.; Blaisdell, Max |
| **Subject:** | RE: McLellan v. FitBit - Demand for Arbitration |
| **Date:** | Thursday, May 10, 2018 7:14:02 PM |

---

**- External Email -**

Counsel,

We have received and would like to discuss your letters.  Are you available this coming Monday any time between 10:30 am and 12:30 pm?

Regards,

Kevin R. Budner

Lieff Cabraser Heimann & Bernstein, LLP

---

**From:** Flores, Lisa [mailto:LisaFlores@mofo.com]
**Sent:** Thursday, May 03, 2018 4:27 PM
**To:** Selbin, Jonathan D.; Budner, Kevin R.; aclisura@zlk.com; klonoff@usa.net
**Cc:** Stern, William L.; Gloria Lee; Bosman, Erin M.; Park, Julie Y.; Bartolomeo, Kai S.
**Subject:** McLellan v. FitBit - Demand for Arbitration

Attached please find the following letters regarding the above matter.

**LISA FLORES**
Assistant to William L. Stern | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
P: +1 (415) 268-6986
mofo.com | LinkedIn | Twitter

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

# EXHIBIT 7

**Lieff
Cabraser
Heimann&
Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

May 14, 2018

Kevin R. Budner
Partner
kbudner@lchb.com

**VIA E-MAIL**

Will L. Stern
wstern@mofo.com
Morrison Foerster
425 Market Street
San Francisco, CA 94105

Erin M. Bosman
ebosman@mofo.com
Kai S. Bartolomeo
kbartolomeo@mofo.com
Julie Y. Park
juliepark@mofo.com
Morrison Foerster
12531 High Bluff Dr., #100
San Diego, CA 92130

RE:   *McLellan v. Fitbit, Inc.*, Response to Fitbit's Correspondence re Demand for
Arbitration

Dear Counsel:

We have received your letters emailed on May 3, 2018, and relayed them to Ms.
McLellan.  As a threshold matter, we note that Fitbit's decision to unilaterally set the ratio of
compensatory to punitive damages is unsupported and that the specific ratio it offers does not
constitute full relief, even under the case law Fitbit cites.  *See Planned Parenthood of
Columbia/Willamette Inc. v. Am. Coal. of Life Activists*, 422 F.3d 949, 962 (9th Cir. 2005)
(holding that "where there are insignificant economic damages but the behavior was particularly
egregious, the single-digit ratio may not be a good proxy for constitutionality," and that "our
constitutional sensibilities are not offended by a 9 to 1 ratio").

Nevertheless, if the proposed resolution were offered to all members of the proposed
class that Ms. McLellan seeks to represent, and if it included public injunctive relief in the form

May 14, 2018
Page 2

of modified and corrective marketing and packaging, Ms. McLellan would accept the offer. Barring those modifications, Ms. McLellan declines the offer.

Ms. McLellan maintains that, as Fitbit has long argued and as Judge Donato ruled, she has the right to have an arbitrator determine (1) whether the arbitration clause and class action waiver are enforceable and/or applicable to her claims, and (2) whether she can bring a claim for public injunctive relief on behalf of all members of the proposed class. *See* Dkt. No. 114 at 9 ("The arbitrator will resolve [the non-opt-out] plaintiffs' challenges to the scope and enforceability of the arbitration clause."); *id.* at 8 (plaintiffs' arguments that "Fitbit procured the agreement to arbitrate by fraud" and that "the arbitration provision is unenforceable as applied to plaintiffs' claims for public injunctive relief . . . must be considered by the AAA arbitrator in the first instance"). Ms. McLellan intends to enforce her right to seek this determination.

Sincerely,

Kevin R. Budner

1557529.2

# EXHIBIT 8

| From: | Flores, Lisa |
|---|---|
| To: | ConsumerSpecialist@adr.org |
| Cc: | jselbin@lchb.com; kbudner@lchb.com; aclisura@zlk.com; klonoff@usa.net; gloria.lee@fitbit.com; Stern, William L.; Bosman, Erin M.; Park, Julie Y.; Bartolomeo, Kai S. |
| Subject: | Kate McLellan v. Fitbit, Inc. - Case No. 01-18-0001-3597 |
| Date: | Wednesday, May 16, 2018 11:22:17 AM |
| Attachments: | 2018-05-16 - Ltr. to AAA Re McLellan-v-Fitbit.pdf |
| | Attachment 1.pdf |
| | Attachment 2.pdf |
| | Attachment 3.pdf |

Attached please find a letter from William Stern regarding the above-referenced matter.

**LISA FLORES**

Assistant to William L. Stern | Morrison & Foerster LLP

425 Market St. | San Francisco, CA 94105

**P:** +1 (415) 268-6986

mofo.com | LinkedIn | Twitter

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

May 16, 2018

Writer's Direct Contact
+1 (415) 268.7637
WStern@mofo.com

VIA EMAIL AND FACSIMILE

American Arbitration Association
Consumer Filing Team
1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043
Telephone: (856)435-6401
Facsimile: (877) 304-8457
ConsumerSpecialist@adr.org

Re:    *Kate McLellan v. Fitbit, Inc.*, Case No. 01-18-0001-3597

Dear Consumer Filing Team:

We are counsel for Fitbit, Inc., the respondent in the above-referenced matter.  We received
your letter of April 25, 2018 regarding Claimant Kate McLellan's demand for arbitration.
On May 3, 2018, Fitbit sent Claimant and her counsel a written offer to pay 100%-plus of her
claim.  Specifically, Fitbit offered Claimant:

- **Full refund plus interest.**  A refund of $161.94, which is the full amount Claimant
  alleges she paid for the device, along with 10% prejudgment interest on that amount
  ($51.01).  This is almost seven times what she paid.  In addition to a full refund of the
  purchase price, Ms. McLellan would get to keep her device;

- **Punitive damages**.  Punitive damages of $851.80, which reflect a 4-1 compensatory-
  to-punitive damages ratio, consistent with the law in the Ninth Circuit; and

- **Attorney's fees/costs.**  $1,000 in attorneys' fees plus reimbursement of $750 in costs
  (in accordance with the AAA's Standard Fee Schedule), for a total of $1,750.

Copies of Fitbit's letters communicating this offer are enclosed as Attachments 1 and 2.

On May 14, 2018, Claimant rejected Fitbit's offer.  On our telephone call, we asked counsel
what amount, in their view, would be acceptable, but counsel declined to give a number,
aside from non-monetary relief.  They required that Fitbit extend this offer "to all members
of the proposed class that Ms. McLellan seeks to represent."  This isn't so much a counter-

MORRISON | FOERSTER

American Arbitration Association
May 16, 2018
Page Two

offer as a demand that Fitbit rewrite her contract.  You should know that there is an ongoing
class action case, *McLellan v. Fitbit, Inc.*, No. 16-cv-00036-JD (N.D. Cal.), and counsel told
us they plan to address their concerns to the district court.  Attached is her counsel's rejection
letter.  (Attachment 3.)

Fitbit's goal is customer satisfaction.  However, the filing fee alone ($750) is almost five
times her total out-of-pocket claim, were she to succeed.  We believe Fitbit's total offer of
$2,814.75—which is more than 17 times what she paid—is many times more than what she
could recover if she were to proceed to arbitration and prevail.

Fitbit regards this matter as concluded.

Please feel free to contact me should you have any questions.

Sincerely,

William L. Stern

cc:     Jonathan D. Selbin
        Kevin R. Budner
        Andrea Clisura
        Robert Klonoff
        Gloria Y. Lee
        Erin M. Bosman
        Julie Y. Park
        Kai S. Bartolomeo

# EXHIBIT 9

**MORRISON** | **FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

June 1, 2018

Writer's Direct Contact
+1 (415) 268.7637
WStern@mofo.com

VIA OVERNIGHT DELIVERY

American Arbitration Association
1101 Laurel Oak Road
Suite 100
Voorhees, NJ 08043

Re:    Kate McLellan v. Fitbit, Inc.
       Case Number: 01-18-0001-3597

Dear American Arbitration Association Consumer Filing Team:

On behalf of Respondent Fitbit, Inc., enclosed please find a check payable to the American
Arbitration Association in the amount of $4,200 in connection with the above-referenced
matter.  The amount includes Fitbit's filing fees of $1,700 and the arbitrator's compensation
deposit of $2,500.

Sincerely,

William L. Stern

sd-719780

TOUCH OR RUB TOUCHSAFE™ AREA TO SEE VALID AND VERIFY AUTHENTICITY - HOLD UP TO LIGHT TO VIEW TRUE WATERMARK

**MORRISON & FOERSTER LLP**
ADMINISTRATIVE OFFICE
425 MARKET STREET
SAN FRANCISCO, CA 94105-5819
415-268-7000

**POSITIVE PAY IN USE**   Bank of America

90-4182
1211

**99065367**

PAY

FOUR THOUSAND TWO HUNDRED AND 00/100 Dollars

Jun 01, 2018

TO THE
ORDER OF

$4,200.00*****

AMERICAN ARBITRATION ASSOCIATION
1101 LAUREL OAK ROAD
SUITE 100
VOORHEES, NJ 08043
US

BY:

Touch Safe

AUTHORIZED SIGNATURE

AUTHORIZED SIGNATURE

⑈"990653 67"⑈ ⑆1211418 22⑆ 7313 2"00 509⑈"

**UPS CampusShip: View/Print Label**

1. **Ensure there are no other shipping or tracking labels attached to your package.** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the solid line below.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

   **Customers without a Daily Pickup**
   Take your package to any location of The UPS Store®, UPS Access Point(TM) location, UPS Drop Box, UPS Customer Center, Staples® or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.
   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   Hand the package to any UPS driver in your area.

| UPS Access Point™ | UPS Access Point™ | UPS Access Point™ |
|---|---|---|
| THE UPS STORE | THE UPS STORE | THE UPS STORE |
| 3525 DEL MAR HEIGHTS RD | 1155 CAMINO DEL MAR | 249 S HIGHWAY 101 |
| SAN DIEGO ,CA 92130 | DEL MAR ,CA 92014 | SOLANA BEACH ,CA 92075 |

FOLD HERE



# EXHIBIT 10

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

June 1, 2018

Writer's Direct Contact
+1 (415) 268.7637
WStern@mofo.com

_**Via E-mail and U.S. Mail**_

Jonathan D. Selbin
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
jselbin@lchb.com

Kevin R. Budner
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
kbudner@lchb.com

Andrea Clisura
Levi & Korsinsky, LLP
30 Broad Street, 24th Floor
New York, NY 10004
aclisura@zlk.com

Robert Klonoff
Robert H. Klonoff, LLC
2425 SW 76th Avenue
Portland, OR 97225
klonoff@usa.net

Re:     **Demand for Arbitration**

Dear Counsel:

I write regarding Kate McLellan's demand for arbitration and to clarify Fitbit's offer to
resolve Ms. McLellan's claim.  Unfortunately, that offer has been misinterpreted as an
attempt to circumvent her agreement to arbitrate.  (_See_ Dkt. No. 137.)  Fitbit intended
nothing of the sort.

As discussed below, and as Fitbit will explain in its forthcoming submission to Judge
Donato, its offer was a good faith effort to resolve what it understood to be Ms. McLellan's
grievance.  Ms. McLellan rejected that offer, as is her right.  Fitbit will contact AAA with an
update on the parties' discussions.  With the understanding that Ms. McLellan is not seeking
to engage in individual monetary settlement discussions at this time, Fitbit intends to submit
the formation issues to the arbitrator.

I hope the following explanation will further dispel any misunderstanding.

The Court issued its order granting Fitbit's motion to compel arbitration as to the twelve non-
opt-out plaintiffs on October 11, 2017.  In that order, the Court stated that those twelve
plaintiffs were to have their challenges to the scope and enforceability of the arbitration

MORRISON | FOERSTER

Jonathan D. Selbin
Kevin R. Budner
Andrea Clisura
Robert Klonoff
June 1, 2018
Page Two

clause resolved by the arbitrator.  For six months, Fitbit heard nothing further from any of the non-optout plaintiffs regarding their intent to pursue their claims before the AAA.  Then, on April 25, 2018, Fitbit received formal service of an arbitration demand from one of the twelve non-opt-outs:  Ms. McLellan.  Ms. McLellan's AAA demand is expressly styled as an "individual" demand.  On its face, it seeks monetary relief only:  $161.94 in monetary damages plus attorneys' fees, interest, costs, punitive damages, and "other."  It doesn't, for example, seek a determination as to "contract formation," and it makes no mention of the other eleven opt-outs who were also subject to the Court's October 2017 order.

Based on Ms. McLellan's demand, it appeared that:

- Ms. McLellan was demanding monetary relief for herself only, with the only question being the dollar amount.

- As for a determination about contract formation, we assumed that Plaintiffs decided not to present that question to the arbitrator via Ms. McLellan and instead might have been reserving that issue for one of the other eleven non-optouts (whose arbitration demands still have not been filed).

Fitbit's offer of full relief was based on the content of Ms. McLellan's demand and what Fitbit reasonably believed she was requesting to resolve her grievance.

To reiterate what I said at the hearing, Fitbit is dedicated to customer service.  The company has little interest in litigating against its customers when it appears there is a reasonable, mutually agreeable route to resolution.  Indeed, the Terms of Service (ToS) expressly say "We want to address your concerns without needing a formal legal case" and that Fitbit will "try to resolve the Dispute informally."  It was in that spirit that Fitbit extended, through counsel, its offer.  Ms. McLellan, of course, was within her rights to decline.

I apologize if there was a misunderstanding, but it was never Fitbit's intent to preclude Ms. McLellan (or any Fitbit customer) of their right to proceed in arbitration.  And that is still true today.

**MORRISON | FOERSTER**

Jonathan D. Selbin
Kevin R. Budner
Andrea Clisura
Robert Klonoff
June 1, 2018
Page Three


We will contact AAA and proceed to the next steps in arbitration.

Sincerely,

William L. Stern

cc:   Gloria Y. Lee
      Erin M. Bosman
      Julie Y. Park
      Kai S. Bartolomeo

# EXHIBIT 11

**Lieff
Cabraser
Heimann&
Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
t 212.355.9500
f 212.355.9592

Jonathan D. Selbin
Partner
jselbin@lchb.com

June 4, 2018

**VIA E-MAIL AND U.S. MAIL**

William L. Stern
Morrison Foerster
425 Market Street
San Francisco, CA 94105-2482
wstern@mofo.com

RE:     3:16-cv-00036; *McLellan et al. v. Fitbit, Inc.*

Dear Will:

I write in response to your letter of June 1, 2018 regarding Ms. McLellan and arbitration. Any claim now that Fitbit simply "misunderstood" Ms. McLellan's position until the hearing last week is patently false: you (and Fitbit) well-knew she was not seeking merely individual monetary relief, but rather intended to seek the ruling on arbitrability for which Judge Donato ordered the case to arbitration.

That you knew of Ms. McLellan's intention to seek a ruling on arbitrability is supported, among other things, by the following undisputed facts, none of which your letter acknowledges. First, we expressly informed you of her intention to do so in our telephonic meet and confer on May 14, 2018. You acknowledged that intention and countered that you had no intention of permitting her to do so. Second, we reconfirmed her intention in our May 14, 2018 follow-up letter declining Fitbit's offer. Third, we reiterated her position in our May 22 sur-reply. Yet, neither you nor your client ever sought to "correct" any supposed "misunderstanding" prior to—or even *at*—the hearing before Judge Donato until it became clear that Judge Donato had seen through what he aptly called your "gamesmanship."

Simply put, you do not get to rewrite the actual history and now pretend to have misunderstood Ms. McLellan's intentions. Those intentions were plainly—and repeatedly—stated to you in advance of the hearing. In light of that, we view your June 1 letter as yet another instance of your lack of candor and gamesmanship.

William L. Stern
June 4, 2018
Page 2


        We intend to present the full and accurate factual record to the Court as ordered by Judge Donato in our upcoming papers, including your belated attempt to conjure a false defense of "misunderstanding."  Should the Court once again order Ms. McLellan to arbitration to decide arbitrability, she will (again) comply with that order.  Until such time as Judge Donato rules, however, it is her position that Fitbit has waived enforcement of, defaulted on, and/or voided its arbitration clause as to her and all absent class members by its failure to participate as required by Court order and its own Terms of Service.

        In the meantime, you state that your client is "dedicated to customer service" and "has little interest in litigating against its customers when it appears there is a reasonable, mutually agreeable route to resolution." If that is true, Ms. McLellan, and we, stand prepared— as we always have been—to mediate a mutually agreeable resolution that provides relief to the entire class of purchasers.  If that is of interest please let us know.  Otherwise we will await Judge Donato's ruling.

Very truly yours,

Jonathan D. Selbin

cc:    Erin M. Bosman
       Kai S. Bartolomeo
       Julie Y. Park
       Gloria Lee
       Robert H. Klonoff
       Kevin R. Budner
       Andrea Clisura

1567786.2

# EXHIBIT 12

**MORRISON** | **FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

June 7, 2018

Writer's Direct Contact
+1 (415) 268.7637
WStern@mofo.com

VIA OVERNIGHT DELIVERY

American Arbitration Association
1101 Laurel Oak Road
Suite 100
Voorhees, NJ 08043

Re:     Kate McLellan v. Fitbit, Inc.
        Case Number: 01-18-0001-3597

Dear American Arbitration Association Consumer Filing Team:

On behalf of Respondent Fitbit, Inc., enclosed please find a check payable to the American Arbitration Association in the amount of $200 in connection with the above-referenced matter.  The check shall serve as payment of Claimant Kate McLellan's filing fee, in accordance with Fitbit's Terms of Service.  (*See* Fitbit Terms of Service, Dispute Resolution ("Fitbit will pay all arbitration fees for claims less than $75,000.").)

Fitbit respectfully requests that the AAA reimburse Claimant accordingly.  Please feel free to contact me should you have any questions.

Sincerely,

William L. Stern

# EXHIBIT 13



AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

Western Case Management Center
Neil Currie
Vice President
45 E River Park Place West, Suite 308
Fresno, CA 93720
Telephone: (877)528-0880
Fax: (855)433-3046

June 11, 2018

Jonathan D. Selbin, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street
8th Floor
New York, NY 10013
Via Email to: jselbin@lchb.com

William L. Stern
Morrison & Foerster, LLP
425 Market Street
34th Floor
San Francisco, CA 94105-2482
Via Email to: wstern@mofo.com

Case Number: 01-18-0001-3597

Kate McLellan
-vs-
Fitbit, Inc.

Dear Counsel:

This will acknowledge that the filing requirements have been met.  Your case is now assigned to me for administration.

The **Consumer Arbitration Rules** have been applied to this matter.

### Administrative Fees:

- Consumer is responsible for $200 as her share of the filing fee, which has been paid.
- Business is responsible for $1700 as their share of the filing fee, which has been paid as well as the arbitrator compensation of $2500, which has been paid.
- An additional administrative fee of $500 is payable by the Business when there is an evidentiary hearing process and telephonic or in-person hearings are held.

Pursuant to section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit to the Association a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the undersigned if you have any questions regarding the waiver of administrative fees.

**Arbitrator Compensation:**

- Arbitrators serving on a case with an in-person or telephonic hearing will receive compensation at a rate of $2500 per day.
- Arbitrators serving on a desk arbitration/documents only case will receive compensation at a rate of $1500 per case.
- Deposits for arbitrator compensation must be received prior to the administrative appointment of an arbitrator or the AAA may decline to further administer this matter.

**Answer:**

- The Respondent has until June 25, 2018 to file an answer to the claim.  If no answer is filed within 14 calendar days, the AAA will assume that the respondent does not agree with the claim filed by the claimant.
- The case will move forward after 14 days regardless of whether an answer is filed.
- Answers received after the due date will still be provided to the arbitrator.
- Please reference the Rules if filing a counterclaim.
- Per Consumer Rule R-2(e) "If no answer is filed within 14 calendar days, the AAA will assume that the respondent does not agree with the claim filed by the claimant. The case will move forward after 14 days regardless of whether an answer is filed."

**Initial List of People Form**

- We ask that the enclosed Initial List of People Form be returned to the AAA by June 25, 2018. Further instructions are provided on the enclosed reference sheet.

**Hearing Type and Locale of In-Person Hearing:**

- If no disclosed claim or counterclaim exceeds $25,000, the matter shall be resolved by the Procedures for the Resolution of Disputes through Document Submission contained in the Consumer Arbitration Rules, unless a party asks for a hearing or the arbitrator decides that a hearing is necessary.
- If an in-person hearing is to be held, the requested hearing location is San Francisco, California. Please refer to the Consumer Arbitration Rules for information regarding the Fixing of Locale (the city, county, state, territory and/or country where the arbitration will take place).

**Next Administrative Step:**

- Upon receipt of the appropriate fees and receipt of the answer, or after the deadline for filing the answer, the AAA will administratively appoint an Arbitrator from the National Roster.  The parties will be provided with the arbitrator's completed appointment documents.

**Mediation**

- Mediation is available to the parties at any time prior to the issuance of the award. In Mediation, an impartial person (the mediator) helps the parties try to settle their dispute by reaching an agreement together. A mediator's role is to help the parties come to an agreement. A mediator does not arbitrate or decide the outcome. If you would like more information about the AAA 's mediation services please contact me or visit Mediation.org for more information.

**CA CCP §1282.4**

- The parties' attention is directed to California Code of Civil Procedure Section 1282.4, regarding representation by an attorney not licensed to practice in the State of California. Please contact us if you need a certification form as described in the statute.

Please review the enclosed Consumer Arbitration Reference Sheet and Steps of the Consumer Arbitration Process as well as our website at www.adr.org for additional information regarding the administration process.

The AAA appreciates the opportunity to assist you with your dispute resolution needs.

Sincerely,
/s/
Sophia Parra
Manager of ADR Services
Direct Dial: (559)490-1907
Email: SophiaParra@adr.org
Fax: (855)433-3046

Supervisor Information: *Cathe Stewart, Assistant Vice President 559-490-1840 stewartc@adr.org*

Enclosures
cc:     Kevin R. Budner, Esq.

**AMERICAN ARBITRATION ASSOCIATION**
**Initial List of People, Firms, Companies, and/or Groups Involved in the Arbitration**

In the Matter of the Arbitration between:

Case Number: 01-18-0001-3597

Kate McLellan
-vs-
Fitbit, Inc.

Sophia Parra, Manager of ADR Services
DATE: June 11, 2018

An Arbitrator serving on this case must know the names of all persons, firms companies or other groups involved in this arbitration in or to make proper disclosures of any interests or relationships. The arbitrator uses the information you provide below to check his or her records for any interests or relationships. Providing complete information on this document is also important because it lowers to possibility of having to remove the arbitrator because of an interest or relationship after he or she begins serving on the case.

The AAA does not give this list to the opposing party and the parties are not required to share this list with each other, although the parties may do so voluntarily. This list will be given to the arbitrator, together with the filing documents. The arbitrator will need to divulge any relevant information when making appropriate and necessary disclosures in accordance with the applicable arbitration rules.

This form will only be used to check for conflicts and is not a preliminary or final witness list.

**Please list all people, firms, companies, and/or groups involved in the arbitration, including, but not limited to, witnesses, consultants, attorneys, and all other interested parties. Subsidiary and other related entities of any person, firm, company or other group should also be included on this list.**

PLEASE CIRCLE ONE:   CONSUMER / BUSINESS

NAME                                    AFFILIATION                         ADDRESS

### *CONSUMER ARBITRATION REFERENCE SHEET*

**APPLICATION OF CONSUMER RULES:**

The AAA applies the Consumer Arbitration Rules to arbitration clauses in agreements between individual consumers and businesses where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are non-negotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use. The Consumer Rules and the Consumer Due Process Protocol may be found on our web site at www.adr.org.

In order to determine if the arbitration agreement substantially and materially complies with the due process standards of the Consumer Due Process Protocol, **the AAA reviews the parties' arbitration clause only**, and not the entire contract. The AAA's review of the arbitration clause is only an administrative review to determine whether the clause complies with the AAA's minimum due process standards in consumer arbitrations. However, the AAA's review is not an opinion on whether the arbitration agreement, the contract, or any part of the contract is legally enforceable.

**CONSUMER FEE SCHEDULE:**

Pursuant to the Consumer Rules Fee Schedule, the consumer pays $200 as their share of the filing fee and the business pays $1700 as their share of the filing fee and, if and when applicable, $500 for the hearing fee. Additionally, the business shall pay the arbitrator's compensation. Any payments submitted with the filing of the Demand will be applied to the filing party's portion of these fees. Please note that arbitrator compensation depends on the type of proceeding, either Desk Arbitration or an evidentiary hearing process. Please refer to the Consumer Rules, specifically the Costs of Arbitration section, for additional information.

Also note that should either party not pay their fees in accordance with the Consumer Rules, the opposing party has the option to do so, thereby allowing us to proceed with the administration of this case. That party may then request that the arbitrator assess these costs in the award.

Please send payments to the attention of the case administrator. As a service to our users, you may make payments with a credit card online via AAA's WebFile. If you desire to do so, please login at www.adr.org and select File and Manage a Case. Please note registration is required to use AAA WebFile. If you are mailing the payment, please include the top portion of the invoice with payment. Checks should be made payable to the American Arbitration Association.

**INITIAL LIST OF PEOPLE FORM**

The Initial List of People form requests parties to list those witnesses you expect to present, as well as any persons or entities with an interest in these proceedings. Please see the Initial List of People form for additional information. The parties are to exchange copies of all correspondence except this Initial List of People form.

**DOCUMENTS-ONLY ARBITRATION (DESK ARBITRATION)**

When no disclosed claim exceeds $25,000, the AAA expects to administer the dispute as a Documents-Only Arbitration, sometimes called Desk Arbitration, to be decided by the Arbitrator on the submission of documents only, unless any party requests an oral hearing, or the Arbitrator determines that an oral hearing is necessary. Upon the Arbitrator's appointment, a fair and equitable schedule for the submission of documents will be established by the Arbitrator. Should either party request an oral hearing they should confirm their request in writing no later than the deadline for the filing of an answer.

## LOCALE OF IN-PERSON EVIDENTIARY HEARING

Please review the Consumer Rules, particularly Rule R-11 below, and the Consumer Due Process Protocol regarding the locale of hearings.

### Rule R-11. Fixing of Locale (the city, county, state, territory and/or country where the arbitration will take place)

If an in-person hearing is to be held and if the parties do not agree to the locale where the hearing is to be held, the AAA initially will determine the locale of the arbitration. If a party does not agree with the AAA's decision, that party can ask the arbitrator, once appointed, to make a final determination. The locale determination will be made after considering the positions of the parties, the circumstances of the parties and the dispute, and the Consumer Due Process Protocol.

## COMMUNICATION:

The AAA will make maximum use of electronic mail when communicating in writing, and requests that the parties do the same. If you have not provided us with your email address, we ask that you do so at this time. If a party does not provide us with their email address, then that party will have to rely on receiving correspondence via regular mail.

This case will be administered by facilitating the exchange of appropriate written correspondence either through the AAA or directly to the arbitrator. To ensure the proper handling of case-related documents, the parties are asked to always copy the AAA and all other parties. The AAA will determine if wr itten communication was properly served to all participants and will provide that correspondence to parties or the arbitrator as needed.

## EXTENSION REQUESTS:

The AAA has a strict policy regarding requests for extensions. If you need to extend any deadline during the course of the administrative process, please try to obtain the other party's agreement prior to contacting the AAA. The AAA or the arbitrator may for good cause extend any period of time in these Rules, except as set forth in R-42. The AAA will notify the parties of any extension.

## AAA WEBFILE:

We invite the parties to visit our website to learn more about managing your case online. As part of our administrative service, AAA's WebFile allows parties to perform a variety of case related activities, such as filing additional claims; completing the Initial List of People form; viewing invoices and submitting payments; sharing and managing documents and review of case status and hearing dates and times. If the case does not show up when you log in, you may request access to the case through WebFile. Your request should be processed within 24 hours, if not, please contact your case administrator.

## MEDIATION:

The AAA provides mediation services for all cases. Mediation is a private, non-binding process under which the parties submit their dispute to a third-party mediator. The mediator may suggest ways of resolving the dispute, but does not impose a settlement on the parties; the parties attempt to negotiate their own settlement agreement. If you would like more information about the AAA's mediation services including our Fixed Rate Mediation Program for cases involving only two parties with claims under $75,000 for the flat rate of $850, please contact your case administrator or visit Mediation.org for more information.

## REFUND SCHEDULE:

In closing we wish to remind the parties that the AAA has a Refund Schedule found in the Costs of Arbitration section of the Rules. If the case is settled or withdrawn within 30 calendar days of the claimant having met their filing requirements the business is eligible for a 50% refund of the business's filing fees. However, no refund of the filing fee will be made once an arbitrator has been appointed and no refunds will be made on awarded cases.  If the matter is settled or withdrawn prior to receipt of filing fees from the business, the AAA will bill the business in accordance with this refund schedule.

If the parties enter settlement negotiations at any time after the AAA has opened its file, you should take into consideration the refund schedule in the Rules. The AAA will only refund filing fees as outlined in the Rules and does not refund arbitrator costs incurred when parties settle their dispute or withdraw their claims. We encourage parties to resolve their disputes as amicably as possible and this notice is just to alert you to this issue so that it does not become a concern in the future.

## CALIFORNIA STATUTORY REQUIREMENT:

Pursuant to the California Code of Civil Procedure section 1281.96, the AAA must collect and make available to the public information regarding our involvement in, and outcome of, all of our consumer arbitrations. The AAA's Consumer Arbitration Statistics are available on the consumer page of the AAA's website.

To fulfill our obligations under California law the AAA relies on the information provided by the parties. Therefore, we ask that you review the party names in the case caption and immediately advise your case administrator if any changes need to be made.

# EXHIBIT 14

# EXHIBIT 15

| | |
|---|---|
| From: | AAA Sophia Parra |
| To: | "Budner, Kevin R." |
| Cc: | Selbin, Jonathan D.; "Robert Klonoff"; ""Andrea Clisura" (aclisura@zlk.com)"; Stern, William L.; Bosman, Erin M.; Bartolomeo, Kai S.; Park, Julia Y. |
| Subject: | RE: Kate McLellan v. Fitbit, Inc. - Case 01-18-0001-3597 |
| Date: | Wednesday, June 13, 2018 10:06:13 AM |
| Attachments: | image001.png |
| | imageca35e9.PNG |
| | 6-13-2018 Ltr from J. Selbin to S. Parra w Exhibits.pdf |

**- External Email -**

Dear Counsel:

This will confirm receipt of Mr. Selbin's attached correspondence.

Pursuant to Consumer Rule R-1(f), the AAA will place this case into a 30 day stay pending the outcome of the court resolution. In the event the case's status changes, please inform the AAA at your earliest opportunity.

Sincerely,

Sophia

 **AAA Sophia Parra**
**Manager of ADR Services**

American Arbitration Association

T: 559 490 1907  F: 855 433 3046  E: SophiaParra@adr.org
45 E River Park Place West, Suite 308, Fresno, CA 93720
adr.org  |  icdr.org  |  aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Budner, Kevin R. [mailto:kbudner@lchb.com]
**Sent:** Wednesday, June 13, 2018 8:36 AM
**To:** AAA Sophia Parra
**Cc:** Selbin, Jonathan D.; 'Robert Klonoff'; "Andrea Clisura' (aclisura@zlk.com)'; Stern, William L.; Bosman, Erin M.; 'Bartolomeo, Kai S.'; 'jpark@mofo.com'
**Subject:** RE: Kate McLellan v. Fitbit, Inc. - Case 01-18-0001-3597

*This email originated outside of the American Arbitration Association. Use caution before opening attachments and/or clicking on links.*

Ms. Parra,

Attached please find correspondence from Mr. Selbin regarding this matter.

Thank you,

Kevin R. Budner
Lieff Cabraser Heimann & Bernstein, LLP

**From:** SophiaParra@adr.org [mailto:SophiaParra@adr.org]
**Sent:** Monday, June 11, 2018 11:45 AM
**To:** wstern@mofo.com; Selbin, Jonathan D.; Budner, Kevin R.
**Subject:** Kate McLellan v. Fitbit, Inc. - Case 01-18-0001-3597

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.