1    WILLIAM L. STERN (CA SBN 96105)
     WStern@mofo.com
2    MORRISON & FOERSTER LLP
     425 Market Street
3    San Francisco, California  94105
     Telephone:  415.268.7000
4
     ERIN M. BOSMAN (CA SBN 204987)
5    EBosman@mofo.com
     JULIE Y. PARK (CA SBN 259929)
6    JuliePark@mofo.com
     KAI S. BARTOLOMEO (CA SBN 264033)
7    KBartolomeo@mofo.com
     MORRISON & FOERSTER LLP
8    12531 High Bluff Drive
     San Diego, California  92130-2040
9    Telephone:  858.720.5100
     Facsimile:   858.720.5125
10
     Attorneys for Defendant
11   FITBIT, INC.

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14   ROB DUNN, Individually and on Behalf of All        Case No. 16-cv-00036-JD; 16-cv-00777-JD
     Others Similarly Situated,
15                                                       **DEFENDANT FITBIT, INC.'S ANSWER
                            Plaintiff,                   TO PLAINTIFF'S THIRD AMENDED
16                                                       CONSOLIDATED MASTER CLASS
            v.                                           ACTION COMPLAINT**
17
     FITBIT, INC.,                                       Crtrm: 11, 19th Floor
18
                            Defendant.                   The Honorable James Donato
19

20

21

22

23

24

25

26

27

28

1    Defendant Fitbit, Inc. ("Fitbit") hereby submits its answer to the Third Amended

2    Consolidated Master Class Action Complaint ("Complaint") filed June 19, 2018, by Plaintiff Rob

3    Dunn ("Plaintiff") as follows:

4    1.    To the extent any of the allegations in paragraph 1 purport to summarize or state

5    the contents of Fitbit's advertising, marketing, or commercials, those materials speak for

6    themselves and are the best evidence of their contents.  Fitbit admits that the Charge HR$^{TM}$,

7    Surge$^{TM}$, and Blaze$^{TM}$ use PurePulse$^{TM}$ technology.  Fitbit denies the remaining allegations in

8    paragraph 1 of the Complaint.

9    2.    To the extent any of the allegations in paragraph 2, including footnote 1, purport to

10   summarize or state the contents of Fitbit's advertising, marketing, or commercials, those materials

11   speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining

12   allegations in paragraph 2.

13   3.    Fitbit does not have knowledge or information sufficient to form a belief as to the

14   truth of Plaintiff's allegations regarding Plaintiff's personal observations, or the observations of

15   unnamed consumers, in paragraph 3 and therefore denies them.  Fitbit denies the remaining

16   allegations in paragraph 3 of the Complaint.

17   4.    To the extent that any of the allegations in paragraph 4 purport to summarize or

18   state the contents of other documents, those documents speak for themselves and are the best

19   evidence of their contents.  Fitbit does not have knowledge or information sufficient to form a

20   belief as to the truth of the contents of the documents listed in paragraph 4 and therefore denies

21   those allegations.  Fitbit denies the remaining allegations in paragraph 4 of the complaint.

22   5.    To the extent any of the allegations in paragraph 5 purport to summarize or state

23   the contents of Fitbit's advertising, marketing, or commercials, those materials speak for

24   themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in

25   paragraph 5 of the Complaint.

26   6.    To the extent the allegations in paragraph 6 contain conclusions of law, no

27   response is required.  Fitbit admits that heart rate tracking is a feature of its PurePulse$^{TM}$ trackers.

28   Fitbit does not have knowledge or information sufficient to form a belief as to the truth of

Plaintiff's subjective characterization of the heart rate tracking feature and therefore denies those allegations.  Fitbit denies the remaining allegations in paragraph 6 of the Complaint.

7.      Fitbit admits that Plaintiff opted out of the arbitration clause in Fitbit's Terms of Service and purports to bring his claims on behalf of certain similarly situated consumers.  To the extent the allegations in paragraph 7, including footnote 2, contain conclusions of law, no response is required.  Fitbit denies the remaining allegations in paragraph 7, including footnote 2.

8.      To the extent the allegations in paragraph 8 contain conclusions of law, no response is required.  Fitbit states that, to the extent any of the allegations in paragraph 8 purport to summarize or state the contents of the Court's orders, those orders speak for themselves and are the best evidence of their contents.  Fitbit does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies them.

9.      To the extent the allegations in paragraph 9 contain conclusions of law, no response is required.  Fitbit does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies them.

10.      To the extent the allegations in paragraph 10 contain conclusions of law, no response is required.  Fitbit does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and therefore denies them.

11.      To the extent the allegations in paragraph 11 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit admits that its headquarters are located in San Francisco, California.  Fitbit does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and therefore denies them.

12.      To the extent the allegations in paragraph 12 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit admits that its headquarters are located in San Francisco, California.  Fitbit denies the remaining allegations in paragraph 12 of the Complaint.

Fitbit's Answer to 3rd Amended Consolidated Complaint
Case Nos. 16-cv-00036-JD; 16-cv-00777-JD
sd-720660

2

13.     Fitbit admits that Plaintiff opted out of the arbitration clause in Fitbit's Terms of Service.  To the extent the allegations in paragraph 13 contain conclusions of law, no response is required.  To the extent any of the allegations in paragraph 13 purport to summarize or state the contents of Fitbit's advertising, marketing, or commercials, those materials speak for themselves and are the best evidence of their contents.  Fitbit denies the allegations about the performance of its PurePulse$^{TM}$ devices.  Fitbit does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13, including footnote 3, and therefore denies them.

14.     To the extent the allegations in paragraph 14 contain conclusions of law, no response is required.  To the extent any of the allegations in paragraph 14 purport to summarize or state the contents of the Court's orders, those orders speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 14 of the Complaint.

15.     To the extent the allegations in paragraph 15 contain conclusions of law, no response is required.  Fitbit admits that it is a corporation organized and incorporated under the laws of Delaware, with its headquarters in San Francisco, California.  Fitbit admits that it designs, manufactures, promotes, and sells certain wearable fitness trackers use PurePulse$^{TM}$ technology.  Fitbit denies the remaining allegations in paragraph 15 of the Complaint.

16.     Fitbit admits the allegations in paragraph 16 of the Complaint.

17.     To the extent any of the allegations in paragraph 17, including the image depicted in paragraph 17 or footnote 4, purport to summarize or state the contents of Fitbit's advertising, marketing, commercials, or press releases, those materials speak for themselves and are the best evidence of their contents.  Fitbit does not have knowledge or information sufficient to form a belief as to the allegations regarding the retail price ranges for Charge$^{TM}$, Charge HR$^{TM}$, Surge$^{TM}$, and Blaze$^{TM}$,· and therefore denies them.  Fitbit admits the remaining allegations in paragraph 17 of the Complaint, including in footnote 4.

18.     Fitbit admits, on information and belief, that heart rate monitoring can be a beneficial feature for fitness tracker users and that traditional chest strap monitors tended to have

problems with comfort and convenience.  Fitbit does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19.     To the extent any of the allegations in paragraph 19 purport to summarize or state the contents of Fitbit's advertising, marketing, or commercials, those materials speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 19 of the Complaint.

20.     To the extent any of the allegations in paragraph 20 purport to summarize or state the contents of Fitbit's advertising, marketing, or commercials, those materials speak for themselves and are the best evidence of their contents.  Fitbit does not have knowledge or information sufficient to form a belief as to the truth of information from the inoperable website link in paragraph 20, footnote 5, and therefore denies the remaining allegations in paragraph 20 and footnote 5.

21.     To the extent any of the allegations in paragraph 21 purport to summarize or state the contents of Fitbit's advertising, marketing, or commercials, those materials speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 21 of the Complaint.

22.     To the extent any of the allegations in paragraph 22 purport to summarize or state the contents of Fitbit's advertising, marketing, or commercials, those materials speak for themselves and are the best evidence of their contents.  Fitbit does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies them.

23.     To the extent any of the allegations in paragraph 23 purport to summarize or state the contents of Fitbit's advertising, marketing, or commercials, those materials speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 23 of the Complaint.

24.     To the extent any of the allegations in paragraph 24, including the image depicted in paragraph 24, purport to summarize or state the contents of Fitbit's advertising, marketing,

1    commercials, or press releases, those materials speak for themselves and are the best evidence of

2    their contents.  Fitbit denies the remaining allegations in paragraph 24 of the Complaint.

3          25.     To the extent any of the allegations in paragraph 25, including the image depicted

4    in paragraph 25, purport to summarize or state the contents of Fitbit's advertising, marketing,

5    commercials, or press releases, those materials speak for themselves and are the best evidence of

6    their contents.  Fitbit denies the remaining allegations in paragraph 25 of the Complaint.

7          26.     To the extent any of the allegations in paragraph 26, including the image depicted

8    in paragraph 26, purport to summarize or state the contents of Fitbit's advertising, marketing,

9    commercials, or press releases, those materials speak for themselves and are the best evidence of

10   their contents.  Fitbit denies the remaining allegations in paragraph 26 of the Complaint.

11         27.     Fitbit does not have knowledge or information sufficient to form a belief as to the

12   truth of the allegations regarding the content of the image depicted in paragraph 27 and therefore

13   denies them.  To the extent any of the allegations in paragraph 27 purport to summarize or state

14   the contents of Fitbit's advertising, marketing, or commercials, those materials speak for

15   themselves and are the best evidence of their contents.  Fitbit does not have knowledge or

16   information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27

17   and therefore denies them.

18         28.     Fitbit does not have knowledge or information sufficient to form a belief as to the

19   truth of the allegations regarding the content of the image depicted in paragraph 28 and therefore

20   denies them.  To the extent any of the allegations in paragraph 28 purport to summarize or state

21   the contents of Fitbit's advertising, marketing, or commercials, those materials speak for

22   themselves and are the best evidence of their contents.  Fitbit does not have knowledge or

23   information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28

24   and therefore denies them.

25         29.     To the extent any of the allegations in paragraph 29, including footnote 6, purport

26   to summarize or state the contents of Fitbit's advertising, marketing, or commercials, those

27   materials speak for themselves and are the best evidence of their contents.  Fitbit does not have

28

1  knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

2  paragraph 29 and therefore denies them.

3       30.     To the extent any of the allegations in paragraph 30, including the images depicted

4  in paragraph 30, purport to summarize or state the contents of Fitbit's advertising, marketing,

5  commercials, or press releases, those materials speak for themselves and are the best evidence of

6  their contents.  Fitbit denies the remaining allegations in paragraph 30 of the Complaint.

7       31.     To the extent any of the allegations in paragraph 31, including the images depicted

8  in paragraph 31, purport to summarize or state the contents of Fitbit's advertising, marketing,

9  commercials, or press releases, those materials speak for themselves and are the best evidence of

10 their contents.  Fitbit denies the remaining allegations in paragraph 31 of the Complaint.

11      32.     To the extent any of the allegations in paragraph 32, including the images depicted

12 in paragraph 32, purport to summarize or state the contents of Fitbit's advertising, marketing,

13 commercials, or press releases, those materials speak for themselves and are the best evidence of

14 their contents.  Fitbit denies the remaining allegations in paragraph 32 of the Complaint.

15      33.     To the extent any of the allegations in paragraph 33 purport to summarize or state

16 the contents of Fitbit's advertising, marketing, commercials, or packaging, those materials speak

17 for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations

18 in paragraph 33 of the Complaint.

19      34.     Fitbit denies the allegations in paragraph 34 of the Complaint.

20      35.     Fitbit does not have knowledge or information sufficient to form a belief as to the

21 truth of the allegations in paragraph 35 and therefore denies them.

22      36.     Fitbit does not have knowledge or information sufficient to form a belief as to the

23 truth of the allegations in paragraph 36 and therefore denies them.

24      37.     Fitbit does not have knowledge or information sufficient to form a belief as to the

25 truth of the allegations in paragraph 37 and therefore denies them.

26      38.     Fitbit does not have knowledge or information sufficient to form a belief as to the

27 truth of the allegations in paragraph 38 and therefore denies them.

28

1    39.    Fitbit denies the allegations regarding the performance or value of its PurePulse™

2    trackers.  Fitbit does not have knowledge or information sufficient to form a belief as to the truth

3    of the remaining allegations in paragraph 39 and therefore denies them.

4    40.    To the extent that the allegations in paragraph 40 purport to summarize or state the

5    contents of other documents, those documents speak for themselves and are the best evidence of

6    their contents.  Fitbit does not have knowledge or information sufficient to form a belief as to the

7    truth of the remaining allegations in paragraph 40 and therefore denies them.

8    41.    To the extent that any of the allegations in paragraph 41 purport to summarize or

9    state the contents of other documents, those documents speak for themselves and are the best

10   evidence of their contents.  Fitbit does not have knowledge or information sufficient to form a

11   belief as to the truth of the allegations in paragraph 41 about the actions of Plaintiff's counsel and

12   therefore denies them.  Fitbit denies the remaining allegations in paragraph 41 of the Complaint.

13   42.    To the extent that any of the allegations in paragraph 42 purport to summarize or

14   state the contents of other documents, those documents speak for themselves and are the best

15   evidence of their contents.  Fitbit denies the remaining allegations in paragraph 42 of the

16   Complaint.

17   43.    To the extent that any of the allegations in paragraph 43 purport to summarize or

18   state the contents of other documents, those documents speak for themselves and are the best

19   evidence of their contents.  Fitbit denies the remaining allegations in paragraph 43 of the

20   Complaint.

21   44.    To the extent that any of the allegations in paragraph 44 purport to summarize or

22   state the contents of other documents, those documents speak for themselves and are the best

23   evidence of their contents.  Fitbit denies the remaining allegations in paragraph 44 of the

24   Complaint.

25   45.    To the extent that any of the allegations in paragraph 45 purport to summarize or

26   state the contents of other documents, those documents speak for themselves and are the best

27   evidence of their contents.  Fitbit denies the remaining allegations in paragraph 45 of the

28   Complaint.

46.     To the extent that any of the allegations in paragraph 46 purport to summarize or state the contents of other documents, those documents speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 46 of the Complaint.

47.     To the extent that any of the allegations in paragraph 47 purport to summarize or state the contents of other documents, those documents speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 47 of the Complaint.

48.     To the extent that any of the allegations in paragraph 48 purport to summarize or state the contents of other documents, those documents speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 48 of the Complaint.

49.     To the extent that any of the allegations in paragraph 49 purport to summarize or state the contents of other documents, those documents speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 49 of the Complaint.

50.     To the extent that any of the allegations in paragraph 50, including footnotes 7 and 8, purport to summarize or state the contents of other documents, those documents speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 50 of the Complaint.

**B.      Third-Party, Independent Media Reviews Also Confirm Fitbit's Failures.**

51.     To the extent that any of the allegations in paragraph 51, including footnotes 9, 10, and 11, purport to summarize or state the contents of other documents, those documents speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 51 of the Complaint.

52.     To the extent that any of the allegations in paragraph 52, including footnote 12, purport to summarize or state the contents of other documents, those documents speak for

themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 52 of the Complaint.

53.     To the extent that any of the allegations in paragraph 53, including footnote 13, purport to summarize or state the contents of other documents, those documents speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 53 of the Complaint.

54.     To the extent that any of the allegations in paragraph 54 purport to summarize or state the contents of other documents, those documents speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 54 of the Complaint.

55.     To the extent that any of the allegations in paragraph 55 purport to summarize or state the contents of other documents, those documents speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 55 of the Complaint.

56.     To the extent that any of the allegations in paragraph 56 purport to summarize or state the contents of other documents, those documents speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 56 of the Complaint.

57.     To the extent that any of the allegations in paragraph 57, including footnote 14, purport to summarize or state the contents of other documents, including Fitbit's public statements or press releases, those documents speak for themselves and are the best evidence of their contents.  Fitbit admits that it has performed and continues to perform internal studies validating its devices' performance.  Fitbit denies the remaining allegations in paragraph 57 of the Complaint.

58.     To the extent that any of the allegations in paragraph 58, including footnote 15, purport to summarize or state the contents of other documents, those documents speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 58 of the Complaint.

59.     To the extent that any of the allegations in paragraph 59, including footnote 16, purport to summarize or state the contents of other documents, including Fitbit's public-facing website, those documents speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 59 of the Complaint.

60.     To the extent that any of the allegations in paragraph 60, including footnote 17, purport to summarize or state the contents of other documents, including Fitbit's public-facing website, those documents speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 60 of the Complaint.

61.     To the extent that any of the allegations in paragraph 61, including footnote 18, purport to summarize or state the contents of other documents, including Fitbit's public-facing website, public statements, and press releases, those documents speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 61 of the Complaint.

62.     To the extent that any of the allegations in paragraph 62 purport to summarize or state the contents of other documents, including Fitbit's public-facing website, those documents speak for themselves and are the best evidence of their contents.  To the extent the allegations in paragraph 62 contain conclusions of law, no response is required.  Fitbit denies the remaining allegations in paragraph 62 of the Complaint.

63.     To the extent that any of the allegations in paragraph 63 purport to summarize or state the contents of other documents, including Fitbit's public-facing website, public statements, earnings call statements, and press releases, those documents speak for themselves and are the best evidence of their contents.  Fitbit denies the remaining allegations in paragraph 63 of the Complaint.

64.     Fitbit denies the allegations in paragraph 64 of the Complaint.

65.     Fitbit denies the allegations in paragraph 65 of the Complaint.

## **CLASS ACTION ALLEGATIONS**

66.     Fitbit admits that Plaintiff purports to bring this action on behalf of himself and similarly situated consumers who opted out of the arbitration clause in Fitbit's Terms of Service.

1   To the extent the allegations in paragraph 66 contain conclusions of law, no response is required.

2   Fitbit denies that certification of such class is appropriate or warranted in this case.  Fitbit denies

3   the remaining allegations in paragraph 66 of the Complaint.

4          67.     Fitbit admits that Plaintiff purports to sue on behalf of a "Nationwide Class" that

5   consists of "[a]ll persons or entities in the United States who purchased a Fitbit PurePulse

6   Tracker, as defined herein, and who opted out of the arbitration clause contained in Fitbit's Terms

7   of Service."  To the extent the allegations in paragraph 67 contain conclusions of law, no

8   response is required.  Fitbit denies that certification of such class is appropriate or warranted in

9   this case.  Fitbit denies the remaining allegations in paragraph 67 of the Complaint.

10         68.     Fitbit admits that Plaintiff purports to sue on behalf of an "Arizona Subclass" that

11  consists of "[a]ll persons or entities in Arizona who purchased a Fitbit PurePulse Tracker, as

12  defined herein, and who opted out of the arbitration clause contained in Fitbit's Terms of

13  Service."  To the extent the allegations in paragraph 68 contain conclusions of law, no response is

14  required.  Fitbit denies that certification of such class is appropriate or warranted in this case.

15  Fitbit denies the remaining allegations in paragraph 68 of the Complaint.

16         69.     To the extent the allegations in paragraph 69 contain conclusions of law, no

17  response is required.  Fitbit denies the remaining allegations in paragraph 69 of the Complaint.

18         70.     To the extent the allegations in paragraph 70 contain conclusions of law, no

19  response is required.  Fitbit denies the remaining allegations in paragraph 70 of the Complaint.

20         71.     To the extent the allegations in paragraph 71 contain conclusions of law, no

21  response is required.  Fitbit denies the remaining allegations in paragraph 71 of the Complaint.

22         72.     To the extent the allegations in paragraph 72 contain conclusions of law, no

23  response is required.  Fitbit denies the remaining allegations in paragraph 72 of the Complaint.

24         73.     To the extent the allegations in paragraph 73 contain conclusions of law, no

25  response is required.  Fitbit denies the remaining allegations in paragraph 73 of the Complaint.

26         74.     To the extent the allegations in paragraph 74 contain conclusions of law, no

27  response is required.  Fitbit denies the remaining allegations in paragraph 74 of the Complaint.

28

75.     To the extent the allegations in paragraph 75 contain conclusions of law, no response is required.  Fitbit denies the remaining allegations in paragraph 75 of the Complaint.

76.     To the extent the allegations in paragraph 76 contain conclusions of law, no response is required.  Fitbit denies the remaining allegations in paragraph 76 of the Complaint.

77.     To the extent the allegations in paragraph 77 contain conclusions of law, no response is required.  Fitbit denies the remaining allegations in paragraph 77 of the Complaint.

78.     To the extent the allegations in paragraph 78 contain conclusions of law, no response is required.  Fitbit denies the remaining allegations in paragraph 78 of the Complaint.

79.     To the extent the allegations in paragraph 79 contain conclusions of law, no response is required.  Fitbit denies the remaining allegations in paragraph 79 of the Complaint.

80.     To the extent the allegations in paragraph 80 contain conclusions of law, no response is required.  Fitbit denies the remaining allegations in paragraph 80 of the Complaint.

81.     To the extent the allegations in paragraph 81 contain conclusions of law, no response is required.  To the extent a responses is required, Fitbit admits that this Complaint was filed in California.  Fitbit does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81 and therefore denies them.

82.     To the extent the allegations in paragraph 82 contain conclusions of law, no response is required.  Fitbit does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82 and therefore denies them.

83.     To the extent the allegations in paragraph 83 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit admits that its headquarters are located in San Francisco, California.  Fitbit does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83 and therefore denies them.

84.     To the extent the allegations in paragraph 84 contain conclusions of law, no response is required.  To the extent that any of the allegations in paragraph 84 purport to summarize or state the contents of other documents, including Fitbit's Terms of Service, those documents speak for themselves and are the best evidence of their contents.  Fitbit does not have

Fitbit's Answer to 3rd Amended Consolidated Complaint
Case Nos. 16-cv-00036-JD; 16-cv-00777-JD
sd-720660

12

1  knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

2  paragraph 84 and therefore denies them.

3      85.    Fitbit re-alleges and incorporates by reference each and every preceding paragraph

4  of this Answer as if fully set forth herein.

5      86.    Fitbit admits that Plaintiff purports to bring this claim on behalf of his proposed

6  "Nationwide Class" and seeks "injunctive relief as well as monetary damages against Fitbit under

7  California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq." To the

8  extent the allegations in paragraph 86 contain conclusions of law, no response is required. Fitbit

9  denies that Plaintiff is entitled to any of the relief he seeks and denies the remaining allegations in

10  paragraph 86 of the Complaint.

11      87.    To the extent the allegations in paragraph 87 contain conclusions of law, no

12  response is required. To the extent a response is required, Fitbit does not have knowledge or

13  information sufficient to form a belief as to the truth of the allegations in paragraph 87 and

14  therefore denies them.

15      88.    To the extent the allegations in paragraph 88 contain conclusions of law, no

16  response is required. To the extent a response is required, Fitbit does not have knowledge or

17  information sufficient to form a belief as to the truth of the allegations in paragraph 88 and

18  therefore denies them.

19      89.    To the extent the allegations in paragraph 89 contain conclusions of law, no

20  response is required. To the extent a response is required, Fitbit does not have knowledge or

21  information sufficient to form a belief as to the truth of the allegations in paragraph 89 and

22  therefore denies them.

23      90.    To the extent the allegations in paragraph 90 contain conclusions of law, no

24  response is required. To the extent a response is required, Fitbit denies the allegations in

25  paragraph 90 of the Complaint.

26      91.    To the extent the allegations in paragraph 91 contain conclusions of law, no

27  response is required. To the extent a response is required, Fitbit denies the allegations in

28  paragraph 91 of the Complaint.

92.     To the extent the allegations in paragraph 92 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 92 of the Complaint.

93.     To the extent the allegations in paragraph 93 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 93 of the Complaint.

94.     To the extent the allegations in paragraph 94 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 94 of the Complaint.

95.     To the extent the allegations in paragraph 95 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 95 of the Complaint.

96.     To the extent the allegations in paragraph 96 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 96 of the Complaint.

97.     To the extent the allegations in paragraph 97 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 97 of the Complaint.

98.     To the extent the allegations in paragraph 98 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 98 of the Complaint and denies that Plaintiff and putative class members are entitled to the relief sought.

99.     To the extent the allegations in paragraph 99 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 99 of the Complaint and denies that Plaintiff and putative class members are entitled to the relief sought.

100.    To the extent the allegations in paragraph 100 contain conclusions of law, no response is required.  To the extent any of the allegations in paragraph 100 purport to summarize

1   or state the contents of documents, those documents speak for themselves and are the best

2   evidence of their contents.  Fitbit denies the remaining allegations in paragraph 100 of the

3   Complaint and denies that Plaintiff and putative class members are entitled to the relief sought.

4        101.   Fitbit re-alleges and incorporates by reference each and every preceding paragraph

5   of this Answer as if fully set forth herein.

6        102.   Fitbit admits that Plaintiff purports to bring this claim on behalf of himself and his

7   proposed "Nationwide Class."  To the extent the allegations in paragraph 102 contain conclusions

8   of law, no response is required.  Fitbit denies the remaining allegations in paragraph 102 of the

9   Complaint.

10       103.   To the extent the allegations in paragraph 103 contain conclusions of law, no

11  response is required.  To the extent a response is required, Fitbit denies the allegations in

12  paragraph 103 of the Complaint.

13       104.   To the extent the allegations in paragraph 104 contain conclusions of law, no

14  response is required.  To the extent a response is required, Fitbit denies the allegations in

15  paragraph 104 of the Complaint.

16       105.   To the extent the allegations in paragraph 105 contain conclusions of law, no

17  response is required.  To the extent a response is required, Fitbit denies the allegations in

18  paragraph 105 of the Complaint.

19       106.   To the extent the allegations in paragraph 106 contain conclusions of law, no

20  response is required.  To the extent a response is required, Fitbit denies the allegations in

21  paragraph 106 of the Complaint.

22       107.   To the extent the allegations in paragraph 107 contain conclusions of law, no

23  response is required.  To the extent a response is required, Fitbit denies the allegations in

24  paragraph 107 of the Complaint.

25       108.   To the extent the allegations in paragraph 108 contain conclusions of law, no

26  response is required.  To the extent a response is required, Fitbit denies the allegations in

27  paragraph 108 of the Complaint and denies that Plaintiff and putative class members are entitled

28  to the relief sought.

1      109.    Fitbit re-alleges and incorporates by reference each and every preceding paragraph

2  of this Answer as if fully set forth herein.

3      110.    Fitbit admits that Plaintiff purports to bring this claim on behalf of himself and his

4  proposed "Nationwide Class." To the extent the allegations in paragraph 110 contain conclusions

5  of law, no response is required. Fitbit denies the remaining allegations in paragraph 110 of the

6  Complaint.

7      111.    To the extent the allegations in paragraph 111 contain conclusions of law, no

8  response is required. To the extent a response is required, Fitbit denies the allegations in

9  paragraph 111 of the Complaint.

10      112.    To the extent the allegations in paragraph 112 contain conclusions of law, no

11  response is required. To the extent a response is required, Fitbit denies the allegations in

12  paragraph 112 of the Complaint.

13      113.    To the extent the allegations in paragraph 113 contain conclusions of law, no

14  response is required. To the extent a response is required, Fitbit denies the allegations in

15  paragraph 113 of the Complaint.

16      114.    To the extent the allegations in paragraph 114 contain conclusions of law, no

17  response is required. To the extent a response is required, Fitbit denies the allegations in

18  paragraph 114 of the Complaint.

19      115.    To the extent the allegations in paragraph 115 contain conclusions of law, no

20  response is required. To the extent a response is required, Fitbit denies the allegations in

21  paragraph 115 of the Complaint.

22      116.    To the extent the allegations in paragraph 116 contain conclusions of law, no

23  response is required. To the extent a response is required, Fitbit denies the allegations in

24  paragraph 116 of the Complaint.

25      117.    To the extent the allegations in paragraph 117 contain conclusions of law, no

26  response is required. To the extent a response is required, Fitbit denies the allegations in

27  paragraph 117 of the Complaint.

28

118.    To the extent the allegations in paragraph 118 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 118 of the Complaint and denies that Plaintiff and putative class members are entitled to the relief sought.

119.    To the extent the allegations in paragraph 119 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 119 of the Complaint and denies that Plaintiff and putative class members are entitled to the relief sought.

120.    Fitbit re-alleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

121.    Fitbit admits that Plaintiff purports to bring this claim on behalf of himself and his proposed "Nationwide Class."  To the extent the allegations in paragraph 121 contain conclusions of law, no response is required.  Fitbit denies the remaining allegations in paragraph 121 of the Complaint.

122.    To the extent the allegations in paragraph 122 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 122 of the Complaint.

123.    To the extent the allegations in paragraph 123 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 123 of the Complaint.

124.    To the extent the allegations in paragraph 124 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 124 of the Complaint.

125.    To the extent the allegations in paragraph 125 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 125 of the Complaint.

126.     To the extent the allegations in paragraph 126 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 126 of the Complaint.

127.     To the extent the allegations in paragraph 127 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 127 of the Complaint.

128.     To the extent the allegations in paragraph 128 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 128 of the Complaint.

129.     To the extent the allegations in paragraph 129 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 129 of the Complaint.

130.     To the extent the allegations in paragraph 130 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 130 of the Complaint.

131.     To the extent the allegations in paragraph 131 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 131 of the Complaint.

132.     To the extent the allegations in paragraph 132 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 132 of the Complaint.

133.     To the extent the allegations in paragraph 133 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 133 of the Complaint.

134.     To the extent the allegations in paragraph 134 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 134 of the Complaint and denies that Plaintiff and putative class members are entitled to the relief sought.

135.     Fitbit re-alleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

136.     Fitbit admits that Plaintiff purports to bring this claim on behalf of himself and his proposed "Nationwide Class."  To the extent the allegations in paragraph 136 contain conclusions of law, no response is required.  Fitbit denies the remaining allegations in paragraph 136 of the Complaint.

137.     To the extent the allegations in paragraph 137 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 137 of the Complaint.

138.     To the extent the allegations in paragraph 138 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 138 of the Complaint.

139.     To the extent the allegations in paragraph 139 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 139 of the Complaint.

140.     To the extent the allegations in paragraph 140 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 140 of the Complaint.

141.     To the extent the allegations in paragraph 141 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 141 of the Complaint.

142.     To the extent the allegations in paragraph 142 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 142 of the Complaint.

143.     To the extent the allegations in paragraph 143 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 143 of the Complaint.

144.    To the extent the allegations in paragraph 144 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 144 of the Complaint and denies that Plaintiff and putative class members are entitled to the relief sought.

145.    Fitbit re-alleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

146.    Fitbit admits that Plaintiff purports to bring this claim on behalf of himself and his proposed "Nationwide Class."  To the extent the allegations in paragraph 146 contain conclusions of law, no response is required.  Fitbit denies the remaining allegations in paragraph 146 of the Complaint.

147.    To the extent the allegations in paragraph 147 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 147 of the Complaint.

148.    To the extent any of the allegations in paragraph 148 purport to summarize or state the contents of documents, including Fitbit's marketing, advertising, commercials, or marketing materials, those documents speak for themselves and are the best evidence of their contents. Fitbit denies the remaining allegations in paragraph 148 of the Complaint.

149.    To the extent the allegations in paragraph 149 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 149 of the Complaint.

150.    To the extent the allegations in paragraph 150 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 150 of the Complaint.

151.    To the extent the allegations in paragraph 151 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 151 of the Complaint.

1    152.    To the extent the allegations in paragraph 152 contain conclusions of law, no

2    response is required.  Fitbit denies the remaining allegations in paragraph 152 of the Complaint

3    and denies that Plaintiff and putative class members are entitled to the relief sought.

4    153.    Fitbit re-alleges and incorporates by reference each and every preceding paragraph

5    of this Answer as if fully set forth herein.

6    154.    Fitbit admits that Plaintiff purports to bring this claim on behalf of himself and his

7    proposed "Nationwide Class."  To the extent the allegations in paragraph 154 contain conclusions

8    of law, no response is required.  Fitbit denies the remaining allegations in paragraph 154 of the

9    Complaint.

10    155.    To the extent the allegations in paragraph 155 contain conclusions of law, no

11    response is required.  To the extent a response is required, Fitbit denies the allegations in

12    paragraph 155 of the Complaint.

13    156.    To the extent the allegations in paragraph 156 contain conclusions of law, no

14    response is required.  To the extent a response is required, Fitbit denies the allegations in

15    paragraph 156 of the Complaint.

16    157.    To the extent the allegations in paragraph 157 contain conclusions of law, no

17    response is required.  To the extent a response is required, Fitbit denies the allegations in

18    paragraph 157 of the Complaint.

19    158.    To the extent the allegations in paragraph 158 contain conclusions of law, no

20    response is required.  To the extent a response is required, Fitbit denies the allegations in

21    paragraph 158 of the Complaint.

22    159.    To the extent the allegations in paragraph 159 contain conclusions of law, no

23    response is required.  To the extent a response is required, Fitbit admits that its PurePulse$^{TM}$

24    Trackers worked as intended.  Fitbit denies the remaining allegations in paragraph 159 of the

25    Complaint.

26    160.    To the extent the allegations in paragraph 160 contain conclusions of law, no

27    response is required.  To the extent a response is required, Fitbit denies the allegations in

28    paragraph 160 of the Complaint.

1      161.    To the extent the allegations in paragraph 161 contain conclusions of law, no

2  response is required.  To the extent a response is required, Fitbit denies the allegations in

3  paragraph 161 of the Complaint.

4      162.    To the extent the allegations in paragraph 162 contain conclusions of law, no

5  response is required.  To the extent a response is required, Fitbit denies the allegations in

6  paragraph 162 of the Complaint.

7      163.    To the extent the allegations in paragraph 163 contain conclusions of law, no

8  response is required.  To the extent a response is required, Fitbit denies the allegations in

9  paragraph 163 of the Complaint.

10     164.    To the extent the allegations in paragraph 164 contain conclusions of law, no

11  response is required.  To the extent a response is required, Fitbit denies the allegations in

12  paragraph 164 of the Complaint.

13     165.    To the extent the allegations in paragraph 165 contain conclusions of law, no

14  response is required.  To the extent any of the allegations in paragraph 165 purport to summarize

15  or state the contents of documents, those documents speak for themselves and are the best

16  evidence of their contents.  To the extent a response is required, Fitbit denies the allegations in

17  paragraph 165 of the Complaint.

18     166.    To the extent the allegations in paragraph 166 contain conclusions of law, no

19  response is required.  To the extent a response is required, Fitbit denies the allegations in

20  paragraph 166 of the Complaint and denies that Plaintiff and putative class members are entitled

21  to the relief sought.

22     167.    To the extent the allegations in paragraph 167 contain conclusions of law, no

23  response is required.  To the extent a response is required, Fitbit denies the allegations in

24  paragraph 167 of the Complaint and denies that Plaintiff and putative class members are entitled

25  to the relief sought.

26     168.    To the extent the allegations in paragraph 168 contain conclusions of law, no

27  response is required.  To the extent a response is required, Fitbit denies the allegations in

28

1  paragraph 168 of the Complaint and denies that Plaintiff and putative class members are entitled

2  to the relief sought.

3     169.   Fitbit re-alleges and incorporates by reference each and every preceding paragraph

4  of this Answer as if fully set forth herein.

5     170.   Fitbit admits that Plaintiff purports to bring this claim on behalf of himself and his

6  proposed "Arizona Subclass."  To the extent the allegations in paragraph 170 contain conclusions

7  of law, no response is required.  Fitbit denies the remaining allegations in paragraph 170 of the

8  Complaint.

9     171.   To the extent the allegations in paragraph 171 contain conclusions of law, no

10  response is required.  To the extent a response is required, Fitbit does not have knowledge or

11  information sufficient to form a belief as to the truth of the allegations in paragraph 171 and

12  therefore denies them.

13     172.   To the extent the allegations in paragraph 172 contain conclusions of law, no

14  response is required.  To the extent a response is required, Fitbit does not have knowledge or

15  information sufficient to form a belief as to the truth of the allegations in paragraph 172 and

16  therefore denies them.

17     173.   To the extent the allegations in paragraph 173 contain conclusions of law, no

18  response is required.  To the extent a response is required, Fitbit denies the allegations in

19  paragraph 173 of the Complaint.

20     174.   To the extent the allegations in paragraph 174 contain conclusions of law, no

21  response is required.  To the extent a response is required, Fitbit denies the allegations in

22  paragraph 174 of the Complaint.

23     175.   To the extent the allegations in paragraph 175 contain conclusions of law, no

24  response is required.  To the extent a response is required, Fitbit denies the allegations in

25  paragraph 175 of the Complaint.

26     176.   To the extent the allegations in paragraph 176 contain conclusions of law, no

27  response is required.  To the extent a response is required, Fitbit denies the allegations in

28  paragraph 176 of the Complaint.

177.     To the extent the allegations in paragraph 177 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 177 of the Complaint.

178.     To the extent the allegations in paragraph 178 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 178 of the Complaint.

179.     To the extent the allegations in paragraph 179 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 179 of the Complaint.

180.     To the extent the allegations in paragraph 180 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 180 of the Complaint.

181.     To the extent the allegations in paragraph 181 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 181 of the Complaint.

182.     To the extent the allegations in paragraph 182 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 182 of the Complaint.

183.     To the extent the allegations in paragraph 183 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 183 of the Complaint and denies that Plaintiff and putative class members are entitled to the relief sought.

184.     To the extent the allegations in paragraph 184 contain conclusions of law, no response is required.  To the extent a response is required, Fitbit denies the allegations in paragraph 184 of the Complaint and denies that Plaintiff and putative class members are entitled to the relief sought.

## **GENERAL DENIAL**

185.     Fitbit denies each and every allegation in the Complaint, including Exhibits 1

1    through 3 thereto, not expressly admitted herein.

2       186.    Fitbit denies that it is liable to Plaintiff on any basis or in any amount and denies

3    that Plaintiff is entitled to any of the relief he requests in his Prayer for Relief.

4                              **AFFIRMATIVE DEFENSES**

5       Fitbit has not completed its investigation of the facts of this case, has not completed

6    discovery in this matter, and has not completed preparation for trial.  The affirmative defenses

7    asserted herein are based on Fitbit's knowledge, information, and belief at this time, and Fitbit

8    specifically reserves the right to modify, amend, or supplement any affirmative defenses

9    contained herein at any time.  Fitbit reserves the right to assert additional defenses as information

10   is gathered through discovery and investigation.  In asserting these defenses, Fitbit does not allege

11   or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and

12   does not assume the burden of proof and/or persuasion with respect to any matter as to which

13   Plaintiff has the burden of proof or persuasion.

14       Subject to the preceding qualifications, Fitbit alleges the following additional separate and

15   affirmative defenses to the Complaint:

16                          **FIRST AFFIRMATIVE DEFENSE**

17                          **(Failure to State a Cause of Action)**

18       The Complaint, and each and every purported cause of action contained therein, fails to

19   state facts sufficient to constitute a cause of action against Fitbit.

20                         **SECOND AFFIRMATIVE DEFENSE**

21                                  **(Standing)**

22       The Complaint, and each and every purported cause of action contained therein, is barred

23   to the extent Plaintiff lacks standing to assert these claims.

24                          **THIRD AFFIRMATIVE DEFENSE**

25                                 **(Compliance)**

26       The Complaint, and each of its purported causes of action, should be dismissed because

27   the products at issue fully comply with the applicable regulations, standards, and policies.

28

1

## FOURTH AFFIRMATIVE DEFENSE

2

### (Non-Actionable Statements)

3   The Complaint is barred, in whole or in part, because the statements challenged constitute

4   statements that are not actionable.

5

## FIFTH AFFIRMATIVE DEFENSE

6

### (Failure to Notify)

7   Plaintiff's claims are barred to the extent he failed to notify Fitbit of any purported breach

8   of warranty after Plaintiff knew of should have known of any purported defect, and/or of his

9   commencement of an action against Fitbit, and to the extent Plaintiff failed to notify Fitbit in

10  accordance with California's and Arizona's consumer protection statutes.

11

## SIXTH AFFIRMATIVE DEFENSE

12

### (Warranties Were Disclaimed or Limited)

13  Plaintiff's claims are barred as Fitbit expressly disclaimed or limited any express warranty

14  and any implied warranty that may have been in existence or otherwise been created.

15

## SEVENTH AFFIRMATIVE DEFENSE

16

### (Waiver)

17  Plaintiff is barred from recovery, in whole or in part, by the doctrine of waiver.

18

## EIGHTH AFFIRMATIVE DEFENSE

19

### (Estoppel)

20  Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

21

## NINTH AFFIRMATIVE DEFENSE

22

### (Performance of Duties)

23  Fitbit has fully performed any and all contractual and other duties, if any, owed to

24  Plaintiff, and thus, Plaintiff is estopped to assert any cause of action against Fitbit.

25

## TENTH AFFIRMATIVE DEFENSE

26

### (No Damage to Plaintiff)

27  The relief sought in the Complaint is barred, in whole or in part, because Plaintiff has not

28  suffered any damages or harm.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

Plaintiff is barred from recovery because there is no actual, factual, legal, or proximate causal connection between Plaintiff's alleged injuries or damages, if any, and any act or omission by Fitbit.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unforeseeable, Intervening, and/or Superseding Conditions)**

Plaintiff's damages, if any, were proximately caused by unforeseeable, independent, intervening, and/or superseding events beyond the control of and unrelated to any acts, conduct, or omissions of Fitbit or by any person or entity for which Fitbit may be responsible.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

The damages suffered by Plaintiff, if any, were caused by the acts, omissions, culpable conduct, faults, and/or negligence of parties, persons, corporations or entities other than Fitbit, and the liability of Fitbit, if any, is limited in direct proportion to the percentage of fault actually attributable to Fitbit.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

To the extent that Plaintiff and the putative class members allege that they suffered injury or damage, which Fitbit denies, Plaintiff's Complaint is barred because Plaintiff and the putative class members voluntarily assumed the risk of the conduct, events, and matters alleged in the Complaint, and any injury or damage sustained by Plaintiff and the putative class members was the proximate result of the risks so assumed.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Indemnification and/or Contribution)**

While denying liability on its part, in the event Fitbit is adjudged liable for any losses, damages, or injuries to Plaintiff, Fitbit hereby asserts that any such losses, damages, or injuries were caused by the wrongful acts of parties, persons, corporations, or entities other than Fitbit and

that Fitbit is entitled to indemnification and/or contribution from such parties, persons, corporations, or entities.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Offset)

Any claims for damages or other monetary recovery by Plaintiff must be offset and reduced by the value received.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

Fitbit alleges on information and belief that Plaintiff had, and continues to have, the ability and opportunity to mitigate the damages alleged in the Complaint and has failed to act reasonably to mitigate such damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Accord and Satisfaction)

The claims of some or all putative class members are barred by the doctrine of accord and satisfaction to the extent they sought and received a refund of their purchase price.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (No Intentional Conduct)

Fitbit did not act intentionally to prevent Plaintiff from acquiring any material information related to any purchase transaction.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Limitation of Remedies)

Plaintiff's claims are barred in whole or in part by the doctrine of limitations of remedies.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Full Disclosure)

Fitbit did not conceal any information from Plaintiff or mislead Plaintiff regarding any matter whatsoever.

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2

### (Spoliation)

3      To the extent there has been destruction of the product complained of or destruction of

4   any other evidence forming the basis of Plaintiff's claims against Fitbit, Plaintiff's claims should

5   be barred.

6

## TWENTY-THIRD AFFIRMATIVE DEFENSE

7

### (First Amendment)

8      Plaintiff's claims are barred, in whole or in part, because Fitbit's representations relating

9   to its products, if any, were not false or misleading and therefore constitute protected commercial

10  speech under the applicable provisions of the United States Constitution, including the First

11  Amendment.

12

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

13

### (Not in Privity)

14     Plaintiff's claims may be barred to the extent that Plaintiff is not in privity of contract with

15  Fitbit.

16

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

17

### (No Reliance)

18     Plaintiff's claims may be barred to the extent that the language referred to by Plaintiff in

19  the Complaint was not relied upon by Plaintiff as part of the bargain and agreement between the

20  parties.

21

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

22

### (Representations and Warranties Satisfied)

23     If any warranty, guarantee, or other representation with respect to the products involved in

24  this case were made by Fitbit, or implied by law, then each such warranty, guarantee, or

25  representation was fully satisfied.

26

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27

### (Failure to Comply with Conditions Precedent)

28     If any warranty, guarantee, or other representation with respect to the product involved in

1    this case was made by Fitbit, then the claims are barred by reason of the failure to comply with

2    conditions precedent.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Good Faith)

All conduct and activity of Fitbit alleged in the Complaint was in good faith and
conformed to all laws, government regulations, and industry standards based upon the state of
knowledge existing at all relevant times, and accordingly there is no basis for an award of
punitive or exemplary damages against Fitbit.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Attorneys' Fees Barred)

To the extent Plaintiff claims attorney's fees under any statute, Fitbit reserves the right to
assert any and all other defenses to those claims.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (No Basis for Representative Representation)

Plaintiff's claims are barred, in whole or in part, by the Due Process and Equal Protection
Clauses of the Fifth and Fourteenth Amendments under the United States Constitution to the
extent Plaintiff seeks to extrapolate liability, causation, or damages on a class-wide basis, instead
of proving liability, causation, and damages for each individual class member.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Manageability)

Plaintiff's claims are barred because the alleged victims of the alleged unfair practice
cannot be reasonably identified nor is it reliably ascertainable through objective criteria whether
any particular class members suffered reasonably quantifiable loss.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Adequate Remedy at Law)

Plaintiff's claims for equitable relief are barred because Plaintiff has an adequate remedy
at law to recover the damages, if any, alleged to have been sustained by reason of the alleged
causes of action set forth in the Complaint.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

**(State of the Art)**

At all relevant times, the products at issue conformed to the state-of-the-art for design and manufacture of similar products.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(Limitation of Damages)**

Plaintiff's damages, which are denied, are limited by the remedies set forth in written documents relating to the sale of any products to Plaintiff.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(Additional Affirmative Defenses)**

Fitbit reserves the right to assert any and all other defenses pending the outcome of further investigation and discovery in this action.

### PRAYER FOR RELIEF

WHEREFORE, Fitbit prays for judgment as follows:

1.     That Plaintiff takes nothing by way of the Complaint;

2.     That the Court dismiss the Complaint against Fitbit with prejudice;

3.     That Fitbit be awarded its costs of suit incurred in defense of this action; and

4.     For such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Fitbit hereby demands a jury trial for all issues so triable.


Dated:  July 3, 2018                    MORRISON & FOERSTER LLP


                                        By:   /s/Erin M. Bosman
                                              Erin M. Bosman

                                        Attorneys for Defendant
                                        FITBIT, INC.